COURT FOR THE MIDDLE DISTRICT OF PA.

TYRONE MARTIN

VS.                    CASE NUMBER

1. SECRETARY OF CORRECTION
2. KEVIN KAUFFMAN - (SUPER.)
3. TIMOTHY MYERS - C/O          CIVIL COMPLAINT
4. RYAN KANAGY - C/O
5. BRENT DICKSON - C/O T.
6. BRADD FAZENBAKER - C/O          **FILED**
                                   **SCRANTON**
7. SAMUEL BICKEL - C/O
8. KEVIN BARGER - C/O              OCT 13 2016
9. JOHN NEUMANN - (MAILROOM)       PER _____ DEPUTY CLERK
10. SUSAN GAFF - LT
11. MATTHEW MORRISON - C/O
12. MELISSA ROSS - (X-RAY TECH.)
13. WILLIAM DREIBELBIS - MED.

        THIS CIVIL COMPLAINT IS BEING FILED UNDER
42 & US 1983 (STATE OFFICIALS) "DEALING WITH BUT
NOT LIMITED TO, EIGHT AMENDMENT VIOLATIONS, COVER
UP, EXCESSIVE FORCE, RETALIATORY CONDUCT, CRUEL
AND UNUSUAL PUNISHMENT, DELIBERATE INDIFFERENCE."
DC-ADM 803 VIOLATION (ATTORNEY-CLIENT PRIVILEGE)

**I.** PREVIOUS LAWSUITS;
   * IN MARCH OF 2013 (NO. 13-2358) AND IN JUNE OF
   2011 (11-CV-3495) BOTH IN, EASTERN DIST. OF PA.

**II.** EXHAUSTION OF ADMINISTRATIVE REMEDIES;
   A. All AVAILABLE ADMINISTRATIVE REMEDIES HAVE
      BEEN EXHAUSTED, REGARDING EACH - 565802-15,
      566563-15, 613002-16, 616364-16, 626311-16, 2015-
      SMI-00089, 565638-15, All EXHAUSTED. "645905-16
      639912-16" BOTH PENDING FINAL REVIEW.

                      - 1 -

**III DEFENDANTS:**

(1) FIRST DEFENDANT: SECRETARY OF CORRECTIONS
EMPLOYED AS: SUPERVISOR OF ALL DOC PRISONS.
MAILING ADDRESS: 1920 TECHNOLOGY PKWY MECH. PA. 17050

(2) SECOND DEFENDANT: KEVIN KAUFFMAN
EMPLOYED AS: SUPERINTENDANT OF SMITHFIELD, SCI
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT PA. 16652

(3) THIRD DEFENDANT: TIMOTHY MYERS
EMPLOYED AS: CORRECTION OFFICER
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT PA. 16652

(4) FOURTH DEFENDANT: RYAN KANAGY
EMPLOYED AS: CORRECTION OFFICER
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT PA 16652

(5) FIFTH DEFENDANT: BRENT DICKSON
EMPLOYED AS: CORRECTION OFFICER, TRAINEE
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT. PA. 16652

(6) SIXTH DEFENDANT: BRADD FAZENBAKER
EMPLOYED AS: CORRECTION OFFICER
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT. PA. 16652

(7) SEVENTH DEFENDANT: SAMUEL BICKEL
EMPLOYED AS: CORRECTION OFFICER
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT, PA. 16652

(8) EIGHTH DEFENDANT: KEVIN BARGER
EMPLOYED AS: CORRECTION OFFICER
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT, PA. 16652

(9) NINTH DEFENDANT: JOHN NEUMANN
EMPLOYED AS: MAILROOM SUPERVISOR
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT, PA. 16652

(10) TENTH DEFENDANT: SUSAN GAFF
EMPLOYED AS: CORRECTION OFFICER; LIEUTENANT
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT, PA. 16652

(11) ELEVENTH DEFENDANT: MATTHEW MORRISON

EMPLOYED AS: CORRECTION OFFICER
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT. PA. 16652
(12) TWELFTH DEFENDANT: MELISSA ROSS
EMPLOYED AS: X-RAY TECHNICIAN
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT, PA. 16652
(13) THIRTEENTH DEFENDANT: WILLIAM DREIBELBIS
EMPLOYED AS: CHCA (MEDICAL DEPARTMENT)
MAILING ADDRESS: PO BOX 999, 1120 PIKE ST, HUNT, PA. 16652
(14) FOURTEENTH DEFENDANT: CORRECT CARE SOLUTION
EMPLOYED AS: MEDICAL CARE PROVIDER (OUTSIDE COMPANY)
MAILING ADDRESS: 1283 MURFREES BORO ROAD, SUITE 500,
            NASHVILLE, TN 37217

**IV** STATEMENT OF CLAIM:

1) SECRETARY OF CORRECTION REMAIN ATTACHED TO ALL CLAIMS AND FAILED TO PROPERLY INVESTIGATE AND TRAIN ITS EMPLOYEES. FAILING TO REVIEW 5-5-15 VIDEO AND IS RESPONSABLE FOR THE COVER UP ATTEMPT, AT SCI SMITHFIELD WHERE INCIDENT(S) TOOK PLACE.

2) KEVIN KAUFFMAN, IS THE FACILITY MANAGER AT SCI SMITHFIELD AND IS RESPONSIBLE FOR PLAINTIFF'S CARE, CUSTODY AND CONTROL, WHICH MAKES HIM RESPONSIBLE FOR PLAINTIFF'S WELL BEING. HE IS ALSO IN CHARGE OF THOSE ACTIVELY INVOLVED IN USING EXCESSIVE FORCE, INTERCEPTION OF PRIVILEGED COMMUNICATIONS. ECT...

3) TIMOTHY MYERS, IS THE DEFENDANT WHO INITIALLY IMPLEMENTED THE PAIN AND SUFFERING THAT PLAINTIFF SUFFERED, AS HE IGNORED PROTOCOL. SO THAT PLAINTIFF COULD BE "MALICIOUSLY AND SADISTICALLY ASSAULTED FOR THE VERY PURPOSE OF CAUSING HARM". ON 5-5-15

4) RYAN KANAGY, IS THE OFFICER WHO AFTER BEING CALLED AND ARRIVING ON SCENE HE FAILED TO FOLLOW POLICY AND PROTOCOL. ACTING WITH OTHERS PUNCHED,

KICKED CHOKED AND VERBALLY ABUSED PLAINTIFF IN A "MALICIOUS AND SADISTICAL MANNER. CAUSING HARM.

5) BRENT DICKSON, IS THE TRAINEE WHO ALONG WITH OTHER AND LACKING THE PROPER TRAINING. WHILE ON PROBATION, CREATED THE RETALIATORY CONDUCT RESPONSE THAT PLAINTIFF RECEIVED AS DEFENDANTS 3,4,6,7, 8,11, ASSAULTED PLAINTIFF "MALICIOUSLY AND SADISTICALLY.

6) BRADD FAZENBAKER, IS THE ARRIVING DEFENDANT WHO WITHOUT CAUSE JOIN ALONG, PUNCHING, KICKING CHOKING PLAINTIFF ACTING MALICIOUSLY AND BEYOND SADISTICALLY KNOCKING PLAINTIFF UNCONSCIOUS.

7) SAMUEL BICKEL, IS THE ARRIVING DEFENDANT WHO ON 5-5-15 ALONG WITH DEFENDANTS 3,4,5,6,8,11 USED EXCESSIVE FORCE AS HE REMOVED A SHARP OBJECT AND THRUST IT INTO PLANTIFF'S HEAD AND FACE, CREATING TWO HALF INCH HOLES (CUTS). THIS WAS DONE IN A "MALICIOUS AND SADISTIC" WAY.

8) KEVIN BARGER, IS THE DEFENDANT WHO AFTER ARRIVING ON THE SCENE PUNCHED, KICKED AND VERBALLY ASSAULTED PLAINTIFF. THEN ALONG WITH DEFENDANTS 3,6,7 CARRIED PLAINTIFFS UNCONSCIOUS LIMP BODY AWAY SLAMMING PLAINTIFF HEAD INTO EACH DOOR FRAME (STEAL). MALICIOUSLY AND SADISTICALLY.

9) JOHN NEUMANN, IS THE MAIL ROOM SUPERVISOR WHO OVER SEES ALL MAIL. DURING SEVERAL DATES LISTED AND NOT LISTED VIOLATED CLEARLY ESTABLISH POLICY AND FEDERAL LAWS, 9-29-16 (645905-16), 2-8-16 (613-002-16), 3-7-16 (616364-16), 8-22-16 (639912-16) VIOLAT-ING THE ATTORNEY-CLIENT PRIVILEGE.

10) SUSAN GAFF, IS THE DEFENDANT WHO AFTER ARRIVING ON THE SCENE FAILED TO TAKE ACTION AS SHE WATCHED DEFENDANTS 3,4,5,6,7,8 ALL

ASSAULT PLAINTIFF, AS SHE WAS THE HIGHEST RANKING OFFICER (LIEUTENANT) THERE FOR IN CHARGE OF PLAINTIFF'S CARE, CUSTODY AND CONTROL, LEAVING HER JUST AS RESPONSIBLE AS HER ROGUE OFFICERS, WHO ACTED "MALICIOUSLY AND SADISTICALLY", AS THEY PUNCHED, KICKED AND CHOKED PLAINTIFF INTO AN UNCONSC-IOUS STATE.

11) MATTHEW MORRISON, IS THE DEFENDANT WHO AFTER ARRIVING ON THE SCENE ON 5-5-15, JOIN IN WITH DEFENDANTS 3,4,5,6,7,8. WITH OUT CAUSE IN THE ASSAULTING OF PLAINTIFF. TO WHICH PLAINTIFF loss APPROXIMATELY ONE PINT TO TWO PINTS OF BLOOD. THE PLAINTIFFS BLOOD WAS loss AND STAIN THE CLOTHING OF DEFENDANTS. AS THEY MALICIOUSLY AND SADISTICALLY.

12) MELISSA ROSS, IS THE X-RAY TECHNICIAN WHO ACTED MALICIOUSLY AS SHE TRIED TO CUVER UP PLAINTIFFS INJURIES CAUSED BY DEFENDANTS 3,4,5,6,7,8 AND 11. ALTHOUGH DELIBERATE INDIFFERENCE IS CLEAR. THIS DEFENDANTS ACTIONS REMAIN JUST AS SERIOUS IF NOT WORST THAT THOSE WHO ASSAULTED PLAINTIFF. AND OF 5-7-15 DEFENDANT FALSIFIED DOCUMENTS CREATING A PAPER TRAIL (EXHIBIT 22) ALSO SEE (566563-15)(EX.23) AND OTHER MEDICAL RECORDS REQUEST SLIPS ATTACHED)

13) WILLIAM DREIBELBIS, IS THE CHCA WHO IS IN CHA-RGE OF MEDICAL STAFF. HE IS ALSO THE ONE WHO WAS ASIGN TO INVESTIGATE 573571-15 AS WELL AS 566563-15 AS THE X-RAY TECHNICIAN X-RAY THE LEFT SIDE OF MY FACE. KNOWING THAT THE RIGHTSIDE AND MY NOSE WERE INJURIED. HIS NEGLECT LEAD TO PLAINTIFF BEING LEFT WITH A DEVIATED SEPTUM, AND PATTELLA DAMAGE.

14). CORRECT CARE SOLUTION, IS THE DEFENDANT WHO

PROVIDES ALL HEALTH CARE. THEY SUB WORK TO OTHER
HEALTH CARE BUSINESSES. THIS DEFENDANT REMAINS
RESPONSIBLE FOR THE ACTION OF X-RAY TECHNICIAN,
AND FAILED TO INVESTIGATE AND TAKE PROPER ACTIONS
TO PREVENT "DELIBERATE INDIFFERENCE". DELAYED HEALT-
-H CARE IS JUST AS BAD AS NO HEALTH CARE, AND
REMAIN LIABLE.

** DEFENDANTS 1, 2, AND 4 CLAIM TO HAVE A ZERO
** TOLERANCE POLICY, BUT WORK A ZERO ENFORCEM-
** ENT POLICY, ALLOWING ROGUE OFFICERS THE ABILITY
** TO VIOLATE INMATE (PLAINTIFFS) CONSTITUTIONAL RIGHTS.

**V STATEMENT OF CLAIM / SUMMARY OF EVENTS:**

* ON 5-5-15 AT SCI SMITHFIELD C-BLOCK A-UNIT
AT APPROXIMATELY 2:18 PM PLAINTIFF'S CELL DOOR WAS
ELECTRONICALLY BUZZ OPEN BY SGT WHO WAS ON
THE BLOCK.

* PLAINTIFF HAD AN SCHEDULED INSTITUTIONAL LISTED
CALL OUT. TO BE IN THE LAW LIBRARY (ACCESS TO COURT) AT
AN ARRIVAL TIME OF 14:20 PM WITH AN DEPARTING TIME
AS 1600 PM DUE TO A LEGAL DEADLINE (FOR AN EXAMPLE
SEE EXHIBIT #11-).

* PLAINTIFF EXIT HIS CELL WITH HIS LEGAL WORK AND
PLACED HIS LAUNDRY OUTSIDE OF HIS CELL CA 223. AND
APPROACH BLOCK OFFICER DEFENDANT #3 WHO WAS
WITH DEFENDANT #5. PLAINTIFF REQUESTED HIS PASS
PER POLICY.

* DEFENDANT #3 ADVISE PLAINTIFF TO GET PASS FROM
SGT BUT FOR PLAINTIFF TO FIRST GET HIS LAUNDRY AND
PLACE IT INSIDE BLUE LAUNDRY BIN LOCATED ON BLOCK
WHICH PLAINTIFF DID.

* PLAINTIFF APPROACHED SGT AND REQUEST SAID PASS
HOWEVER SGT DIRECTED PLAINTIFF TO RETURN TO DEFEND

-ANT #3 AND ASK HIM FOR A PASS.

    * BEFORE PLAINTIFF COULD REACH #3. TWO INMATES WHO WERE RETURNING FROM AN INSTITUTIONAL LISTED CALL OUT ENTERED THE BLOCK AND APPROACHED #3 DISCUSSING WHAT PLAINTIFF REALIZED AS PHONE SLOT.

    * PLAINTIFF KNEW BOTH INMATES. ONE DEREK SEALS KS 1656 AND ONE BENJAMIN SUTTON LY 2876. WHO HAD SIGN UP FOR THE AVAILABLE TWO SLOTS PER INMATE THE NIGHT BEFORE. AS THE PHONE LIST IS DONE AT NIGHT AND BOTH WERE ON LIST FOR THE TWO ALLOWED.

    * PLAINTIFF APPROACH DEFENDANT #3 WHO HAD DEFENDANT #5 ALSO PRESENT. AFTER EXCUSSING HIS SELF PLAINTIFF REMINDED DEFENDANT THAT HE WAS SCHEDULED FOR A 2:20 pm CALL OUT AND THAT THE INSTITUTIONAL LINE MOVEMENT HAD BEEN CALLED. AND THAT HE NEEDED HIS PASS.

    * DEFENDANT #3 IGNORED THE FACT THAT DEFEND-ANT #5 COULD WRITE THE PASS AND HE #3 COULD ASSIST THE TWO INMATES. HE ALSO IGNORED POLICY AND PROTOCOL AS 14:20 Pm LINE MOVEMENT IS RUN BY BLOCK OFFICER WHEN CALL BY INSTITUTION. THEN #3 BEGAN TO YELL AT PLAINTIFF. HIS TEMPERAMENT SHOW-ED. (SEE EXHIBIT #3)

    * PLAINTIFF HAD PROBLEMS IN THE PAST WITH #3 AND WAS ADVISED BY MARY MORDER AND ALSO THEN ACTING MAJOR CHIZM. WHO ADVISE PLAINTIFF TO ASK TO SPEAK WITH A LIEUTENANT IF PLAINTIFF HAD ANY MORE PROBLEM. WHICH PLAINTIFF DID (SEE EXHIBIT #24-)

    * DEFENDANT #3 BECAME UP SET AND ENRAGED WHEN PLAINTIFF ASK FOR LIEUTENANT. INFORMING PLAINTIFF TO GO INTO A ROOM WHICH DEFENDANT CLEAR-ED OUT. WHICH PLAINTIFF OPENLY REFUSED.

* DEFENDANT #3 ACTED IN A RECKLESS MANNER AND A DISREGARD FOR THE CARE, CUSTODY AND CONTROL OF PLAINTIFF'S WELL BEING. AND FAILED TO FOLLOW CLEARLY ESTABLISHED INSTITUTIONAL POLICY AND PROCEDURE. AND REQUESTED THAT THE SGT CALL DEFENDANT #4. WHO IS IN NO WAY A LIEUTENANT BUT INSTEAD A SAME RANKING CORRECTIONAL OFFICER AS #3 AND ACTING AS NO MORE THAN A GOON.

* PLAINTIFF WAS AWARE THAT HE REFUSED AN OPEN ORDER. WHICH BY POLICY REQUIRES A MISCONDUCT TO BE HEARD BY A HEARING EXAMINER AND ONLY A ACTING SHIFT COMMANDER PROVIDES REASON TO LOCK UP PLAINTIFF OR NOT.

* DEFENDANTS 3, 4 AND 5 THEN SURROUNDED PLAINTIFF WITH DEFENDANT #5 A TRAINEE WHO COULD NOT ISSUE A INSTITUTIONAL PASS A MERE THREE MINUTES AGO NOW GRABBING PLAINTIFF ARM IN AN ATTEMP TO FREE HIS SELF PLAINTIFF STRUCK DEFENDANT #4.

* PLAINTIFF WAS UNABLE TO BREAK FREE AND WAS THROWN ONTO THE FLOOR. THEN PUNCHED, KICKED AND CHOKED BY DEFENDANTS 3, 4 AND 5. WITH DEFENDANT #4 USING SUCH FORCE TO WHICH HE BROKE HIS OWN HAND. (SEE EXHIBIT #1)

* PLAINTIFF WAS ASSAULTED BY ARRIVING DEFENDANTS 6, 7, 8, AND 11. THIS MALICIOUS AND SADISTIC ASSAULT WENT ON EVEN AS PLAINTIFF WAS UNCONSCIOUS. (SEE EXHIBIT #2)

* DEFENDANTS 3, 4, 5 AND 6 TRY TO STATE THAT THE PLAINTIFF HIMSELF WAS PUNCHING AND KICKING BUT ON 6-28-15 AT 1425 DEFENDANT #11 ADMITTED TO SECURITY OFFICE INVESTIGATOR G. ALLISON IN ATTACHMENT #12 OF INSTITUTIONAL INVESTIGATION CASE #2015-A-300

2015-P-450 THAT PLAINTIFF'S ARMS WERE "UNDERNEATH HIM" AND IN NO WAY THROWING PUNCHES.

* DEFENDANT #7 AT SOMEPOINT AND TIME USED AN OBJECT WHICH HE REMOVED FROM HIS OWN POCKET TO STAB PLAINTIFF IN THE FACE.

* DEFENDANT #10 ARRIVED AND DID NOT STOP THIS ASSAULT. WHICH WAS HAPPENING, AS SHE BECAME THE HIGHEST RANKING OFFICER IN CHARGE. WHO WATCHED AS PLAINTIFF WAS LIFT AND CARRIED OFF OF C-BLOCK HEAD FIRST AND CAUSING DEFENDANTS HIT PLAINTIFF'S HEAD ON EACH STEP/ DOOR FRAME AS BATTLE RAM WOULD BE USED.

* PLAINTIFF WAS THEN CHARGE WITH ASSAULT AS AN ATTEMP TO SHIFT BLAME.

* PLAINTIFF'S LEGAL MAIL WAS THEN REPEATEDLY OPEN AND MABE EVEN COPIED IN VIOLATION TO DC-ADM-803. TO WHICH IT CREATED A BREAKDOWN IN COMMUNICAT-ION WITH PLAINTIFF AND HIS ATTORNEY.(SEE EXHIBITS 16, 17, 20, 21,) ALSO DENYING PLAINTIFF A FAIR TRIAL (EX.#14)

* DEFENDANTS 1, 2, 9 TRIED TO ACT AS IF THESE NEW CHAIN OF EVENTS IN VIOLATION OF DC-ADM 807 WERE NOT GOING ON HOWEVER PLAINTIFF PLEAD AND PROVED SAID VIOLATIONS THROUGH THE GRIEVANCE PROCEDURE YET WAS INFORMED THAT THE COURTS WOULD NEED TO AWARD ANY MONEY AS THIS SAID GRIEVANCE PROCEDURE DID NOT AUTHORIZE GRIEVANCE INVESTIGATOR RICHARD MOYER THE ATHORITY TO DISPENSE FUNDS. (SEE EXHIBIT #13)

* DEFENDANTS 1, 2, 12 AND 13 ALONG WITH CORRECT CARE SOLUTION WORKED COLLECTIVELY WITH THEIR ATT-EMPT TO MASK (HIDE) PLAINTIFF INJURIES SUFFERED AT THE HANDS OF DEFENDANTS #3, 4, 5, 6, 7, 8, AND 11.

9.

PLAINTIFF HOWEVER PROVIDES INCONTROVERTIBLE EVID-
ENCE. AS PROOF TO SUPPORT CLAIMS. (SEE EXHIBITS 22,
23 AND 25)

\* PLAINTIFF RECEIVED MULTIPLE INJURIES TO FACE,
HEAD, LEG, ARM **AND** BODY. ALONG WITH PSYCHOLOGIC-
AL TRAUMA. AT THE HANDS OF THESE ROGUE DEFEN-
DANTS (SEE EXHIBITS 8, 9, 10 AND PSYCHOLOGICAL FILE
COURT ORDER NEEDED FOR PSYC. FILE)

### \* ITEMS TO BE PRESERVED \*

THESE ITEMS WERE REQUESTED IN ADVANCE AND
EXHIBIT # 26 ALONG WITH OTHER COURT "CP-31-CR-581-2015"
PETITION REQUEST. ALL EXHIBITS ATTACHED SUPPORT PLAINT-
IFFS CLAIMS.

PLEASE NOTE THE DUTY TO PRESERVE EVIDENCE BEGINS
WHEN LITIGATION IS PENDING OR REASONABLY FORESEEABLE
ONCE THAT DUTY ARISES THE PARTY IS REQUIRED TO "SUSP-
END ITS ROUTINE DOCUMENT RETENTION/DESTRUCTION
POLICY AND PUT IN PLACE A LITIGATION HOLD" TO ENSURE
PRESERVATION OF RELEVANT DOCUMENTS.

THE HAND HELD VIDEO LISTENED TO BY G. ALLISON AND
EXPRESSED IN CASE # 2015-A-300/2015-P-450 ALONG WIT-
H THE BOSCH VIDEO REVIEWED AND EXPRESSED IN
CASE # 2015-A-300/2015-P-350. AS 350 MIGHT BE AN
TYPED ERROR. REMAINS INCONTROVERTIBLE AND CLEARLY
HIGH LIGHTS DEFENDANTS TEMPERAMENT AND ACTIONS

## VI. RELIEF

1) IN THE INTEREST OF JUSTICE AND FAIRNESS,
PLAINTIFF ASK THIS COURT TO AWARD MONETARY
DAMAGES. AS PLAINTIFF SEEKS ONE HUNDRED THOUSA-
ND DOLLARS FROM DEFENDANTS 1-THRU-14 **EACH**. FOR
THE WRONGFUL BEATING AND STABBING ARISING FROM
ILLEGAL CONDUCT OF DEFENDANTS.

2) PLAINTIFF SEEKS REIMBURSEMENT FOR ALL LEGAL FEES SPENT CONCERNING THIS MATTER. FOR PLAINTIFF AND ANY APPOINTED COUNSEL,

3) PROPER DISCIPLING OF EACH DEFENDANT FOR THEIR MISCONDUCT.

CONCLUSION:

I TYRONE MARTIN, PLAINTIFF DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED THIS 10th, DAY OF NOVEMBER, 2016

Tyrone Martin
KC5708
1100 PIKE ST
HUNTINGDON, PA. 16654

* ATTACHED PAPER TRAIL *

* THE ATTACHED EXHIBITS NUMBERED 1 TO 59 ARE ALSO TO ENSURE THAT THESE DEFENDANTS CAN NOT PLEAN IGNORANCE BY CONTENDING THEY HAD NO PRIOR KNOWLEDGE..

EXHIBITS ALSO ALLOW STATE ATTORNEYS AND FEDERAL JUDGE OR JUDGES THE OPPORTUNITY TO REVIEW EVIDENCE.

HOWEVER THERE IS ALSO VIDEO FOOTAGE AVAILABLE.

APPOINTMENT OF COUNSEL

NOW COME PLAINTIFF REQUEST THIS HONORABLE COURT TO APPOINT COUNSEL

THIS 10th DAY OF NOVEMBER 2016

Tyrone Martin

11.

10-19-15;03:18PM;23-3-02                                      ;8146435175              # 4/ 4



# POLICE CRIMINAL COMPLAINT

| Docket Number: OR-139-15 | Date Filed: 7/9/15 | OTN/LiveScan Number: T-675274-5 | | Complaint/Incident Number G03-1404829 |
| Defendant Name: | First: Tyrone | Middle: NMN | | Last: MARTIN #KC5108 |

## AFFIDAVIT of PROBABLE CAUSE

Your Affiant is a member of the Pennsylvania State Police stationed at the Troop G Huntingdon Barracks, assigned as a Criminal Investigator.

On Tuesday, May 5, 2015, at approximately 1430hrs Inmate MARTIN wanted a pass to go to the law library. He was instructed by Sergeant S. MANGES he would need to go speak with CO MYERS to obtain the pass. Inmate MARTIN went over to CO MYERS who was already speaking with other inmates. Inmate MARTIN interrupted CO MYERS while speaking with the other inmates. Inmate MARTIN was told by CO MYERS he would have to wait his turn. Inmate MARTIN continued to insist about his pass to the law library and did not listen to CO MYERS about waiting till he was done with the other inmates. CO MYERS gave several verbal commands to Inmate MARTIN to go to the TV room and he would speak to him. At this time CO KANAGY came over to assist CO MYERS with Inmate MARTIN. Inmate MARTIN continued to refuse to listen to CO MYERS direct orders. CO MYERS attempted to restrain Inmate MARTIN after refusing to listen to several direct orders. Inmate MARTIN at this time took his outer shirt and glasses off and took a fighter's stance. Inmate MARTIN swung and struck CO KANAGY in the face with a closed fist causing injuries. At this time CO DICKSON, who was with CO MYERS, attempted to take Inmate MARTIN to the ground to restrain him from further injuring staff. CO MYERS went low on Inmate MARTIN and Inmate MARTIN put CO MYERS into a headlock. CO DICKSON went high on Inmate MARTIN. Inmate MARTIN had CO MYERS in a headlock and pulled him to the ground causing CO MYERS to fall on his elbow and both knees causing injuries. CO DICKSON also fell to the ground and braced the impact with his left hand. CO DICKSON was injured as a result of the fall. Once on the ground the CO's continued their attempts to restrain Inmate MARTIN. CO FAZENBAKER came to their location and attempted to grab Inmate MARTIN's feet. Inmate MARTIN kicked CO FAZENBAKER causing him to fall on his right side and strike his elbow on the ground causing injuries.

Correctional Officer FAZENBAKER sustained injuries to his right shoulder muscle and ligaments due to this incident. He was assigned light duty as a result of this incident.

Correctional Officer DICKSON sustained a broken left wrist as a result of this incident. He was given a removal cast and off duty pending medical review.

Correctional Officer MYERS sustained injuries to his knees and left elbow as a result of this incident. He was given light duty.

Correctional Officer KANAGY sustained a broken right hand as a result of this incident. He was off duty pending medical review.

Inmate MARTIN is currently serving a sentence of LIFE for 1st degree murder.

I believe the above to be true and correct and respectfully request a warrant be issued for the Accused, Tyrone MARTIN #KC5108, to answer to these charges.

I, TPR. JONATHAN THOMAS, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
(Signature of Affiant)

Sworn to me and subscribed before me this 9th day of July 2015

7/9/15 Date _____ , Magisterial District Judge

My commission expires first Monday of January,

SEAL

AOPC 411C - Rev. 07/10                                                      Page 1 of 1

EXHIBIT -1-

## Affidavit of Probable Cause...

This is an allegation of abuse, in the form of excessive force by C.O.s at SCI, Smithfield !!!
On May 5th, 2015, I was awaken at about 2:20PM, to what at first sound like multiple shoes soles were scratching against the floor, and shouts from someone saying: "stop hitting him, get off of him, he is not resisting, and why are you hitting him." I immediately got out of bed, rushed to my cell door (C/A #2), and realized that there had been block activity if the day-room and that the twenty or so prisoners were all standing, and huddled to my left, some still holding playing cards, some were wide eyed and others stood frozen in place, with their mouths wide open, looking in the direction of my right. I then turn my attention to a 33 degree angle to my right, as I looked through the grate of my cell door, I observed C.Os Kangey, Mayers and a third unknown officer had an inmate flat on his stomach. The Inmate feet was closes to me and his head was further away pointing north; officer Mayers was straddling this inmate's lower back, in a sitting posture, while officer Kangey was kneeling down next to the left shoulder of said inmate; and this third unknown officer was kneeling down behind the inmate, this officer had placed both his hands around the inmate's Ankles and pinned both legs to the floor. I heard officer Mayers ordered this inmate to place his hands behind his back so that he could be cuffed. I then heard the inmate said: "you are all a bunch of pussy, when I get out of the hole, i.e. the restricted unit, I am going to get everyone of you." Although I could not and did not see the inmate's face, however, I did recognized his voice to be Mr. Tyrone Martin KG-5108, C/A Cell #23, anyhow, Mr. Martin hands were subdued nor were they at his sides, at least not from my vantage point. I then observed officer Mayers grabbing franticly at something in front of him at floor level. However, as the response team entered the cell block, I observed the first officer, (he was about 6ft 2", and about 280 pounds) Caucasian Male, said: "what did he do," officer Mayers said: "he hit me." I then observed as other officers entered the cell block, several officers ran directly towards Mr. Martin's body, knee first first to every exposed part of his body as he laid flat on his stomach. At this point Mr. Martin was sustaining a full scale assault by officers. I kept my view on what was going at Mr. Martin's area of his head, I observed Officer Mayers Elbows moving back and forward, each cycle both his Arms forcefully pushing forwards, in a downward direction of the floor. At this point I heard Mr. Martin telling officers "I can't breathe and that they were trying to break his Arms or have broken the one or both Arms." At this point I observed very short officer, Caucasian Male, about 150 pounds, 5ft, 4", who was positioned to Mr. Martin's head, but on the rights, took something from his waist area, fixed it in a closed fist and commenced to thrust it into the direction of Mr. Martin's head, and I heard Mr. Martin screamed in agony. For a split second everything went silent, except for one officer ordering "on lookers" in the day room to report to their cells. I continued to observe the 280 plus pounds officer towering over the other officers, this officer made a nodding gesture at officer Mayers whom sat face to face with each other... I observed officer Mayers then produced a pair of hand cuffs, this officer then moved back a bit and sat across Mr. Martin's Buttock, and then I heard the clicking sound, as they were being closed around Mr. Martin's wrists.

EXHIBIT-Z-

After Inmate Tyrone Martin, KG-5108 was placed in hand cuffs, I observed officer Mayers and three other officers lifted him to his feet, all four officers held Mr. Martin upright and or held him in place... I then observed other officers standing by near the mailbox, looking at the 4-officers, when suddenly, the 280 plus pounds officer did some sort of head gesture (the type you see basket ball players do when they want their opponent(s) to think that they are about to shoot the ball at the basket), inmate Martin was snatched off of his feet. With two officers on either side of Martin's suspended body, his head facing the direction off the day-room door; at the front officers held Mr. Martin by the shoulder/arm area, while two other officers gripped him by the waist and his pant's legs. I observed officer clearly acting in concert, <u>all four officers ran with inmate Martin's unconscious body towards the day room door, out of my view.</u> Before I leave my cell door I observed about a pint of blood where Mr. Martin had laid. The inmate from Cell #3, was order to clean up the blood short time later.

I Mr. Bobby K. Williamson, am the Affiant of this affidavit and hereby certify that the accounts are entirely true, and that I understand that any false statements provided herein subject me to penalties of perjury under 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

By: _____

Mr. Bobby K. Williamson, DQ-9200

SCI, Smithfield,

P.O. Box 999, 1120 Pike Street

Huntingdon, Pa. 16652

Date: May 5th, 2015.

7:25PM.

IN CARTER - HE1640

SMITHFIELD

AFFIDAVIT REGARDING 5-5-2015 INCIDENT BETWEEN T. MARTIN - KC5108 & 3 CO's (MEYERS, KANAGY, & A ROOKIE) ON CA BLOCK

DURING BLOCKOUT I WAS PLAYING SPADES WITH 3 OTHER PRISONERS. MARTIN WAS LET OUT OF HIS CELL AT ABOUT 2:26 PM FOR A LAW LIBRARY PASS, AND BECAUSE HE'D BEEN TRYING TO GET HIS DOOR OPENED FOR ABOUT 4 MINS. HE WALKED TO THE CONTROL ROOM WINDOW & ASKED SGT. MENGES FOR HIS PASS & WAS TOLD THAT THERE ISN'T ONE, TO HAVE CO MEYERS WRITE HIM ONE. MEYERS WAS AT THE CO'S DESK WITH ABOUT 5 GUYS AROUND HIM ASKING FOR MULTIPLE THINGS TALKING AT ONCE. MARTIN ASKED HIM 2-3 TIMES FOR A WRITTEN PASS TO GO TO THE LIBRARY & MEYERS YELLED AT HIM. MARTIN WENT TO COMPLAIN TO THE SGT., WAS TOLD TO GO BACK TO MEYERS, WHO THEN YELLED AGAIN, SAID HE'S NOT WRITING HIM A PASS, TOLD HIM TO GO BACK TO HIS CELL (MARTIN WAS ON CELL RESTRICTION). MARTIN COMPLAINED TO THE SGT., THE SGT. REFUSED TO INTERVENE, MEYERS YELLED AGAIN FOR MARTIN TO GO LOCK IN. MARTIN REFUSED, SAID HE'S TIRED OF GETTING BURNED FOR SHOWERS AND CALLOUTS, AND ASKED TO SEE A CAPTAIN. MEYERS ORDERED HIM TO GO INTO THE TV ROOM & HE REFUSED AND DEMANDED A CAPTAIN. MEYERS TOLD THE SGT. TO SEND CO KANAGY OVER FROM THE OTHER SIDE & A MIN. LATER CO KANAGY AND A ROOKIE CO CAME OVER. MARTIN KEPT REQUESTING A CAPTAIN & REFUSING TO GO TO HIS CELL OR TO THE TV. HE WAS TRYING TO STAY AWAY FROM THEM AND HE KEPT ASKING THEM TO "PLEASE STAY AWAY FROM" HIM. THINKING THAT NOTHING WAS GOING TO HAPPEN, BECAUSE THEY JUST STOOD THERE LOOKING AT EACH OTHER, I TURNED AROUND TO COUNT MY HAND. WHILE DOING SO I HEARD FAST MOVEMENT BEHIND ME AND I TURNED AROUND TO SEE MARTIN ALMOST RUNNING BACKWARDS, THE 3 CO'S CLOSING IN ON HIM FAST, MEYERS WITH HIS HANDS UP AND CLOSED, LIKE A BOXER. CO KANAGY WENT FOR HIS WAIST AND PINNED HIM UP AGAINST A BOOK

PAGE 1 OF 2

EXHIBIT -3-

CABINET, ONE ARM ALSO PINNED. THE ROOKIE WAS PUNCHING MARTIN STRAIGHT IN HIS FACE WITH HIS RIGHT HAND, HARD. THE FIRST BLOW EITHER BROKE MARTIN'S NOSE OR BUSTED A LIP OPEN; BLOOD WAS ALL OVER MARTIN'S FACE AFTER THE FIRST SHOT. 5-8 PUNCHES LATER CO KANAGY TWISTED AND SLAMMED MARTIN TO THE GROUND, MARTIN LAYING ON HIS LEFT SIDE AND KANAGY STRADDLING HIM BACKWARDS, THEN BEGAN TO PUNCH HIM IN THE FACE, KINDA REACHING BACK TO DO SO. MEYERS CAME OVER AND TOOK A FEW SHOTS. THERE WERE NO ORDERS TO STOP RESISTING UNTIL RESPONDING CO's CAME. NO, MARTIN DIDN'T FIGHT BACK BECAUSE HE COULDN'T; HIS ARMS WERE PINNED THE ENTIRE TIME AFTER KANAGY PINNED HIM. THERE WERE NO KICKS EITHER. BEFORE EVERYTHING TURNED PHYSICAL (RIGHT AFTER MEYERS TOLD THE SGT. TO SEND KANAGY OVER) MEYERS' TOLD EVERYONE ELSE TO LOCK IN. MAYBE 2-3 PEOPLE DID, THE REST (11-15) DIDN'T.

I JUSTIN CARTER AFFIRM THAT MY RECOLLECTION OF EVENTS AS MENTIONED IN THIS AFFIDAVIT ARE TRUE AND ACCURATE, BASED ON MY MEMORY OF THAT INCIDENT, AND THAT ANY FALSE STATEMENTS ARE SUBJECT TO 18 PA. C.S.A. § 4904.

31 MARCH 2016                    Justin Carter

PAGE 2 OF 2

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF: HUNTINGDON

**PRIVATE**
**CRIMINAL COMPLAINT**

| Magisterial District Number: |
| --- |
| MDJ Name: Hon. |
| Address: |
| Telephone:  (      ) |

| Docket No.: |
| --- |
| Date Filed: |
| OTN: |

(Above to be completed by court personnel)

**COMMONWEALTH OF PENNSYLVANIA**
**VS.**

DEFENDANT:
NAME and ADDRESS

DICKSON
C/O SCI-Smithfield
PO Box 999    1120 Pike Street
HUNTINGDON, PA 16652

(Fill in defendant's name and address)

Notice:  Under Pa.R.Crim.P. 506, your complaint may require approval by the attorney for the Commonwealth before it can be accepted by the magisterial district court.  If the attorney for the Commonwealth disapproves your complaint, you may petition the court of common pleas for review of the decision of the attorney for the Commonwealth.

Fill in as much information as you have.

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | | Defendant's SID (State Identification Number) |
| --- | --- | --- | --- | --- |
| ☒ White   ☐ Black<br>☐ Asian   ☐ Native American<br>☐ Hispanic ☐ Unknown | ☐ Female<br>☒ Male | | | |
| Defendant's A.K.A. (also known as) | Defendant's Vehicle Information<br>Plate Number          State | | Registration Sticker (MM/YY)   Defendant's Driver's License Number<br>State | |

I,   TYRONE MARTIN

(Name of Complainant-Please Print or Type)

do hereby state: (check appropriate box)

1.   ☒ I accuse the above named defendant who lives at the address set forth above
     ☐ I accuse the defendant whose name is unknown to me but who is described as _____

     ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe

with violating the penal laws of the Commonwealth of Pennsylvania at  SCI-Smithfield  PO Box 999
(Place-Political Subdivision)

1120 Pike Street, Huntingdon, PA 16652

in   Huntingdon          County on or about   May 5, 2015

Participants were: (if there were participants, place their names here, repeating the name of the above defendant)

MYERS,          ; KANAGY,          ; DICKSON,

EXHIBIT-4-

AOPC 411A-10                                   Page 1 of 2

Defendant's Name: **Dickson**

Docket Number:



**PRIVATE
CRIMINAL COMPLAINT**

2.   The acts committed by the accused were:
(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated. The age of the victim at the time of the offense may be included, if known. In addition, *social security numbers and financial information (e.g. PINS) should not be listed. If the identity of an account number must be established, list only the last four digits. 204 Pa.Code §§ 213.1 - 213.7.)*

COUNT 1 AGGRAVATED ASSAULT (18 Pa. C.S.A § 2702 (a)(1)) On May 5, 2015, between the hours of 2pm - 10pm the Complainant Martin, was physically assaulted by MYERS, KANAGY and DICKSON, by the usage of closed fists, knees and boots. This act was done on CA Block in SCI-Smithfield with the intentional acts of causing serious bodily injury to Complainant MARTIN, all against the laws and dignity of the Commonwealth of Pennsylvania. (F-1)

COUNT 2: CONSPIRACY TO COMMIT AGGRAVATED ASSAULT (18 Pa CSA § 903) On May 5, 2015 Defendant Dickson along with MYERS and KANAGY did in an act of agreement or conspire to assault Complainant MARTIN to the point of serious bodily injury, all against the laws and dignity of the Commonwealth of Pennsylvania (F-1)

COUNT 3: RECKLESSLY ENDANGERING ANOTHER PERSON (18 Pa CSA § 2705) On May 5, 2015, between the hours of 2pm - 10pm the Complainant MARTIN was physically assaulted by closed fists, knees, and boots, repeatedly by Defendant Dickson along with MYERS and KANAGY to the point of losing consciousness, all against the laws and dignity of the Commonwealth of Pennsylvania (M-1)

COUNT 4: SIMPLE ASSAULT (18 Pa CSA § 2701) On May 5th, 2015 between the hours of 2pm - 10pm Defendant Dickson did grab the Complainant's left arm, to allow MYERS and KANAGY to engage in physically assaulting Complainant MARTIN, Defendant Dickson then joined in by assaulting Complainant MARTIN, all against the laws and dignity of the Commonwealth of Pennsylvania (M-2)

All of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of 18 Pa CSA § 2702 and 18 Pa CSA § 903, 18 Pa CSA § 2705
(Section)                    (Subsection)

~~Section~~ 18 Pa CSA § 2701
(Subsection)

3.   I ask that process be issued and that the defendant be required to answer the charges I have made.

4.   I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

_____          *Tyrone Martin*
        Date                                    Signature of Complainant

Office of the Attorney for the Commonwealth ☐ Approved    ☐ Disapproved because: _____

_____          _____          _____
(Name of Attorney for Commonwealth-Please Print or Type)   (Signature of Attorney for Commonwealth)          (Date)

AND NOW, on this date _____, I certify that the complaint has been properly completed and verified.

_____                                              **SEAL**
    (Magisterial District)                              (Issuing Authority)

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF: **HUNTINGDON**

**PRIVATE CRIMINAL COMPLAINT**

**COMMONWEALTH OF PENNSYLVANIA**
**VS.**

| |
|---|
| Magisterial District Number: |
| MDJ Name: Hon. |
| Address: |
| Telephone: (   ) |

| |
|---|
| Docket No.: |
| Date Filed: |
| OTN: |

(Above to be completed by court personnel)

DEFENDANT:   NAME and ADDRESS

KANAGY,
C/o SCI-Smithfield
PO Box 999   1120 Pike Street
Huntingdon, PA 16652

(Fill in defendant's name and address)

**Notice: Under Pa.R.Crim.P. 506, your complaint may require approval by the attorney for the Commonwealth before it can be accepted by the magisterial district court. If the attorney for the Commonwealth disapproves your complaint, you may petition the court of common pleas for review of the decision of the attorney for the Commonwealth.**

Fill in as much information as you have.

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | | Defendant's SID (State Identification Number) | |
|---|---|---|---|---|---|
| ☒ White  ☐ Black  ☐ Asian  ☐ Native American  ☐ Hispanic  ☐ Unknown | ☐ Female  ☒ Male | | | | |
| Defendant's A.K.A. (also known as) | | Defendant's Vehicle Information Plate Number      State | Registration Sticker (MM/YY) | Defendant's Driver's License Number State | |

I, **TYRONE MARTIN**
(Name of Complainant-Please Print or Type)

do hereby state: (check appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe

with violating the penal laws of the Commonwealth of Pennsylvania at **SCI-Smithfield PO Box 999**
(Place-Political Subdivision)

**1120 Pike Street, Huntingdon, PA 16652**

in **Huntingdon** _____ County on or about **May 5, 2015**

Participants were: (if there were participants, place their names here, repeating the name of the above defendant)

**MYERS, _____ ; KANAGY, _____ ; DICKSON** _____

_____

_____

**EXHIBIT-5-**

Defendant's Name: KANAGY

Docket Number:

**PRIVATE
CRIMINAL COMPLAINT**

2.   The acts committed by the accused were:

(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated. The age of the victim at the time of the offense may be included, if known. In addition, *social security numbers and financial information (e.g. PINS) should not be listed. If the identity of an account number must be established, list only the last four digits. 204 Pa.Code §§ 213.1 - 213.7.)*

COUNT 1   AGGRAVATED ASSAULT (18 Pa CSA § 2702 (A)(1) On May 5, 2015, between the hours of 2pm-10pm, the Complainant Martin, was physically assaulted by MYERS, KANAGY AND DICKSON, by the usage of closed fists, knees, and boots. This act was done on CA Block in SCI-Smithfield with the intentional acts of causing serious bodily injury to Complainant MARTIN, all against the laws and dignity of the Commonwealth of Pennsylvania (F-1)

COUNT 2   CONSPIRACY TO COMMIT AGGRAVATED ASSAULT (18 Pa CSA § 903) On May 5, 2015 Defendant KANAGY along with DICKSON AND MYERS did in an act of agreement or conspire to assault Complainant MARTIN to the point of serious bodily injury, all against the laws and dignity of the Commonwealth of Pennsylvania (F-1)

COUNT 3   RECKLESSLY ENDANGERING ANOTHER PERSON (18 Pa CSA § 2705) On May 5, 2015, between the hours of 2pm-10pm the Complainant Martin was physically assaulted by a closed fists; knees, and boots, repeatedly by Defendant KANAGY along with Dickson AND MYERS to the point of losing conciousness, all against the laws and dignity of the Commonwealth of Pennsylvania (M-1)

COUNT 4   SIMPLE ASSAULT (18 Pa CSA § 2701) On May 5, 2015 between the hours of 2pm-10pm, Defendant KANAGY did engage in physically assault Complainant Martin, with an agreed upon act Defendant Kanage, along with Dickson and Myers, commited an assault on Complainant Martin, all against the laws and dignity of the Commonwealth of Pennsylvania (M-2)

All of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of 18 Pa CSA § 2702 and 18 Pa CSA § 903 ; 18 Pa CSA § 2705

(Section)                    (Subsection)

of the 18 Pa CSC § 2701

(PA Statute)

3.   I ask that process be issued and that the defendant be required to answer the charges I have made.

4.   I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

_____          _____
Date                                         Signature of Complainant

Office of the Attorney for the Commonwealth ☐ Approved   ☐ Disapproved because: _____

_____          _____          _____
(Name of Attorney for Commonwealth-Please Print or Type)   (Signature of Attorney for Commonwealth)   (Date)

AND NOW, on this date _____, I certify that the complaint has been properly completed and verified.

_____          _____
(Magisterial District)                  (Issuing Authority)

**SEAL**

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF: **HUNTINGDON**

**PRIVATE
CRIMINAL COMPLAINT**

**COMMONWEALTH OF PENNSYLVANIA
VS.**

| Magisterial District Number: |
| --- |
| MDJ Name: Hon. |
| Address: |
| Telephone: (    ) |

| Docket No.: |
| --- |
| Date Filed: |
| OTN: |

(Above to be completed by court personnel)

**DEFENDANT:** NAME and ADDRESS

MYERS,
C/O SCI-SMITHFIELD
PO Box 999   1120 Pike Street
Huntingdon, PA 16652

(Fill in defendant's name and address)

**Notice: Under Pa.R.Crim.P. 506, your complaint may require approval by the attorney for the Commonwealth before it can be accepted by the magisterial district court. If the attorney for the Commonwealth disapproves your complaint, you may petition the court of common pleas for review of the decision of the attorney for the Commonwealth.**

Fill in as much information as you have.

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | | Defendant's SID (State Identification Number) |
| --- | --- | --- | --- | --- |
| ☒ White ☐ Black<br>☐ Asian ☐ Native American<br>☐ Hispanic ☐ Unknown | ☐ Female<br>☒ Male | | | |
| Defendant's A.K.A. (also known as) | | Defendant's Vehicle Information<br>Plate Number         State | Registration Sticker (MM/YY) | Defendant's Driver's License Number<br>State |

I, **TYRONE MARTIN**

(Name of Complainant-Please Print or Type)

do hereby state: (check appropriate box)

1.  ☒ I accuse the above named defendant who lives at the address set forth above
    ☐ I accuse the defendant whose name is unknown to me but who is described as _____

    ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe

with violating the penal laws of the Commonwealth of Pennsylvania at **SCI-Smithfield, PO Box 999**

(Place-Political Subdivision)

**1120 Pike Street, Huntingdon, PA 16652**

in **Huntingdon** County on or about **May 5, 2015**

Participants were: (if there were participants, place their names here, repeating the name of the above defendant)

**MYERS,         ; KANAGY,       ; DICKSON,**

*EXHIBIT -6-*

AOPC 411A-10

Page 1 of 2

Defendant's Name: MYERS

Docket Number:

**PRIVATE
CRIMINAL COMPLAINT**

2.  The acts committed by the accused were:
(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated. The age of the victim at the time of the offense may be included, if known. In addition, *social security numbers and financial information (e.g. PINS) should not be listed. If the identity of an account number must be established, list only the last four digits. 204 Pa.Code §§ 213.1 - 213.7.)*

COUNT 1: AGGRAVATED ASSAULT (18 Pa CSA § 2702 (A)(i)) On May 5, 2015, between the hours of 2pm-10pm, the Complainant Martin, was physically assaulted by MYERS, KANAGY, and DICKSON, by the usage of closed fists, knees, and boots. This act was done on CA block in Sci-Smithfield with the intentional acts of causing serious bodily injury to Complainant MARTIN, all against the laws and dignity of the Commonwealth of Pennsylvania. (F-1)

COUNT 2: CONSPIRACY TO COMMIT AGGRAVATED ASSAULT (18 Pa.C.S.A § 903) On May 5, 2015 Defendant MYERS along with KANAGY and DICKSON, did in an act of agreement or conspire to assault COMPLAINANT MARTIN to the point of serious bodily injury, all against the laws and dignity of the Commonwealth of Pennsylvania. (F-1)

COUNT 3: REBKLESSLY ENDANGERING ANOTHER PERSON (18 Pa CSA § 2705) ON MAY 5, 2015 between the hours of 2pm-10pm, the Complainant Martin was physically ASSAULTED by closed fists; knees; and boots, repeatedly by Defendant MYERS along with KANAGY; and DICKSON to the point of losing conciousness, all against the laws and dignity of the Commonwealth of Pennsylvania (M-1)

COUNT 4 SIMPLE ASSAULT (18 Pa CSA § 2701) On May 5, 2015 between the hours of 2pm - 10pm, Defendant Myers did with force, bring Complainant Martin to the ground for the ~~~~ sole purpose of Defendant MYERS, along with KANAGY; and DICKSON could physically assault Complainant Martin, all against the laws and dignity of the Commonwealth of Pennsylvania (M-2)

All of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of     2702 (A)(i)     and     of Title 18 Pa CSA ; 903 of Title 18 Pa CSA ;
                                                                (Section)                                              (Subsection)
~~of PA~~     2705 of Title 18 Pa CSA ; 2701 of Title 18 Pa CSA .
              (PA Statute)

3.  I ask that process be issued and that the defendant be required to answer the charges I have made.

4.  I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

_____                _____
Date                                                    Signature of Complainant

Office of the Attorney for the Commonwealth ☐ Approved    ☐ Disapproved because: _____

_____                _____                _____
(Name of Attorney for Commonwealth-Please Print or Type)     (Signature of Attorney for Commonwealth)     (Date)

AND NOW, on this date _____, I certify that the complaint has been properly completed and verified.

_____                _____                **SEAL**
(Magisterial District)                              (Issuing Authority)

FORM DC-141   PART II B

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

DISCIPLINARY HEARING REPORT

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART I |
|---|---|---|---|---|---|
| KC5108 | Martin, Tyrone | Smithfield | 5/11/15 | 1035 | B760637 |

| INMATE | ☒ Guilty | ☐ No Plea | **Verdict** | ☒ Guilty |
|---|---|---|---|---|
| PLEA | ☒ Not Guilty | ☐ Other | | ☐ Not Guilty |

## HEARING ACTION

| CHARGES | |
|---|---|
| 1, 15, 33, 35 | N/A |

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

Inmate pleads guilty to #33.  He pleads not guilty to #1, #15, and #35.

Inmate said he was surrounded by three CO's and he feared for his safety at that point, he states one of the CO's had grabbed him.  Inmate said CO Kanagy didn't give him a direct order; CO Myers did.  Inmate admits that he was given orders to lock up by CO Myers, but does admit that CO Kanagy was present when those orders were given.  At the hearing, Inmate maintains that he should not have had to follow the order to return to his cell because he was right and was supposed to get a pass.

HEX accepts Inmate's guilty plea to #33.  HEX believes Inmate did assault staff based on CO Kanagy's report that Inmate Martin put his arms up in a fighting stance and struck CO Kanagy in the left side of the face with a closed fist.  HEX further believes CO Kanagy's report that Inmate Martin had refused orders to return to his cell prior to the assault.  A preponderance of evidence exists to support the #1 and #35 charges.

Guilty #1 – 90 days DC
Guilty #33 – 90 days DC
Guilty #35 – 90 days DC
Total 270 days DC
Effective 5-5-15
Remove from Job
Assessment of account for all costs resulting from Inmate's actions; cost to be determined by Business Manager

Dismiss #15

| | | | |
|---|---|---|---|
| ☒ Yes | ☐ No | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☒ Yes | ☐ No | The circumstances of the charge have been read and fully explained to the inmate. | **SEE APPENDICES** ☒ |
| ☒ Yes | ☐ No | The opportunity to have the inmate's version reported as part of the record was given. | |
| ☒ Yes | ☐ No | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | **Medical Reports** |

| NAME(S) OF HEARING EXAMINER/COMMITTEE | Hearing Report and all appended information must be signed.  Signature indicates finished report with appendices. |
|---|---|
| Ms. A. Himes Hearing Examiner | A. Himes |

Cc: DC-15, Inmate Cited, Staff Member Reporting Misconduct, Deputy Superintendent

*EXHIBIT 7*

Martin, KC5108
5/5/15 1600
SCI-SMI

Palms, no injuries
Small amt of blood on
Ⓛpinky, post IV site removal.
E. Zimmerman, LPN





Martin, KC5108
5/5/15

Hands, Dressing on IV
site, after removal.
Small cut on Ⓛwrist

EXHIBIT-8-

Martin, KC5108
5/5/15, 1600
SCI-SMI

Back, upper extremities
Ø injuries
E. Zimmerman, RN





EXHIBIT
9-

Martin, KC5108
5/5/15 1600

face, upper extremities, chest.
stitches by (R) eye, post
staff assault on this date.

KC.5108 Martin          Lower extremities
5/5/15 1600             Ø injuries

SCI-SM1
                        E. Zimmerman, RN





Martin, KC5108          Posterior lower extremities
5/5/15 1600             Ø injuries
SM1-SM1

EXHIBIT
-10-

EXHIBIT

EXAMPLE OF PASS SYSTEM AND MYERS IS AWARE
OF HOW IT OPERATES

## State Correctional Institution at SMITHFIELD

Inmate Pass

| | | | | | Date: | 4/9/2015 |
|---|---|---|---|---|---|---|
| Inmate: KC5108 | MARTIN, TYRONE | | Housing: | C-A-2023 | Callout#: | 2755336 |
| Staff | Appointment | Location | | | Arrive: | 1420 |
| R Lubert | Legal deadline | Library | | | Depart: | 1600 |

Job: Unassigned

Comments:

Issuing Authority: _T Myers_   Time Left: _1420_   Return To:

Destination Authority: _____   Time Arrived: _1420_   Time Left: _1550_

Return Authority: _____   Time Returned: _____

*** YOU ARE TO REPORT TO THE STAFF MEMBER / APPOINTMENT AT LOCATION LISTED ABOVE ***

*** FAILURE TO RESPOND TO PASS WILL RESULT IN A MISCONDUCT ***



EXHIBIT-12-

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
0163H16
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SMITH | DATE: 3-7-16 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) TYRONE MARTIN KC5108 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

ON 3-7-16 MY CLEARLY MARKED LEGAL MAIL FROM THE PENNSYLVANIA INSTITUTIONAL LAW PROJECT WAS HANDED TO ME OPEN AND ITS CONTROL NUMBER WAS MARK OVER WITH STAFF ONLY BLACK MARKER THIS MAIL WAS DELIVERED BY McCONAUGHEY 2 TO 10 SHIFT THIS LEGAL MAIL CONCERNED THE CASE IN WHICH STAFF IS PRESSING CHARGES. McCONAUGHEY ASK ME IF I WANTED MY ALREADY OPEN LEGAL mail MARKED (LO8) ON LEGAL lo8. THIS IS AN ON GOING PROBLEM
RELIEF: MONEY · SAVE VIDEO OF MAIL DELIVERY.

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator                    Date 3/9/16

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                    **Attachment 1-A**
Issued: 4/27/2015
Effective: 5/1/2015

EXHIBIT-13-

# INITIAL REVIEW RESPONSE
SCI Smithfield
PO Box 999, 1120 Pike Street
Huningdon, PA 16652

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | Tyrone Martin | Inmate Number: | KC-5108 |
|---|---|---|---|
| Facility: | SCI Smithfield | Unit Location | K-A2-1019 |
| Grievance # | 616364-16 | Grievance Date | 03/07/2016 |

**Publication (if applicable):**

| Decision: | Uphold Inmate<br>☐ Grievance Denied<br>X  Uphold in part/Denied in part |
|---|---|

*It is the decision of this grievance officer to uphold, deny **or uphold in part/deny in part** the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:**                                                                                                        **Frivolous**

I have reviewed your grievance.  You state that on 3/7/16 you received mail marked legal from the Pennsylvania Institutional Law Project that was opened.  The control number had been scratched out.  Staff ask if you wanted to sign for the open mail.  This was marked in the legal mail log.

The Mailroom Supervisor came to discuss this with you at your cell.  Afterwards he came and talked to the Business Manager.  The Mailroom Supervisor confirmed the mail had a control number scratched out but could not verify it had been opened in the mailroom.  After the discussions, procedures were put in place to try and stop the opening of your legal mail.  The Mailroom staff did not open your mail intentionally, but it was in fact, opened outside your presence.  I uphold your grievance in part by stating the mail was opened outside your presence, but deny it in part because I cannot authorize any money.

| Signature: | Richard Moyer *[signature]* |
|---|---|
| Title: | Business Manager |
| Date: | 3/21/16 |

cc:   Facility Grievance Coordinator
      DC-15
      File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

**Attachment 1-D**
DIST DATE
3-21-16
RM

**SGI**
**APPEAL TO FACILITY MANAGER**
**GRIEVANCE**

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| KC5108 | MARTIN | H | 3-21-16 | 616564 |

I received my initial response from the Grievance Office/Coordinator on __3-21-16__ and I raise the following appeal issues:

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.

Please provide a BRIEF (no longer than two pages) appeal statement.

ALTHOUGH RICHARD MOYER CAN NOT AUTHORIZE
ANY MONEY HE SHOULD BE ABLE TO ADMIT THAT
THIS ISSUE HAS BEEN AN ONGOING PROBLEM
WHICH HAS NOW COME SHINING TO LIGHT.
THE VIOLATION ARE CLEAR AND NO ONE KNOWS
IF THE MAIL IS BEING COPIED OR IF ANYTHING
WAS REMOVED AS IT WOULD TAKE TIME TO PIN
POINT EXACTLY WAS IS MISSING IF ANYTHING AT
ALL OR TO KNOW IF ITS BEING COPIED. AS IT
STANDS I MUST EXHAUST STATE REMEDIES TO
SEEK THE RELIEF NEEDED TO MAKE STAFF
PUT A COMPLETE END TO THIS PROBLEM

RELIEF: SAME AS GRIEVANCE

**INMATE SIGNATURE:** _Tyron Martin_

## Facility Manager's Appeal Response
### SCI Smithfield
### 1120 Pike Street, PO Box 999
### Huntingdon, PA  16652

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Tyrone Martin | Inmate Number: | KC5108 |
|---|---|---|---|
| Facility: | SCI Smithfield | Unit Location: | K Block |
| Grievance #: | 616364-16 | | |
| Publication (if applicable): | | | |

| Decision: | ☑ Uphold Response (UR)      ☐ Uphold in part/Deny in part |
|---|---|
| | ☐ Uphold Inmate (UI) |
| | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | *Frivolous* |
|---|---|

In reviewing your grievance and appeal, it is noted that your issue regarding your legal mail, which you state was received on 3-7-16 from PA Institutional Law Project opened and with the control number scratched out was adequately addressed by assigned grievance officer, Business Manager, Mr. R. Moyer
In your appeal you present issues as noted in your initial grievance.  The records reflect the grievance officer provided you with a complete and thorough response in regards to your issues.  The records reflect the grievance officer's investigation included directing the Mailroom Supervisor to go to your cell and discuss this issue with you.  During this conversation and review of the mail item, the Mailroom Supervisor verified the control number was scratched out, but could not verify that it was opened in the Mailroom.  The records reflect the grievance officer properly responded and upheld your grievance in part as the mail was opened outside your presence.  I had this concern reviewed and assigned staff to ensure the implemented procedures for the processing of legal mail are being followed by Mailroom staff to prevent legal mail from being opened outside the presence of inmate(s).

Your requested relief is denied.
Response is upheld.

| Signature: | Kevin Kauffman |
|---|---|
| Title: | Facility Manager |
| Date: | 04/01/16 |

Cc:  Deputy Wakefield      A/Deputy Chism      Ms. Hollibaugh
     Ms. Streightiff      DC-15      File

EXHIBIT-14-

## Inmate Appeal to Final Review
# GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| KC5108 | MARTIN | SMITH | 4-7-16 | 616364-16 |

appeal from the Superintendent on _____ and have the following

4-4-16

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.
must relate to the issue presented in the initial grievance and 1st level appeal.

Please provide a BRIEF (no longer than two pages) appeal statement.

IT SEEMS CLEAR THAT RELIEF AT THE GRIEVANCE
STAGE REMAINS IMPOSSIBLE. STAFF ACTIONS ARE
RETALIATORY CREATING A CONFLICT OF INTEREST
VIOLATING POLICY AND PROVIDING AN UNFAIR ADVANTAGE
TO STAFF DENYING ME A FAIR TRIAL, VIOLATING
CONFIDENTIALITY COMMUNICATION, DEFENSE TACTICS
CAUSING MENTAL DURESS.
   JOHN V. NYC DOC, 183 F Supp 2d 619 (SDNY 2002)
BIENEGU V. RENO 59 F.3d 1445 (3RD CIR 1995)
   THIS IS AN ON GOING PROBLEM WHICH SEEMS
TO ALLOW STAFF TO IGNORE POLICY (RULES) AND NEVER
MAKE ROGUE OFFICERS PAY FOR THEIR ACTIONS.
   C/O McCONAUGHEY AND LT BERRY BOTH ACKNOWLEDGE
THIS ON GOING PROBLEM, AS DID JOHN H. NEUMANN
MAILROOM SUPERVISOR: POLICY DC-ADM 803  2(B)(1);
TIMOTHY A HOLMES (DOC COUNSEL) DAVID SMITH
(HUNTINGDON COUNTY DA): KEVIN KAUFFMAN (SUPERINTENDENT)
AND CHRISTOPHER WENCKER (MY ATTORNEY) ARE ALL
AWARE OF THIS PROBLEM. RELIEF IS DUE
   EXHAUSTION REQUIREMENT.   ⎰RELIEF SAME AS ASK
613002-16 SAME PROBLEM   ⎱DURING INITIAL GRIEVANCE

**INMATE SIGNATURE:** _Tyree Marts_

2016

# Final Appeal Decision
## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | Tyrone Martin | Inmate Number: | KC5108 |
|---|---|---|---|
| SCI Filed at: | Smithfield | Current SCI: | Smithfield |
| Grievance #: | 616364 | | |

| Publication (if applicable): | |
|---|---|

| Decision: | ☐ Uphold Response (UR)<br>☐ Uphold Inmate (UI)<br>☒ Uphold in part/Deny in part |
|---|---|

*It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | Rationale |
|---|---|

You state in your grievance that on 3/7/16 you received mail marked legal from the PA Institutional Law Project that was opened and its control number was marked over with staff only. Mr. Moyer conducted an investigation into your allegations. The record reflects that Mr. Neumann interviewed you at your cell and confirmed that the mail had a control number scratched out but could not verify that it had been opened in the mailroom. The record reflects that there is no evidence that the mailroom staff opened your mail intentionally but your mail was indeed opened outside your presence. Your grievance is upheld in part due to the fact that your legal mail was opened outside your presence but denied in your relief sought. Procedures have been developed to keep this from happening in the future.

| Signature: | Dorina Varner *Dorina Varner* |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 4/26/16 |

DLV

cc: ▮▮▮▮▮▮▮▮▮▮▮▮▮
Grievance Office

I WROTE THIS
TO SHOW WHAT TIME
I RECEIVED OPEN LEGAL
MAIL



PARSON
7:45 pm
5-16-16

**SHOAF & WENCKER, LLC**
201 5th Street, Suite 201
Huntingdon, Pennsylvania 16652

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

**SHOAF & WENCKER, LLC**
201 5th Street, Suite 201
Huntingdon, Pennsylvania 16652

Tyrone Martin, KC5108
P.O. Box 999
1120 Pike Street
Huntingdon PA 16652-1172

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

Erica Shoaf

Tyrone Martin, KC5108
P.O. Box 999
1120 Pike Street
Huntingdon PA 16652-1172

Erica Shoaf

K A30

Legal

K A30

Legal

JOHNSTOWN PA 159

JOHNSTOWN PA 159

$0.465
US POSTAGE
FIRST-CLASS
FROM 16652
05/10/2016
stamps.com

$0.465
US POSTAGE
FIRST-CLASS
FROM 16652
05/10/2016
stamps.com

EXHIBIT -15-



Erica J. Shoaf, Esq.*
erica@shoafandwencker.com

Christopher B. Wencker, Esq.*
chris@shoafandwencker.com

\* also licensed in Arizona

March 23, 2016

Tyrone Martin, KC5108
SCI-Smithfield
P.O. Box 999, 1120 Pike Street
Huntingdon, Pennsylvania 16652

**Re:** **Your recent correspondence**

Dear Mr. Martin:

    I have received your correspondence of March 18, 2016, in which you insist that I should write you regarding your case. As I mentioned when we last met, I am not inclined to discuss case strategy or my work product in a forum that the Commonwealth has repeatedly violated and inspected. Until I am able to obtain reliable assurance that our communications will remain private, I cannot discuss your case in any detail with you. Please know, however, that I am working on your case, and hope to have some meaningful progress on it soon.

    Regarding discovery matters, those are still rather limited at this point – which is the point of our upcoming hearing. Nonetheless, I am still preparing a pretrial motion that will address some of the issues in the case. Please continue to let me know if you have any ideas or issues. Thank you.

Sincerely,

Christopher B. Wencker

EXHIBIT -16-

SHOAF & WENCKER, LLC

201 Fifth Street, Suite 201, Huntingdon, Pennsylvania 16652
**Telephone**: (814) 682-6814     **Facsimile**: (814) 690-1808
www.ShoafandWencker.com     www.HuntingdonLaw.com

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) JOHN H NEUMANN | 2. Date: 3-19-16 |
|---|---|
| 3. By: (Print Inmate Name and Number) TYRONE MARTIN KC 5108 | 4. Counselor's Name |
| Inmate Signature | 5. Unit Manager's Name |
| 6. Work Assignment | 7. Housing Assignment 14 |

8. Subject: State your request completely but briefly. Give details.

AFTER RECEIVING YOUR LAST RESPONSE I'VE REALIZED THAT YOU'VE ANSWERED SEVERAL OF MY REQUEST SLIPS CONCERNING THIS LEGAL MAIL PROBLEM. IN THE PAST YOU'VE WROTE THAT MY ATTORNEYS CONTACT NUMBER WAS IN VALID (WRONG) YET YOU CAME TO MY CELL AND MADE IT CLEAR THAT IS FALSE. WHY THE CHANGE?

Staff Member: (This Section for Staff Response Only)

The sender put the wrong ACN on the mail if I recollect correctly. They do have a valid ACN but didn't put it on the envelope correctly.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ Print _____ N Neu Sign _____ 3/20/16

Revised July 2000

EXHIBIT-17-

| Form DC-135A <br> **INMATE'S REQUEST TO STAFF MEMBER** <br> RE: WRONG INMATES MAIL | Commonwealth of Pennsylvania <br> Department of Corrections |
|---|---|
| | **INSTRUCTIONS** <br> Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) <br> LISA HOLLIBAUGH | 2. Date: 3-22-16 |
|---|---|
| 3. By: (Print Inmate Name and Number) <br> TYONE MARTIN <br> KC 5108 <br> Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name |
| 6. Work Assignment | 7. Housing Assignment <br> 14 |

8. Subject: State your request completely but briefly. Give details.

THIS IS MY NUMBER HOWEVER WAITER Smith IS NOT MY NAME NORE DO I HAVE A GRIEVANCE #614424-16. WHAT I THINK IS MOST STRANGE IS HOW STAFF WHO DELIVERS MAIL GIVES OTHER INMATES OTHER INMATES MAIL WHO SUPERVISES THESE NOUCE C/O's?

---

**Response: This Section for Staff Response Only**

Martin –

Thankyou – this was corrected.

---

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name ___Streighler___ Date 3-23-16
Print                          Sign
CSO

EXHIBIT 18-

Revised July 2000

| Form DC-135A **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania Department of Corrections |
|---|---|
| | **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) HolliBAUGH | 2. Date: 10-8-15 |
|---|---|
| 3. By: (Print Inmate Name and Number) TYRONE MARTIN KC-5108 *Tyrone Mart* Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name MORDER |
| 6. Work Assignment | 7. Housing Assignment 19. |

8. Subject: State your request completely but briefly. Give details.

ON 5-12-15, 5-19-15, + 6-9-15 MS ROSS AND WHO EVER ELSE ARE TO BLAME NEVER TO ANY FRONT FACIAL X-RAY FUTHERMORE EACH SIDE VIEW IS ANGLED. GRIEVANCE IS ON FILE. AND TODAY 10-8-15 C/O J.E. SAFKO TO ME TO REVIEW X-RAYS WHICH REVEALED WHAT IVE STATED ALL ALONG NO X-RAYS OF MY FACE WERE TOOK (FRONT). CONSEALING MY INJURIES FROM THIS SUBTERFUGE INVESTIGATION. ARE YOU IN ON THIS?

9. Response: (This Section for Staff Response Only)

I do not oversee the medical

Dept. Contact Mr. Dreiberbis

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _D. Adelsberger_        _____ Date 10/13/15
                        Print                    Sign

Revised July 2000

EXHIBIT -19-

PLEASE RESPOND WITH IN THE TIME FRAME POLICY ALLOWS'

The Original of the Document has
been filed in the Office of the
Prothonotary/Clerk of Court on

APR 1 2 2016

IN THE HUNTINGDON COUNTY COURT OF COMMON PLEAS

COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,

Plaintiff, | CASE NO. CP-31-CR-581-2015

vs.

(Assigned to Hon. George Zanic)

TYRONE MARTIN,

Defendant.

## OMNIBUS PRETRIAL MOTION FOR RELIEF

COMES NOW the Defendant, by and through counsel undersigned, and pursuant to Rule 578,

Pa.R.Crim.P., hereby moves this Honorable Court for the following relief:

### I.    Dismissal of All Charges

1. In any criminal prosecution for a felony offense, the accused is entitled to representation by counsel, and counsel must be appointed to any criminal defendant who cannot afford to hire one. *See Gideon v. Wainwright*, 372 U.S. 335 (1963); *Commonwealth v. Zrncic*, 2016 PA Super 29 (Pa. Super. Ct. 2016) (citing *Commonwealth ex rel. Wright v. Cavell*, 220 A.2d 611, 614 (Pa. 1966)).

2. An indispensable component of an attorney's representation of his client is the ability to communicate privately with the client. *See, e.g.*, Rule 1.6, Pa.R.Prof.Cond. (2016).

3. In order to properly safeguard privileged communications between an inmate and his or her attorney, the Department of Corrections ("DOC" or "Department") has established policies whereby an attorney may obtain an Attorney Control Number ("ACN"), which can be printed on a removable sticker attached to the exterior of a privileged piece of mail. Such mail is then opened in the presence of the inmate and inspected for contraband without reading its contents. All such mail is also to be noted in a Legal Mail Log. *See* DC-ADM 803, Inmate Mail and Incoming

1

*EXHIBIT-20-*

8. The most recent strategy chosen by the staff at SCI-Smithfield is to indicate that the "S" in undersigned counsel's ACN was erroneously replaced by a "5" by undersigned counsel or his staff, thus rendering the ACN invalid and ineffective in preserving the attorney-client privilege. (Exhibits F, G, and H).

9. As an initial matter, the sanctity of a constitutionally-protected right as important as the attorney-client privilege cannot reasonably be held to turn on such an apparently simple mistake – which was not even a mistake that undersigned counsel or his staff ever made.

10. In fact, the mistaken replacement of an "S" with a "5" cannot have occurred in this case, as undersigned counsel's staff prints the stickers containing the firm's ACN with a computer, which results in labels clearly showing the correct ACN. On one occasion, undersigned counsel's staff printed the sticker by hand, and on that occasion the ACN still was clearly legible and correct. (Exhibit I).

11. A continuous practice of opening an inmate's clearly-marked legal mail outside of his presence – such as the course of conduct engaged by the staff at the institution in this case – is a *per se* violation of the inmate's constitutionally-protected rights, and does not require any showing of particular injury. *See Jones v. Jane Doe*, No. 809 C.D. 2015 (Pa. Commw. Ct. 2015) (citing *Jones v. Brown*, 461 F.3d 353, 355 (3d Cir. 2006), cert. denied, 549 U.S. 1286 (2007); *Bieregu v. Reno*, 59 F.3d 1445, 1458 (3d Cir. 1995), overruled on other grounds, *Lewis v. Casey*, 518 U.S. 343 (1996); *Brown v. Pennsylvania Department of Corrections*, 932 A.2d 316, 319 (Pa. Commw. Ct. 2007)).

12. The staff at SCI-Smithfield also have prevented meaningful in-person contact between undersigned counsel and the Defendant. Undersigned counsel had one "contact visit" with his client early in the case, shortly after the Commonwealth's initial disclosure. Since that visit, all of

3

20. The Commonwealth has failed to allege that any "deadly weapon or instrument" was used or possessed by the Defendant during the alleged incident, or to adduce any evidence even suggesting that such was the case.

21. The Commonwealth has failed to adduce sufficient evidence to suggest that the Defendant used "any means of force likely to produce serious bodily injury." *See, e.g., Commonwealth v. Chew*, 487 A.2d 1379, 338 Pa.Super. 472 (Pa. Super. Ct. 1985), and cases cited therein.

22. As the Commonwealth has failed to provide evidence to support the elements of the offenses charged in Counts 1 through 4 of the Information, those counts must be dismissed.

### III.   Appointment of an Investigator

23. The Commonwealth has identified four alleged victims in this case, as well as five witnesses, two of whom are inmates. The Defendant has identified several other witnesses, many of whom are inmates.

24. An issue in this case is whether the Defendant was attacked by the alleged victims and thus acted in self-defense.

25. In order to adequately prepare for the defense of this case, undersigned counsel requires interviews of all of the alleged victims and other witnesses, as well as information relevant to events that occurred the day of the incident.

26. As noted above, the institution has interfered with undersigned counsel's access to his client. The institution, the Department, and the Commonwealth also have not adequately responded to undersigned counsel's request for disclosure.

27. Undersigned counsel thus requires the assistance of an investigator in investigating and preparing the defense of the charges in this case, and requests that funds be authorized to hire an investigator.

RESPECTFULLY SUBMITTED this 12ᵗʰ day of April , 2016.

5

**Form DC-135A**

## INMATE'S REQUEST TO STAFF MEMBER

**Commonwealth of Pennsylvania
Department of Corrections**

### INSTRUCTIONS

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) MAIL ROOM SUPERVISOR

2. Date: 1-18-16

3. By: (Print Inmate Name and Number) TYRONE MARTIN
KC5108
Inmate Signature

4. Counselor's Name

5. Unit Manager's Name

6. Work Assignment

7. Housing Assignment 79

8. Subject: State your request completely but briefly. Give details.

PLEASE TELL ME WHY MY LEGAL MAIL KEEPS COMING OPEN BY THE MAILROOM? EVEN WHEN THEIR IS "ATTORNEY-CLIENT PRIVILEGED COMMUNICATION" PLASTERED ACROSS IT. I HAVE/AM CHARGE BY THIS JAIL OF A CRIME AND AWAIT TRIAL BUT YOU KEEP VIOLATING MY RIGHTS.

It isn't legal mail if A doesn't have an Attorney Control Number on it-

To DC-14 CAR only ☐          To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _____ Print _____ Sign _____ Date 1/20/16

Revised July 2000

*PLEASE RESPOND WITH IN POLICY ALLOWED TIME FRAME*

## Exhibit A

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>LT BERRY | 2. Date: 2-4-16 |
| 3. By: (Print Inmate Name and Number)<br>TYRONE MARTIN<br>KC 5108<br>Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name |
| 6. Work Assignment | 7. Housing Assignment 14 |

8. Subject: State your request completely but briefly. Give details.

YOU ARE AWARE THAT MY LEGAL
MAIL CAME OPEN TODAY. ONCE
AGAIN EVEN WITH AN CONTROL
NUMBER ATTACHED. THIS IS A
PROBLEM WHICH I HOPE YOU'll
ADDRESS

Being made aware of the
situation ~

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ L. Berry _____ Date 2/4/16
                        Print            Sign

Revised July 2000

**Exhibit C**

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>MAILROOM SUPERVISOR | 2. Date:<br>2-23-16 |
| 3. By: (Print Inmate Name and Number)<br>TYRONE MARTIN<br>KC 5108<br>Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name |
| 6. Work Assignment | 7. Housing Assignment<br>19 |

8. Subject: State your request completely but briefly. Give details.

PLEASE TELL ME WHY you SAID MY LAWYERS CONTROL NUMBER WAS NOT VALID? WHICH SEEMS TO BE your REASONING FOR VIOLATING MY CONSTITUTIONAL RIGHTS AND RIGHTS TO A FAIR TRIAL. AS ITS CLEAR THAT WITH EXCESSIVE MAIL IT WOULD BE SIMPLE TO SEPERATE LEGAL MAIL FROM REGULAR SO WHY IS IT THAT MY MAIL IS BEING TAMPERED WITH? (LEGAL MAIL THAT IS)

It didn't $ match the number from the list we receive from Central Office.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ Print _____ Sign _____ Date 2|25|16

Revised July 2000

*(left margin, vertical handwriting)* PLEASE RESPOND WITH IN POLICY ALLOWED TIME FRAME.

**Exhibit E**

## INITIAL REVIEW RESPONSE
### SCI Smithfield
### 1120 Pike Street
### Huntingdon, PA 16652

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| | | | |
|---|---|---|---|
| Tyrone Martin | | | KC5108 |
| SCI Smithfield | | | K Block |
| 613002-16 | | | 2/14/16 |

**Publication (if applicable):**

☐ Uphold Inmate
X  Grievance Denied
☐ Uphold in part/Denied in part

It is the decision of this grievance officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.

In your grievance you stated that on 2/8/16 you received legal mail that was once again opened and this is a violation of your rights. You informed the mailroom supervisor of this problem and you were told that the Attorney control number was not valid and the mail can be opened, which you feel is a lie. Your right to a fair trial is being violated as your legal mail is being tampered with. You would like for staff to stop ignoring inmate rights.

Mailroom staff inspect mail and verify all Attorney control numbers before it is marked as legal in nature. I spoke with UM Kohler and he stated the control number was scratched off the envelope but you received a photo copy of it from your lawyer and the number that you gave him is an incorrect control number. This is why your mail was not treated as legal.

Grievance denied.

| | |
|---|---|
| Signature: | E. Stone  *E. Stone* |
| Title: | Accountant |
| Date: | 2/26/16 |

cc:  Supt Kauffman
Dept Wakefield
Dept Whitesel
Major Chiam
DC-15
File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016



Attachment 1-D

dist
2-26-16
DD

# Exhibit G



Enca Shoaf  2014 0220 51641

**Exhibit I**



Erica J. Shoaf, Esq.*
erica@shoafandwencker.com

Christopher B. Wencker, Esq.*
chris@shoafandwencker.com

* also licensed in Arizona

February 9, 2016

Kevin Kauffman, Superintendent
State Correctional Institution – Smithfield
1120 Pike Street
P.O. Box 999
Huntingdon, Pennsylvania 16652

Re:    Tyrone Martin, Inmate No. KC5108; Interception of privileged communications

Dear Mr. Kauffman:

I represent Tyrone Martin regarding pending criminal charges. A copy of the Order of the Huntingdon County Court of Common Pleas appointing me to represent Mr. Martin is enclosed as confirmation that he is my client. Accordingly, any communications between me and Mr. Martin regarding our case are privileged and not subject to scrutiny. *See, e.g.,* Rule 1.6, Pa.R.Prof.Cond.; *In re Thirty-Third Statewide Investigating Grand Jury. Petition of Pa. Tpk. Comm'n,* 86 A.3d 204 (Pa. 2014).

Notwithstanding this widely respected and firmly rooted rule, I have been informed that my mail to my client has been opened by your staff on numerous occasions. Mr. Martin has complained repeatedly about this violation of his privilege. Recently, he has been advised that my mail to him "isn't legal mail if it doesn't have an Attorney Control Number on it." (Inmate's Request to Staff Member, Form DC-135A, dated January 18, 2016, a copy of which is enclosed). This statement apparently refers to Department of Corrections (DOC) Policy DC-ADM 803, Inmate Mail and Incoming Publications, and specifically Section 2(B), which requires attorney-client privileged mail to be marked with a "Control Number" issued by the DOC's Office of Chief Counsel. Despite your staff's implication, we have regularly and consistently attached a Control Number to my correspondence to my client. A copy of one of our recent mailings to my client is enclosed to illustrate this fact.

Section 2(B)(1) dictates that "[i]ncoming privileged correspondence will be opened and inspected for contraband in the presence of the inmate to whom it is addressed." Contrary to this clear mandate, my mail to my client has repeatedly been opened before even being delivered to him. Section 2(B)(1)

SHOAF & WENCKER, LLC

201 Fifth Street, Suite 201, Huntingdon, Pennsylvania 16652
**Telephone:** (814) 682-6814      **Facsimile:** (814) 690-1808
www.ShoafandWencker.com      www.HuntingdonLaw.com

EXHIBIT -21-

To:  Kevin Kauffman, Superintendent                                            Page 2 of 2
Re:  Tyrone Martin, Inmate No. KC5108; Interception of privileged communications

also requires that incoming legal mail be logged on a Legal Mail Log (Attachment 2-B), which must be signed by the inmate upon receipt of the mail. As this requirement also seems to be unfulfilled, I hereby demand production of the Legal Mail Log for each item of mail that my office has delivered to Mr. Martin. Please deliver these logs to my office no later than fifteen days from the date of this letter.

Your institution's repeated intrusions into my privileged communications with my client is a serious issue, and I expect it to be addressed immediately and decisively. Should I learn that another such violation of our privilege occurs, I may pursue any available legal remedy at my disposal, without providing any further notice. Please feel free to contact me if you have any questions.

Sincerely,

Christopher B. Wencker

Enclosures

cc:    Timothy A. Holmes, Acting Deputy Chief Counsel for Litigation
       Office of Chief Counsel
       Pennsylvania Department of Corrections
       1920 Technology Parkway
       Mechanicsburg, Pennsylvania 17050

       David Smith
       Huntingdon County District Attorney
       207 Washington Street
       Huntingdon, Pennsylvania 16652

       Tyrone Martin, KC5108
       SCI-Smithfield
       P.O. Box 999
       1120 Pike Street
       Huntingdon, Pennsylvania 16652

Wencker

# IN THE COURT OF COMMON PLEAS OF HUNTINGDON COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA:  NO. CP-31-20302-CR-139-2015

:

                    VS                :

:

TYRONE MARTIN                  :

## ORDER

AND NOW, this 21st day of October, 2015, the appointment of Attorney

Christopher Wencker to serve as Counsel for Tyrone Martin in the above-captioned

case shall replace the prior appointment of Attorney Justin Miller.

BY THE COURT:

_____
George N. Zanic, President Judge

The Original of the Document has
been filed in the Office of the
Prothonotary/Clerk of Court on

**OCT 2 1 2015**

PLEASE RESPOND WITH IN POLICY AllOWED TIME FRAME

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** | **Department of Corrections** |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) MAIL ROOM SUPERVISOR

2. Date: 1-18-16

3. By: (Print Inmate Name and Number) TYRONE MARTIN

KC5108

Inmate Signature

4. Counselor's Name

5. Unit Manager's Name

6. Work Assignment

7. Housing Assignment

8. Subject: State your request completely but briefly. Give details.

PLEASE TELL ME WHY MY LEGAL MAIL KEEPS COMING OPEN BY THE MAILROOM? EVEN WHEN THEIR IS "ATTORNEY-CLIENT PRIVILEGED COMMUNICATION" PLASTERED ACROSS IT. I HAVE /AM CHARGE BY THIS JAIL OF A CRIME AND AWAIT TRIAL BUT YOU KEEP VIOLATING MY RIGHTS.

It isn't legal mail i.E. it doesn't have an Attorney Control Number on it.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name _____ Print _____ Sign _____ Date 1/20/16

Revised July 2000



**PRIORITY MAIL 2-DAY™**

Erica Shoaf 0025
Shoaf & Wencker, LLC
201 5th St Ste 201
Huntingdon PA 16652

C005

SHIP TO: Tyrone Martin, KC5108
SCI Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon PA 16652-1172

**USPS TRACKING #**

9405 5118 9956 3373 5990 34

Erica Shoaf 2014 0220 S 1641

# RELEASE FROM RESPONSIBILITY FOR MEDICAL TREATMENT

I, _Tyrone Martin_ , an inmate at S.C.I. _Smithfield_
  (Inmate's name)                                                (Facility)
have been advised by the physician named below that I am in need of medical treatment for:

_X-Ray (L) Elbow. (R) orbit. Facial Bones_

I understand the nature of the treatment is: (Give brief description of the medical treatment required, and the possible consequences of this inmate not receiving it.)

_By refusing the x-ray any fracture dislocation or other abnormality will go undetected and therefore untreated! This failed result in permanent damage._

I hereby refuse this treatment. I have been fully advised of the nature of my ailment or injury and fully realize the effects that may result from my refusal to accept the prescribed treatment. I hereby release the attending physician, and the institution from all legal responsibility for any ill effects which may result from my refusal to accept medical treatment.

In signing this, I certify that the above has been read and fully explained to me. **JOHN KEPHART DO MEDICAL DIRECTOR**

_Refused to sign 5/7/15_          _5/7/15_
Inmate Signature          Date          Physician Signature          Date

_5/7/15_          _5/7/15_
Witness Signature          Date          Attending Health Care          Date
                                          Provider Signature

---

Release from Responsibility for
Medical Treatment
Commonwealth of Pennsylvania
Department of Corrections
DC-462
Revised 6-02

Inmate Name: _Martin. Tyrone_

Inmate Number: _KC5108_

DOB: _10/3/71_

Facility: _Smi_

_EXHIBIT -22-_

A of E.3

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1920 TECHNOLOGY PARKWAY**
**MECHANICSBURG, PA 17050**

FOR OFFICIAL USE
56 0563-15
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: 5/12/15 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: LHU 24 | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

ON 5-12-15 I WAS TOOK TO MEDICAL
FOR XRAYS. AT WHICH TIME ONLY
ONE SIDE OF MY FACE WAS X-RAY
AND THE BACK OF MY HEAD. I DID
NOT RECIEVE A FULL FACIAL AND HEAD
X-RAY (MEDICA TREATMENT) AS IF
THEY WISH TO HIDE MY INJURY,
RELIEF: FULL XRAY, MONEY)

**B.** List actions taken and staff you have contacted, before submitting this grievance.

STAFF, DOC

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____       _____
Signature of Facility Grievance Coordinator                     Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**                                    **Attachment 1-A**
Issued: 3/31/2014
Effective: 5/1/2014

EXHIBIT -23-



DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1920 TECHNOLOGY PARKWAY**
**MECHANICSBURG, PA 17050**

| FOR OFFICIAL USE |
| --- |
| [illegible] |
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: [illegible] | DATE: 5-12-15 |
| --- | --- | --- |
| FROM: (INMATE NAME & NUMBER) [illegible] | SIGNATURE OF INMATE: [illegible] | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: [illegible] 24 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 5-12-15 I was took to medical for xrays. At which time only [illegible] side of my face [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] (Head) [illegible]

B. List actions taken and staff you have contacted, before submitting this grievance.

Staff, [illegible]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature]
Signature of Facility Grievance Coordinator

5/14/15
Date

WHITE Facility Grievance Coordinator Copy CANARY File Copy PINK Action Return Copy
GOLDEN ROD Inmate Copy

| Title: | Registered Nurse Supervisor |
|--------|------------------------------|
| Date:  | 5-26-15 |

cc:      Superintendent, Deputy Wakefield , Deputy Whitesel, DC-15

*lgh*



COPE 3.

## SCI SMITHFIELD
## APPEAL TO FACILITY MANAGER
## GRIEVANCE

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| KC5708 | MARTIN | RHU 24 | 5-30-15 | 566563-15 |

I received my initial response from the Grievance Office/Coordinator on 5-29-15
and have the following appeal issues.

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.

Please provide a BRIEF (no longer than two pages) appeal statement.

RE: MARTIN V. DOC : PLEASE BE AWARE THAT MEDICAL
HAS JUST ADMITTED IN WRITING TO COVERING UP
MY MEDICAL INJURIES. IN ITS INITIAL REVIEW
RESPONSE THEY STATE THAT THE X-RAYS TAKEN WERE
NOT OF MY INJURIES ON MY RIGHT SIDE OF MY
FACE. THEY SAY THEY CHOSE MY LEFT SIDE WHICH
I MADE NO COMPLAINT OF. I RECEIVED STITCHES
ON MY RIGHT EYE AND RIGHT SIDE OF MY
HEAD WAS BEATIN. FUTHERMORE ONLY TWO X-RAYS
WERE TOOK AND BOTH WERE OF THE LEFT SIDE.
CLEARLY TRYIN TO HIDE MY INJURIES.
    CRUEL & UNUSUAL PUNISHMENT
    RETALIATION BY STAFF
    WOLFE V. BEARD 2011 US DIST. LEXIS 15339 (ED PA 2011)
    PHYSICAL INJURY REQUIREMENT.
    ABUSE: EIGHTH AMENDMENT VIOLATION
    INADEQUACY OF MEDICAL CARE.

THE RECORDS ARE CLEAR THAT IVE COMPLAINED OF
INJURIES TO MY RIGHT SIDE. MY STITCHES WERE
ON THAT SIDE. WE MUST ADDRESS THIS PROBLEM
(SECURITY IS HELPING COVER THIS UP) INMATE SIGNATURE: Tyrone Martin
                                              CC: FILE

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 12/1/2010
Effective: 12/8/2010

SOMETHING IS WRONG
HERE IN SMITHFIELD

**Attachment 2-A**

CC: FILE
ATTORNEY

MARTIN Y. MED DEPT, DOC
566563-15

SUPERINTENDENT                    5-30-15
T. MARTIN KC5108
Tyrone Marts

                                  MONDER
                                  RHU 24

MS ROSS X-RAY TECH. SHE LIED THERE WAS ONLY
TWO X-RAY TOOK OF MY HEAD IN AN EFFORT TO HIDE
MY INJURIES AS WELL AS THE ACTUAL EXCESSIVE FORCE

IN THE REVIEW RESPONSE IT STATES "I CAN NOT FIND
ANY EVIDENCE OF ANY DECEPTION IN THIS CASE "
CLEARLY THERE IS DECEPTION WHEN THE LEFT SIDE
OF MY FACE IS X-RAY KNOWING THE INJURY IS TO
THE RIGHT SIDE OF MY FACE ⊕ HEAD. SOMETHING
I SPOKE OF FROM THE VERY START

    DR. PANCHA, DR. KEPHART ONLY GO BY WHAT STAFF
PROVIDES. IF THEY NEVER ACTUALLY CARE ABOUT
TRUTH OR A BLACK PERSON THEY WOULD NOT LOOK
INTO IT GUTHER. THIS IS CRUEL ⊕ UNUSUAL PUNISHMENT
                   RETALIATION ⊕ ABUSE
        "DELIBERATE INDIFFERENCE"

FILED SICK CALLS AGAIN
ON 5-31-15  6-1-15       ON 6-2-15 PORTA (PA) STATED
   SEEN 6-1-15   SEEN 6-2-15   THAT IT IS A HAMSTRING INJURY
                              TO MY LEG WITH OTHER BRUSSES
DELIBERATE INDIFFERENCE       AND SAYS SHE MUST SPEAK WITH
INTENTIONALLY DENYING         X-RAY TECH ON THURSDAY 6-4-15
OR DELAYING ACCESS TO         TO TRY AND FIND OUT WHY NO
MEDICAL TREATMENT OR          X-RAY WAS TOOK FROM THE RIGHT
INTENTIONALLY INTERFERING     SIDE WHEN SHE (PORTA) REMOVED MY
WITH THE TREATMENT ONCE       STITCHES HERSELF FROM RIGHT SIDE
PRESCRIBED: ROUSE V. PLANTIER
'87 F 2d 197. 197 (3d CIR 1999)

*D OF E.3*

## Facility Manager's Appeal Response
### SCI Smithfield
PO Box 999, 1120 Pike Street
Huntingdon, PA  16652

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Tyrone Martin | Inmate Number: | KC5108 |
|---|---|---|---|

| Facility: | SCI Smithfield | Unit Location: | KA Block |
|---|---|---|---|

| Grievance #: | 566563-15 |
|---|---|

| Decision: | ☑ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | |
| | ☐ Dismiss/Dismiss Untimely | |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | | *Frivolous* |
|---|---|---|

In reviewing your grievance and appeal, it is noted that your issue regarding Medical Department not providing you with a full facial and head xray was adequately addressed by RN Hartman. You state on 5-12-15 you were taken to Medical for x-rays, which you only had one side of your face and back of your head x-rayed.  You feel Medical wants to hide your injury.   In your appeal, you present the issues as noted in your initial grievance.  The records reflect the grievance officer did provide you a complete and thorough response to your issues.  The records reflect the grievance officer reviewed your medical chart and referenced multiple dates of when you were seen by medical staff and provided x-rays.  The records reflect the grievance officer explained why you were x-rayed on your left side, which revealed no fractures.  The records reflect that you were provided with a full skull x-ray and was explained in detail of how the procedure was completed with a three view x-ray series.  The records reflect the grievance officer explained the left side was chosen as there was edema and ecchymosis around your left eye.  The records reflect that you had not complained or demonstrated any injuries to the right side of your face or head therefore Dr. Kephart did not order the right side view.  The records reflect the grievance officer noted no evidence of deception is found in this case, as the obtaining and interpretation of the x-rays are conducted by an outside contractor.  I subsequently discussed with Medical your issues with the right side of your face/eye.  It was explained that medical staff have repeatedly explained to you that the full skull x-ray encompassed the right side, which revealed no fractures and have been addressed during your visits to medical.
Your requested relief is denied.
Response is upheld.
Frivolous is upheld.

| Signature: | Kevin Kauffman |
|---|---|
| Title: | Facility Manager |
| Date: | 06/17/15 |

C:      Deputy Whitesel
         Deputy Wakefield
         Ms. Hollibaugh
         Ms. Streightiff
         DC-15

E OF E.3

566563-15

## Inmate Appeal to Final Review
# GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE # |
|---|---|---|---|---|
| KC5108 | MARTIN | SMITH | 6-22-15 | 566563-15 |

I received my appeal from the Superintendent on __6-18-15__ and have the following appeal issues.

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions. Appeals must relate to the issue presented in the initial grievance and 1st level appeal.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

I APPEAL TO YOU TO GIVE YOU A CHANCE TO ADDRESS THIS PROBLEM BEFORE I FILE TORT OR FEDERAL CLAIM.

PLEASE BE AWARE THAT THE MEDICAL CHART WILL SHOW THAT THE RIGHTSIDE WAS ORDERED TO BE X-RAY 5-6-15 OR 5-7-15 BUT ON THE DAY I WAS X-RAY STAFF HAD A SIDE BAR CONVERSATION WITH THE X-RAY TECH. AND MY LEFT SIDE WAS ONLY X-RAY. IVE ALREADY PAID FOR A COPY OF MY MEDICAL CHART AND REVIEW IT A FEW DAYS AGO. ALSO SECURITY HAS PICTURES WHICH SHOWS MY ACTUAL INJURIES AND ALTHOUGH THE DOCTOR WROTE LEFTSIDE ON MAY 5th ONE INCH CUT WE REFLEX TO THE RECORD WHICH REVEALS STITCHES RE-MOVED FROM RIGHT EYE. THE QUESTION IS WHO'S IN MEDICAL TRYING TO COVER UP WHAT MYERS + KANABY DID? AND WHY? ALSO IF ALL X-RAYS WERE TOOK AS STATED THEN WHY DID THEY X-RAY THE RIGHT SIDE ON 6-9-15 READ ATTACHED REQUEST SLIP.

RELIEF IS SAME AS LISTED ON GRIEVANCE

**INMATE SIGNATURE** Tyrell Martin

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 2-E*

EXHIBIT I

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

CC: File

MARTIN V. DOC
566563-15
565638-15    ECT...

**INSTRUCTIONS**
Complete items number 1-8.  If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) SUPERINTENDENT | 2. Date: 6-24-15 |
|---|---|
| 3. By: (Print Inmate Name and Number) TYRONE MARTIN KC 5108 | 4. Counselor's Name |
| *Tyrone Martin* ___ Inmate Signature | 5. Unit Manager's Name MORDER |
| 6. Work Assignment | 7. Housing Assignment RHU 24 |

8. Subject:  State your request completely but briefly.  Give details.

I WOULD ASK TWO QUESTIONS OF MERIT.

#1. DO YOU BELIEVE IN YOUR HEART THAT A C/O WOULD ADMITT THAT HE RETALIATED AGAINST A INMATE?

#2. DO YOU BELIEVE THAT C/O'S WILL LIE?

THANK YOU FOR YOUR TIME!

9. Response: (This Section for Staff Response Only)

I can not speak of the intentions of all employees however, when there is reason to suspect, I can assure you that I send it to the Security office for action.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ Print _____ _____ Sign _____ Date 6-25-15

Revised July 2000

PLEASE RESPOND WITH IN POLICY ALLOWED TIME

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
_Mr. Carson_

2. Date: _5-7-15_

3. By: (Print Inmate Name and Number)
_MARTIN, KC5108_
_Tyrone Martin_
Inmate Signature

4. Counselor's Name

5. Unit Manager's Name
_MENDER_

6. Work Assignment

7. Housing Assignment
_RHU 24_

8. Subject: State your request completely but briefly. Give details.

_I NEED TO SPEAK WITH_
_YOU ASAP. BEING DENIED_
_FOOD DAILY. REVIEW RHU_
_VIDEO. BEING DENIED MEDICA_

9. Response: (This Section for Staff Response Only)

_I will forward your allegations_
_to the Security office for_
_Investigation._

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _Chris Cot_ _Chris Cot_ Date _5/11/15_
Print                           Sign

Revised July 2000

_cc: Capt. Fichbowl_

E.5 OF E.5

| Form DC-135A   CC: FILE | Commonwealth of Pennsylvania Department of Corrections |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** MARTIN V. MED DEPT. GRIEVANCE 566563-15 | **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

1. To: (Name and Title of Officer) WHITESEL — 2. Date: 6-9-15 (X-RAYS TOOK)

3. By: (Print Inmate Name and Number) Inmate MARTIN KC5108
Tyree Martin — Inmate Signature — 4. Counselor's Name

5. Unit Manager's Name MORDER

6. Work Assignment — 7. Housing Assignment ERHU 24

8. Subject: State your request completely but briefly. Give details.

ONCE AGAIN THE X-RAY (TECH) DID NOT TAKE ANY FRONT FACIAL X-RAY. MY NOSE WAS FRACTURED OR BROKE ON 5-5-15 AND ITS AS IF STAFF IS TRYING TO COVER UP MY INJURIES. SHE WAITED OVER ONE MONTH TO X-RAY THE RIGHTSIDE OF MY FACE WHERE THE DAMAGE WAS DONE THE SUPERINTENDENT ADVISE ME TO WRITE YOU YET DR E?? DID NOTH.

PLEASE RESPOND WITH IN POLICY ALLOWED TIME

I have discussed your X-ray in depth with CCS providers and the Practitioners. The X-ray provided a full image of your head and was taken appropriately. The X-Ray Technition is properly trained and was well aware of what was requested by the practitioners. There is no conspiracy to hide anything. You have been provided medical care above and beyond what could be expected. I am confident you are receiving proper medical care as it relates to your concerns.

Supt. Kauffman; Mr. Dreibelbis, CHCA; Ms. Cutshall, CCS, Dr. Eisenberg; DC15; Ms. Porta, PAC Medical

**Deputy Whitesel**                    **6/11/2015**

Form DC-135A          *CC : FILE*

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
   MS PORTA

2. Date: 6-18-15

3. By: (Print Inmate Name and Number)
   TYRONE MARTIN   KC5108
   *Tyrone Martin*
   Inmate Signature

4. Counselor's Name

5. Unit Manager's Name
   MORDER

6. Work Assignment

7. Housing Assignment
   RHU 24

8. Subject: State your request completely but briefly. Give details.

WHERE WERE MY INJURIES LOCATED? ON WHAT SIDE OF MY FACE DID I HAVE STITCHES?

Right side & Right Cheek

To DC-14 CAR only  ☐                To DC-14 CAR and DC-15 IRS  ☐

Staff Member Name  MS. Cutshell ,  _____  Sign  Date  6-23-15

Revised July 2000

*(left margin, handwritten vertically):* PLEASE RESPOND WITH IN THE TIME FRAME ALLOW

## INITIAL REVIEW RESPONSE
### SCI-Smithfield
PO Box 999, 1120 Pike Street
Huntingdon, PA 16652

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

| Inmate Name: | Martin, Tyrone | Inmate Number: | KC5108 |
|---|---|---|---|
| Facility: | SCI-Smithfield | Unit Location: | CA/23 |
| Grievance #: | 561652-15 | Grievance Date: | 4/13/15 |
| Publication (if applicable): | | | |

| Decision: | ☐ Uphold Inmate<br>☐ Grievance Denied<br>☒ Uphold in part/Denied in part |
|---|---|

*It is the decision of this grievance officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance, and relief sought.*

| Response: | | | Frivolous: | |
|---|---|---|---|---|

I am in receipt of your grievance #561652-15 where you report on 4/13/15 that the officer on C block are bias regarding the phones. They allow some inmates to use open phones but not everyone. You state that there are not enough phones on the block to allow inmates proper access. Also, you state that the jail is too small and the cells are actually single cells. You state that there is no reason to stop an inmate from using an open phone other than to harass inmates. You are requesting that staff allow inmates to use the phones.

I spoke to you regarding this grievance. The lower phone rates and increased demand for the phones have caused ongoing issues for both staff and inmates. You believe that there is bias on the block and that some inmates are given preferential treatment. You may be correct in that staff may offer times to inmates who they believe are less problematic than others. There is no proof to that allegation. You are also correct that there are not enough phones. Deputy Wakefield has given much thought on how to be fair and equitable with phone usage until we have more phones. This policy was outlined via memo and began on 4/22/15. Additional phones are on order. Obviously, cell size can't be changed. Your concerns will be addressed soon and the phone issues will be a thing of the past. This grievance is upheld in part and denied in part.

*RS*

| Signature: | M. Morder   *M. Morder* |
|---|---|
| Title: | UM |
| Date: | 4/27/15 |

cc: Superintendent Kauffman
Major Chism
Deputy Wakefield
Deputy Whitesel
DC15

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 1-D*

*Dist.*
*4/30/15*
*WNW*

EXHIBIT - 24 -

# INITIAL REVIEW RESPONSE
SCI Smithfield
1120 Pike Street, PO Box 999
Huntingdon, PA  16652

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | Tyrone Martin | Inmate Number: | KC5108 |
|---|---|---|---|
| Facility: | SCI Smithfield | Unit Location: | RHU |
| Grievance #: | 573571-15 Appeal Remand Response | Grievance Date: | 06-29-15 |

| Decision: | ☐ Uphold Inmate<br>X  Grievance Denied<br>☐ Uphold in part/Denied in part |
|---|---|

*It is the decision of this grievance officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:**                                                                        Frivolous  X

## Remanded Response:

Inmate Martin is grieving PAC Porta for allegedly lied in telling him the she could not examine him because he was a security risk. Inmate Martin alleges that she stated that she would write down a few things (medical issues). He reports this to be retaliation due to his request for medical records to be sent to his family doctor. Inmate Martin also alleges the medical department is trying to cover up his injuries due to a grievance response from Superintendent Kauffman on 6/17/15 that states no injuries on the right side of his face.  This is why Dr. Kephart did not order a right side view.  Inmate Martin is seeking proper medical treatment, retraining of staff and money.

I have reviewed inmate Martin's medical chart and spoke to PAC Porta about inmate Martin's concerns in this grievance. On 06-29-15 all of inmate Martin's medical concerns had been addressed previously and did not require for him to be seen outside of the cell. It is not clear as to what inmate Martin is grieving in his statement, "she stated that she would write down a few things." PAC Porta did write down a note in his medical record on 06-29-15 and there is no indication that she meant to write anything else. PAC Porta did make the statement that inmate Martin was a "security risk" and was not going to be pulled out of his cell unless he presented new symptoms that required a physical exam. Due to the security concerns of pulling an inmate out of the RHU cell. On 7/1/15 PAC Porta did have inmate Martin pulled out his cell for an examination of his knee and ordered Ibuprofen for his complaints of knee pain and swelling. During this period of time it should also be noted that inmate Martin was signing up for sick call almost every day. PAC Porta did discuss that inmate Martin would have to send a request to medical records if he wanted to review his medical records.

PAC Porta did not examine inmate Martin on 06-29-15 because the medical concerns he reported were already addressed multiple times. Inmate Martin is already provided with appropriate medical care and I find no merit to support the need to retrain staff or any retaliation against him. Inmate Martin's request for monetary payment is denied. I find this grievance to be frivolous.

Superintendent Kauffman quoted from a grievance response from Nursing Supervisor Hartman on 6/17/15. In this response Nurse Supervisor Hartman had mistakenly stated that there were no injuries to the right side of inmate Martin's face when in fact there was a laceration and bruising on the right side of inmate Martin's

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                                       **Attachment 1-D**
Issued: 4/27/2015
Effective: 5/1/2015

EXHIBIT-25-

face.  Even though RNS Hartman did write misinformation in the grievance response about the location of inmate Martin's facial injuries the answer of the grievance response remains the same.  Inmate Martin highlighted the section of the 6/17/15 grievance response that states the full skull x-ray encompassed the right side of his face and showed no fractures. Dr. Kephart was aware of the injuries to inmate Martin's right side of his face when he ordered the x-ray series on 5/12/15.   Dr. Eisenberg reordered the facial x-rays for inmate Martin on 6/9/15 and these x-rays also showed the same results as the x-rays 5-12-15 of no fractures of the right side of inmate Martin's face.

I still find no merit to any of inmate Martin's issues that he brings up in his grievance appeal.  RNS Hartman was addressed concerning the misinformation provided in the grievance response, prior to this grievance appeal.  The answer to the grievance still remains the same that inmate Martin does not have any facial fractures.  PAC Porta had inmate Martin pulled out of his cell when his care dictated this action and did not have anything to do with him being a security risk. His medication was also ordered appropriately for his complaints of pain and swelling of his knee.  All of inmate Martin's care has been appropriate to date.

| Signature: | *William H Dreibelbis* |
| Title: | CHCA |
| Date: | 8/5/15 |

cc:     Facility Grievance Coordinator
         DC-15
         File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 4/27/2015
Effective: 5/1/2015

*Attachment 1-D*

A24

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer)<br>*Matthews* | 2. Date: 5-7-15 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>*TYRONE MARTIN*<br>*KC 5108*<br><center>Inmate Signature</center> | 4. Counselor's Name |
| | 5. Unit Manager's Name<br>*MORDEN* |
| 6. Work Assignment<br>*NONE* | 7. Housing Assignment<br>*RHU   24 CELL* |

8. Subject: State your request completely but briefly. Give details.

PLEASE PRESERVE ALL VIDEO FOOTAGE INCLUDING INFRONT OF UNIT. ALSO PRESERVE CALLOUT SHEET FOR 5-5-15 ALL 5-5-15 VIDEO IS REQUESTED AS WELL AS CALLOUT PASSES PRINTED. ALL STATEMENTS GATHER FROM STAFF AND INMATES ALONG WITH PHONE CALL RECORDING 14:20 PM

9. Response: (This Section for Staff Response Only) I WAS ASKED BY STAFF

I will forward your allegation and request to the Security office for investigation.

| To DC-14 CAR only ☑ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _*Lisa Cox*_ , _*Lisa Cox*_ Date 8/11/15
<center>Print          Sign</center>

Revised July 2006

CC: CPT. Eichenlaub

EXHIBIT -26-

*Mc Zappa*

## CONSULTATION RECORD

| Part A: Completed by referring facility | Type of Consult: (Circle) Initial **Follow-up** **On-Site** Off-Site Telemedicine |
|---|---|
| Referred to: *PT* | If Off-Site: (Circle) **PV** OS XR DI | Authorization #: **3127533** |
| Last PPD: Date: _____<br>Result: ☐ Negative<br>☐ Positive mm: _____ | Drug Sensitivity: | Appt. Date/Time: *12-14-15* |

| Relevant health information attached: (Circle) | Yes | No | ☐ Must schedule consult no later than: _____ | ☐ Routine |
|---|---|---|---|---|

History of Present Illness/Injury/Physical Findings:

LLK/o c̄ @ knee pain

Suru 9/23 —

Provided HEP

Requesting 3 mo FU

Treatment to Date/Current Medications and Significant Medication History:

James Frommer, DO 06581A

_____

Signature of Referring Physician        9/24/20__

| UR Decision: Site Medical Director (Check) ☑ Approval<br>☐ Alternate Treatment Plan (ATP) ☐ Reviewed & Forwarded | Signature/Date: 06587C<br>**James Frommer, DO** 9/24/20__ |
|---|---|
| UR Decision: Regional Medical Director (Check)<br>☐ More Information ☐ Approval ☐ ATP ☐ Reviewed & Forwarded | Signature/Date: |
| UR Decision: State Medical Director (Check)<br>☐ More Information ☒ Approval ☐ ATP | Signature/Date:<br>per protocol — 10.2.15 |

Part B: (Check) ☐ Findings & recommendations are to be completed by Consultant and returned with officer to the facility

S. Continues to report ® knee pain & swelling.

O — ® Knee ROM WNL.
    (+) Pain popliteal space or over proximal lateral knee jt.
    (+) patella femoral pain   (+) crepitus
    (+) decreased testing   Ambi c̄ s gait deviation

A — Patella femoral syndrome   P-Rec: Hinged knee brace c̄
                                 open patella (14") —
    Continue c̄ knee exercise program for ROM & Strengthening.

_____        _____
Signature of Site/Regional/State Medical Director   Date/Time        Signature of Consultant   Date/Time

Commonwealth of Pennsylvania
Department of Corrections
Consultation Record
DC-441

Inmate Name: *Martin, Tyrue*

Inmate Number: *KC 5108*

DOB: *10/3/1971*

Facility: *Smithfield*

EU ___ ZAPPA PT
12-14-15
1345

✓ PTRA
✓ ERMA - 10.2.15

Revised 1/2011

WHITE: Medical Record        CANARY: Consultant        PINK: Medical Record (Pending)

*EXHIBIT-27-*

Mr. Zappa

**CONSULTATION RECORD**

| **Part A:** Completed by referring facility | Type of Consult: (Circle) ~~Initial~~ Follow-up ~~On-Site~~ Off-Site Telemedicine |
|---|---|

Referred to: PT

If Off-Site: (Circle) ~~OV~~ OS XR DI

Authorization #: 3027440

| Last PPD: Date: ____<br>Result: ☐ Negative<br>☐ Positive mm: ____ | Drug Sensitivity: | Appt. Date/Time:<br>9-23-15 |
|---|---|---|

| Relevant health information attached: (Circle)  Yes  No | ☐ Must schedule consult no later than: ____ | ☐ Routine |
|---|---|---|

History of Present Illness/Injury/Physical Findings:

44 y/o AA ♂ c̄ ⓛ Knee Pain.

No Internal derangement.

Please provide a stretching program

for his Hamstring program.

Treatment to Date/Current Medications and Significant Medication History:

_(signature)_ Frommer  9/3/2015  1502
Signature of Referring Physician        Date

| **UR Decision: Site Medical Director (Check)** ☒ Approval<br>☐ Alternate Treatment Plan (ATP) ☐ Reviewed & Forwarded | Signature/Date: _(signature)_ Frommer  9/3/2015  1502 |
|---|---|
| **UR Decision: Regional Medical Director (Check)**<br>☐ More Information ☐ Approval ☐ ATP ☐ Reviewed & Forwarded | Signature/Date: |
| **UR Decision: State Medical Director (Check)**<br>☐ More Information ☐ Approval ☐ ATP | Signature/Date: |

**Part B:** (Check) ☐ Findings & recommendations are to be completed by Consultant and returned with officer to the facility

S. c/c ⓛ knee pain since 5/5/15 from altercation c̄ guard.

O. ⓛ knee · ∅ swelling (+) crepitus (+) patella femoral pain
   ROM 0/120° Strength 5/5  (+) popliteal pain
   and (+) ē gait deviation

A. Patella tracking problem

P. Instructed in QS, SAR, SLR x4,
   back wall slide, calf raise
   & hamstring stretch. Ex/___

James Frommer, DO  1/26/2015  0657a
Signature of Site/Regional/State Medical Director   Date/Time   Signature of Consultant   Date ___ 9-23-15

for 3 months

Commonwealth of Pennsylvania
Department of Corrections
Consultation Record
DC-441

Inmate Name: Martin, Tyrone     9-23-15

Inmate Number: KC 5103     1510

DOB: 10/31/1971

Facility: SCI - Smr

Revised 1/2011

WHITE: Medical Record     CANARY: Consultant     PINK: Medical Record (Pending)

EXHIBIT-28-

# PROGRESS NOTES

| Date/Time | Discipline Abbreviation | Remarks<br>Subjective, Objective, Assessment, Plan |
|---|---|---|
| 2/9/15<br>0755 | PAC | S- Sick Call c/o bubble near his ® eye that he noticed yesterday. ⊕ Irritation reports rubbing eye. Pt feels like it is a rock in his eye. |
| | | O: A-O x3  NAD |
| Copay | 5.00 | R eye- mild scleral injection 2° rubbing small stye under upper lid |
| | | A- Hordeolum |
| | | P- encouraged warm compresses QID. No indication for antibiotic at this time. Avoid rubbing eye. F/u prn  KRISTIN BERNARD PA-C |
| 5-5-15<br>1505 | | S Inmate involved in a fight - sustained a deep laceration en area of ℗ eye — 1 inch in length & was diaphoretic pale and passing out on & off. |

Progress Notes<br>Commonwealth of Pennsylvania<br>Department of Corrections<br>DC-472<br><br>Revised 3/2007

Name: Martin, Tyrone

Number: KC5108

DOB: 10/3/71

Facility: SMI  EXHIBIT -29-

| Inmate Name: | | Inmate Number: |
|---|---|---|

| Date/<br>Time | Discipline<br>Abbreviation | Remarks<br>Subjective, Objective, Assessment, Plan |
|---|---|---|
| 6/2/15<br>1200 | PAC<br>(cont) | Patient was able to sit quietly today and listen to my assessment of his situation. He was given ample chance to state and explain his complaints as well. He re-states that his complaints include Right sided facial pain and swelling near his cheek bone and eye socket and a palpable lump. He states he has left leg pain and noticed a bump on his knee-cap which he believes was not there before, states the pain is higher up in his posterior thigh (indicates with his hand and causes charlie-horse pain + tingling + shooting sensation down his calf to his pinky toe on left foot. He continues to be argumentative about an xray of his face which he states was done wrong. "They only xrayed the left side and not the right." He explains and demonstrates the position he was placed for xray with his injured side (Right cheek) against the xray plate. He feels this is wrong. Also cannot understand that the three views he had done should be sufficient to show any structural abnormalities or fx of orbital bones, zygomaticus, or Nasal bones. "I feel a lump at my Right cheek and my eye, It has to be on the xray."<br>O: Alert, NAD, Amb to triage room.<br>Knees: bilat ∅ laxity ∅ swelling ∅ deformity, Non-tender Anterior joint line, MCL ∅ LCL.<br>Left hamstring: mildly tender and indurated muscle group. No separation noted. tendons intact.<br><br>Jennifer Pucia PAC |

EXHIBIT -30-

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| RE: 2015-SMI-00089<br>CC: File | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| | |
|---|---|
| 1. To: (Name and Title of Officer)<br>SUPERINTENDENT | 2. Date: 3-23-16 |
| 3. By: (Print Inmate Name and Number)<br>TYRONE MARTIN<br>KC 5108<br>_____ Inmate Signature | 4. Counselor's Name<br>LUTTON |
| | 5. Unit Manager's Name<br>MONDER |
| 6. Work Assignment<br>RE: 5-5-15 | 7. Housing Assignment<br>14 |

8. Subject: State your request completely but briefly. Give details.

THE X USE OF FORCE OCCURRENCE RECORDS FOR 2015-SMI-00089 (5-5-15) DOES NOT MENTION ANY BLOOD NORE DOES IT STATE WHO ORDERED (MY) BLOOD TO BE CLEANED UP AND WHY "GAFF" FAILED TO TAKE ANY PHOTO'S OF A BLOODY ALLEDGE STAFF ASSAULT. WHY IS THIS INFORMATION BEING WITH HELD? AND WHY IS THERE NO PICTURES OF STAFF'S BLOODY CLOTHES? BICKLE, MYERS, KANAGY, DICKSON, ECT. ?

9. Response: (This Section for Staff Response Only)

I assume you are reviewing this DOd through discovery? You need to address your issues to your attorney who will then contact the DOC Attorney.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____   Print      Sign

Date 3-24-16
cc: walkabout
CSA X 2
Clinger.

Revised July 2000

EXHIBIT -31-

PLEASE RESPOND WITH IN POLICY ALLOWED TIME FRAME.

COPY

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>MARTIN V. DOC | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1.  To: (Name and Title of Officer)<br>GROVE | 2.  Date: 6-26-15 |
| 3.  By: (Print Inmate Name and Number)<br>T. MARTIN     KC5108<br>MARTIN     KC5108<br>Inmate Signature | 4.  Counselor's Name |
| | 5.  Unit Manager's Name<br>MOLDEN |
| 6.  Work Assignment | 7.  Housing Assignment<br>RHU 24 |

8.  Subject: State your request completely but briefly. Give details.

DO YOU BELIEVE THAT A C/O

WHO RETALIATED AGAINST A

INMATE WOULD ADMIT THAT

FACT TO YOU?

9.  Response: (This Section for Staff Response Only)

NO

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  A Grove
                        Print                    Sign         Date 6/26/15

Revised July 2000

EXHIBIT-32-

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | **Department of Corrections** |

|  |  |
|---|---|
|  | **INSTRUCTIONS** |
|  | Complete items number 1-8.  If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) *SICIL CAVI P.A.* | 2. Date: *10-12-15* |
|---|---|
| 3. By: (Print Inmate Name and Number) *TYRONE MARTIN YC5108* Inmate Signature *Tyrone Mart...* | 4. Counselor's Name |
|  | 5. Unit Manager's Name *MORDEN* |
| 6. Work Assignment | 7. Housing Assignment *14  RHU* |

8. Subject: State your request completely but briefly. Give details.

DID YOU EVER REVIEW THOSE X-RAYS DATED 5-12-15, 5-19-15, AND 6-9-15?
IF SO WERE ANY OF THEM OF MY EYE, NOSE AND FOREHEAD. ??
I REQUESTED TO REVIEW THEM WITH YOU.

**9. Response: (This Section for Staff Response Only)**

You've reviewed your xrays. The xrays you reviewed were of your head (face) including your full face.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name *Ms Cutshall*
Print                                  Sign                    Date *10-14-15*

Revised July 2000

*EXHIBIT -33-*



**pennsylvania**
DEPARTMENT OF CORRECTIONS

**TO**    Tyrone Martin, KC5108
SCI-Smithfield

**FROM**   Stacey O'Mara
Staff Assistant – Central Region

**DATE**   June 22, 2015

**RE**     **Correspondence**

This is in response to your correspondence addressed to Secretary Wetzel regarding grievances you have filed. It has been referred to me for review and response.

Mr. Martin, I have reviewed your correspondence and available documentation. You recently filed grievances regarding medical treatment you have received and specifically grievance #565802, pertaining to an allegation of abuse. In accordance with DC-ADM 001, any grievance dealing with allegations of abuse are referred for investigation, which may extend the amount of time for responding to the grievance. The Initial Review Response will be completed by the assigned Grievance Officer when the results from the OSII are received.

It is not the role of this office to review and respond to grievances. It is your responsibility to utilize the Inmate Grievance System, including the grievance appeal procedures in accordance with DC-ADM 804. For final appeals, you are instructed to forward your appeals to:

**Chief, Secretary's Office of Inmate Grievances and Appeals
Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050**

I trust that the above information sufficiently addresses your concerns.

/so

cc:   Superintendent Kauffman (w/attachments)
      Director Barnacle, OSII (w/attachments)
      Ms. Hollibaugh
      Ms. Streightiff
      carlking #2015-C43-000000194
      Central Files
      File

EXHIBIT -34-

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** **A·2008** | **Department of Corrections** |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) *RICHARD MOYER*      2. Date: *9-29-16*

3. By: (Print Inmate Name and Number) *MARTIN*
   *KC5108*
   Inmate Signature

4. Counselor's Name

5. Unit Manager's Name

6. Work Assignment

7. Housing Assignment *GA 208*

8. Subject: State your request completely but briefly. Give details.

*I HAVE LEGAL ENVELOPES TO SHOW YOU AND I JUST FILED ANOTHER GRIEVANCE TODAY SO YOU WILL SEE FOR YOURSELF THE DC ADM 803 VOLATIONS*

*I CAME TO YOUR CELL THIS MORNING. AGAIN IF YOU ARE GOING TO GRIEVE AN ENVELOPE PLEASE HOLD ONTO IT UNTIL I SEE IT.*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
| --- | --- |

Staff Member Name *Richard Moyer, Richard Moyer*      Date *10·3·16*
Print                    Sign

Revised July 2000

*EXHIBIT -35-*

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) KOHLER (UM-K Block)

2. Date: 3-1-16

3. By: (Print Inmate Name and Number) TYRONE MARTIN KC5108

Inmate Signature

4. Counselor's Name

5. Unit Manager's Name

6. Work Assignment

7. Housing Assignment 14

8. Subject: State your request completely but briefly. Give details.

J. McCONAUGHEY TOLD 5th WHEN you QUESTION HIM, THAT MY LEGAL MAIL WAS OPEN (TAMPERED WITH) AND I PROVIDED YOU WITH THE COPY OF THE LETTER MY LAWYER SENT TO KAUFFMAN WHICH HAS THE ONLY ATTORNEY CONTROL NUMBER THAT I HAD. ONE IN WHICH LISA HOLLINBAUG SAID WAS VALID YET you PROVIDED FALSE INFO TO E.STONE CONCERNING THIS ISSUE WHY? YOU ARE WELL AWARE THAT BLACK STAFF→

I can ~~confin~~ Confirm that The Number you showed To Me was The Information Passed ON. I Have No other Dealings with this Part of your issue!! You are also Correct that staff utilize Block Magic Markers, But can Not with 100% Certainly Say No I/or Her one other.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ _____ Date 3/8/16

Print                Sign

Revised July 2000

EXHIBIT -36~

PLEASE RESPOND IN WRITING WITH IN POLICY ALLOWED TIME FRAME

2016

# Final Appeal Decision
## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| | Tyrone Martin | | KC5108 |
|---|---|---|---|
| | Smithfield | | Smithfield |
| | 626311 | | |
| | | | |

| | ☒ Uphold Response (UR) |
|---|---|
| | ☐ Uphold Inmate (UI) |
| | ☐ Uphold in part/Deny in part |

*It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

You state in your grievance that on 5/16/16 CO Parson provided you with legal mail that was opened. Mr. Moyer conducted an investigation into your allegations.  The record reflects that the Unit Manager and Mailroom Supervisor was interviewed regarding your allegations.  The record reflects that the Mailroom Supervisor recalled sending two envelopes into you on 5/16/16 that wee unopened.  The log clearly states that they were opened and the officer who had you sign the log verified that the mail was indeed opened.  The record reflects that the envelopes were inspected and they were not ran through the letter opening machine by the mailroom staff.  Although it cannot be determined who actually opened the mail, this issue has been addressed with staff.

| Signature: | Dorina Varner *Dorina Varner* |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 6/21/16 |

DLV

cc:    DC-15/Superintendent Kauffman
       Grievance Office

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 2 – Appeals***                          *Attachment 2-F*

EXHIBIT -37-

X

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8.  If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1.   To: (Name and Title of Officer)<br>HOLLIBAUGH | 2.   Date: 10-8-15 |
|---|---|
| 3.   By: (Print Inmate Name and Number) KC5108<br>TYRONE MARTIN<br>*Tyrone Mart*<br>Inmate Signature | 4.   Counselor's Name |
| | 5.   Unit Manager's Name<br>MORDEN |
| 6.   Work Assignment | 7.   Housing Assignment<br>29. |

8.   Subject:  State your request completely but briefly.  Give details.

ON 5-12-15, 5-19-15, + 6-9-15  MS ROSS  AND WHO EVER ELSE ARE TO BLAME NEVER TOOK ANY FRONT FACIAL X-RAY  FUTHERMORE  EACH SIDE VIEW IS ANGLED. GRIEVANCE IS ON FILE. AND TODAY 10-8-15 C/O J.E. SAFKO TOOK ME TO REVIEW X-RAYS WHICH REVEALED WHAT I'VE STATED ALL ALONG  NO X-RAYS OF MY FACE WERE TOOK (FRONT). CONSEALING MY INJURIES FROM THIS SUBTERFUGE INVESTIGATION.  ARE YOU IN ON THIS ?

9.   Response: (This Section for Staff Response Only)

I do not oversee the medical

dept. Contact Mr. Dreibelbis

| To DC-14 CAR only   ☐ | To DC-14 CAR and DC-15 IRS   ☐ |
|---|---|

Staff Member Name _D. Hollibaugh_ _____  Date 10/13/15
                    Print                    Sign

Revised July 2000

EXHIBIT -38-

*PLEASE RESPOND WITH IN THE TIME FRAME POLICY PROVIDES . ;*

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

CC: FiLE
ATTORNEY Deputy Whitesel

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
DEPUTY WAKEFIELD

2. Date: 7 - 27 - 15

3. By: (Print Inmate Name and Number)
TYREE MARVIN RC 5108
*Tyree Mart* (Inmate Signature)

4. Counselor's Name

5. Unit Manager's Name
MORDER

6. Work Assignment
AM MAIL CART

7. Housing Assignment
RHU 24

8. Subject: State your request completely but briefly. Give details.

AS YOU ADVISED I CONTINUE TO FILL OUT SICK CALLS YET IT IS CLEAR THAT OFFICIAL OPPRESSION, DELIBERATE INDIFFERENCE, CRUEL AND UNUSAL PUNISHMENT AS WELL AS RETALIATION (INTIMIDATION) IS BEING DIRECTED TOWARDS ME. JOHN NICHOLS, MD WROTE IN HIS REPORT "CT IS SUGGESTED, RADIOGRAPHS SUGGESTED" DEALING WITH MY FACIAL INJURIES. A FULL BLOWN COVER UP IS CLEARLY UNDERWAY." WHY. 7 º REVIEW CHART 6.9.15 (6.11.15)

9. Response: (This Section for Staff Response Only)

I have reviewed your medical chart with the assistance of Mr. Dreibelbis, CHCA. Dr. Nichols actual comments are this: "the orbits appear symetric in size and shape. There is no evidence of a gross fracture of the manible or maxillary alveloar ridge (and that) there are no actual maxillofacial fractures present on the 2nd set of x-rays", (which is the same conclusions from both x-rays). Dr. Nichols does leave the option open for a CT scan if those providing care suspect there may be a maxillofacial fracture. At no point does Dr. Nichols order a CT scan or absolutely determine that one is necessary. Properly credentialed Physicians continue to evaluate you and will make determinations based upon their findings. The information is readily available in your medical record, I find no evidence of anyone attempting to cover anything up. You are seen on PA Line or sick call on a regular basis. I do not find any neglect as it relates to your medical care. In fact, I find you are receiving care above and beyond what would normally be expected.

Supt. Kauffman; Ms. Cutshall, CCS; Mr. Dreibelbis; Dr. Frommer; Mr. Grove, K Unit Mgr

**Deputy Whitesel**                    **7/30/2015**

Deputy Wakefield; Major Chism

EXHIBIT-39-

| | |
|---|---|
| **Form DC-135A**<br><br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>RE: PHYSICAL THERAPY | **Commonwealth of Pennsylvania**<br>**Department of Corrections**<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)<br>DREWBELBIS | 2. Date: 4-2-16 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>TYRONE MARTIN<br>KC5168<br>Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name |
| 6. Work Assignment | 7. Housing Assignment 19 |

8. Subject: State your request completely but briefly. Give details.

MEGAN ADVISE ME THAT SHE PUT ME DOWN FOR PHYSICAL THERAPY AFTER X-RAYS WERE TAKEN OF MY SHOULDER. AND THAT BOTH MY LEFT KNEE + LEFT SHOULDER WOULD BE ADDRESSED. HOWEVER ZAPPA CAME ON 4-1-16 AND SAID "I RECOMMENDED THE KNEE BRACE BUT ITS UP TO THE INSTITUTION TO PROVIDE IT OR NOT! AND YOUR SHOULDER IS NOT ON MY LIST." WHY IS TREATMENT BEING DENIED? AND TRUST ME I DONT WANT THAT ▬▬▬▬▬▬▬▬▬ SAME EXCUSE (MASS-DAMAGE) B.S.

Your xray on 3/1 for your Shoulder was negative.

Mr. Zappa released you from P.T. I spoke with him and he recommends you continue to do your exercises

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  Ms Cutshall  Date 4-4-16
Print                      Sign

Revised July 2000

EXHIBIT -40-

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

*CC: File*

**Commonwealth of Pennsylvania**
**Department of Corrections**

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) *SECURITY* | 2. Date: *11-9-15* |
|---|---|
| 3. By: (Print Inmate Name and Number) *MARTIN      KB5708* *Tyrone Martin* — Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name |
| 6. Work Assignment | 7. Housing Assignment *20* |

8. Subject: State your request completely but briefly. Give details.

AT 4:05 pm C/O DICKSON QUESTIONED A C/O AND INMATE WHO IS IN 19 CELL AS TO WHERE I (TYRONE MARTIN) WAS LOCATED

REVIEW CAMERA PRESERVE FOOTAGE

DATE 11-9-15 TIME 4:00 pm TO 4:15 pm

THE video will be saved on our system until its expiration

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ Print _____ Sign _____ Date *11-12-15*

Revised July 2000

*inmate*
*cc: file*
**EXHIBIT-41-**

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

A&C

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) SECURITY DEPARTMENT | 2. Date: 11-5-15 |
|---|---|
| 3. By: (Print Inmate Name and Number) TYRONE MARTIN, KC5108  *Tyrone Martin*  Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name MORDEN |
| 6. Work Assignment CIVIL ACTION | 7. Housing Assignment ZB |

WD 11-10-15

8. Subject: State your request completely but briefly. Give details.

PLEASE PRESERVE ALL VIDEO FOOTAGE FOR K-BLOCK POPULATION SIDE BACKROOM 6 TO 2 SHIFT WHERE I AM REVIEWING MEDICAL RECORDS WITH RECORDS SUP. ON 11-3-2015. LITIGATION PENDING SPOLIATION OF EVIDENCE RULE. 2ND REQUEST FIRST WAS SOME HOW SENT TO KAUFFMAN. THANK YOU! THIS IS ADVANCE NOTICE

THE video will be saved on our system until its expiration.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ Print _____ Sign _____   Date 11-12-15

Revised July 2000

Inmate
cc: file

EXHIBIT -42-

PLEASE RESPOND WITH IN THE TIME FRAME POLICY ALLOWS

*(left margin, handwritten, vertical)* RESPOND WITH IN TIME FRAME PER POLICY

| Form DC-135A  *CC: FILE* | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** *MARTIN V. DOC* *565802-15* *565638-15* | **Department of Corrections** **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

1. To: (Name and Title of Officer)
   *SUPERINTENDENT*

2. Date: *6-17-15*

3. By: (Print Inmate Name and Number) *TYRONE MARTIN KC5108*
   *Tyrone Martin*
   Inmate Signature

4. Counselor's Name

5. Unit Manager's Name *MORDER*

6. Work Assignment

7. Housing Assignment

8. Subject: State your request completely but briefly. Give details.

*AT WHAT POINT DOES A C/O GET TO DENY ME THE CHANCE TO SPEAK WITH A SGT OR LT? DEALING WITH A PROBLEM CONSISTING OF C/O's? IS IT POLICY?*
*AND WHAT DOES THIS STATEMENT MEAN: "YOU HIT AN OFFICER AND COME TO THE NEW FULL OF OFFICERS SHUT THE FUCK UP!"?*
*REVIEW CAMERA 6-17-15 . 7:30 . 50*

9. Response (This Section for Staff Response Only)

*You do not name an officer for me to speak to however the lieutenant and sergeant are available on the wing through out the day on both shifts. I am also available and do rounds regularly. A review of the camera offers no audio but that statement would obviously be inappropriate.*

To DC-14 CAR only ☐     To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _____ *A. Grove* / _____ Date _____
          Print          Sign

Revised July 2000

*CC: Supt Kauffman*
*EXHIBIT -43-*

TURALIN AM MAIL CALL ON 6-3-15 RHU

MY COPY

## SICK CALL REQUEST

DATE 6-3-15

TIME _____

HOUSING UNIT/CELL _____ MHU 24

INMATE NAME TURLIN MARTIN

NUMBER KC5108

WORK SITE _____

COMPLAINT: LEFT KNEE (HAMSTRING)
RIGHT EYE @ CHEEK
SEE OTHER SIDE

(MEDICAL)

DENTAL _____ MEDICATION REFILL

**MEDICATION REFILLS WILL STILL REQUIRE A SICK CALL VISIT**

I understand that this Sick Call WILL be subject to the fees contained in Regulation 37, PA Code 93.12 ET.SEQ.

Signature [signature]

CC: File

**PLACE THIS REQUEST FORM IN THE LOCKED MEDICAL BOX ON THE HOUSING UNIT**

---

FOR MEDICAL USE ONLY

| DC-138 A | CASH SLIP |
|---|---|

### 1. INMATE NAME

| INMATE NAME | LOCATION/HU | DATE |
|---|---|---|
| | | |

### 2. MEDICAL/DENTAL CO-PAY

### 3. ITEMS TO BE CHARGED TO MY ACCOUNT

A fee of $5.00 is charged for:

A non-emergency medical service provided at the patients request.
A medical service for injury or illness that is self-infected.
A medical service for injury or illness that is from participation in a sport activity.
A medical service for an assault or injury of another inmate.
A medical service to determine if an inmate's physical condition is suitable for participation in a sport.
An initial medication prescription (off for greater than 1 year);

No Charge is applied to the visit for the following as determined by the Medical Staff:
A medical service provided during a follow-up scheduled by the medical department.
A service for mental health treatment.
A medical service for a chronic disease or illness that requires a return or regular visits as specified by the medical provider.

Other.

except for immunizations, tuberculosis testing, or other medications ordered for public health reasons.

Number of new medications _____ X $5.00 each medication =

**TOTAL CHARGE** _____

No
No
No
No

**Instructions from DC-ADM 820, July 1, 2007**

If a fee is to be charged for the medical service, the inmate shall sign an authorization form. A non-emergency medical service shall not be provided to an inmate who refuses to sign the authorization form after having been advised that a fee will be charged for the medical service. An inmate who refuses to sign the authorization, who does not sign a refusal of treatment form, and who accepts medical treatment will receive the services and his/her account will be debited.

### 4. INMATE'S SIGNATURE

### 6. BUSINESS OFFICE'S SPACE     5. OFFICIAL APPROVAL

| CHARGE ENTERED | DATE | BOOKKEEPER |
|---|---|---|
| $ | | |

EXHIBIT-44-

my copy

## SICK CALL REQUEST

DATE: 6-4-15

TIME: _____

HOUSING UNIT/CELL: LHU 24

INMATE NAME: Dwane Maults

NUMBER: KC 5108

WORK SITE: _____

COMPLAINT: NEED SOMETHING
for my Knee @ X-rays
for my EYE   EYE DOCTOR

**MEDICATION REFILLS WILL STILL REQUIRE A SICK
CALL VISIT**

I understand that this Sick Call WILL be subject to
the fees contained in Regulation 37, PA Code
93.12 ET.SEQ.

Signature: _(signature)_

(MEDICAL)

_____ DENTAL

_____ MEDICATION REFILL

PLACE THIS REQUEST FORM IN THE LOCKED
MEDICAL BOX ON THE HOUSING UNIT

cc. File
SEE OTHER SIDE

---

FOR MEDICAL USE ONLY

**DC-138 A      CASH
SLIP**

| 1. INMATE NAME | LOCATION/HU | DATE |
|---|---|---|

## 2. MEDICAL/DENTAL CO-PAY

## 3. ITEMS TO BE CHARGED TO MY ACCOUNT

A fee of $5.00 is charged for:

A **non-emergency** medical service provided at the patients request. _____

A medical service for injury or illness that is self-infected. _____

A medical service for injury or illness that is from participation in a sport activity. _____

A medical service for an assault or injury of another inmate. _____

A medical service to determine if an inmate's physical condition is suitable for
participation in a sport. _____

An initial medication prescription (off for greater than 1 year);
except for immunizations, tuberculosis testing, or other medications
ordered for public health reasons.

Number of new medications _____ X  $5.00  each medication = _____

No Charge is applied to the visit for the following as determined by the Medical Staff:

A medical service provided during a follow-up scheduled by the medical department.   No

A service for mental health treatment.   No

A medical service for a chronic disease or illness that requires a return or regular
visits as specified by the medical provider.   No

Other. _____

**TOTAL CHARGE** _____

**Instructions from DC-ADM 820, July 1, 2007**

If a fee is to be charged for the medical service, the inmate shall sign an authorization
form.  A **non-emergency** medical service shall not be provided to an inmate who refuses
to sign the authorization form after having been advised that a fee will be charged for the
medical service.  An inmate who refuses to sign the authorization, who does not sign a
refusal of treatment form, and who accepts medical treatment will receive the services and
his/her account will be debited.

| 4. INMATE'S SIGNATURE |  |
|---|---|

| 6. BUSINESS OFFICE'S SPACE | 5. OFFICIAL APPROVAL |
|---|---|

| CHARGE ENTERED | DATE | BOOKKEEPER |
|---|---|---|
| $ |  |  |

EXHIBIT -45-

| Form DC-135A **INMATE'S REQUEST TO STAFF MEMBER** A24 | Commonwealth of Pennsylvania Department of Corrections |
|---|---|
| | **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) SUPERINTENDANT | 2. Date: 5-18-15 |
|---|---|
| 3. By: (Print Inmate Name and Number) ~~_____~~ 708 Tyrone Marts _____ Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name MORDEN |
| 6. Work Assignment | 7. Housing Assignment ~~_____~~ |

8. Subject: State your request completely but briefly. Give details.

I CAME TO THE RHU ON 5-5-15 AND AS RETALIATION TACTIC I HAVE NOT RECEIVED MY PROPERTY. I HAVE AN ACTIVE APPEAL WITH DEADLINE CV-15-694

9. Response: (This Section for Staff Response Only)

I will have Someone get with you. Concerning this issue.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ Print _____ Sign _____ Date 5-19-15

Revised July 2000

EXHIBIT-46-

Form DC-135A    *CC: FILE*

**INMATE'S REQUEST TO STAFF MEMBER**

MARTIN V. DOC

566563-15

**Commonwealth of Pennsylvania**
**Department of Corrections**

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
   WHITESEL

2. Date: 5-28-15

3. By: (Print Inmate Name and Number)
   TYRONE MARTIN RC 5108
   *Tyrone Martin*
   Inmate Signature

4. Counselor's Name
   CUTTON.

5. Unit Manager's Name
   MORDER

6. Work Assignment

7. Housing Assignment
   RHU 24

8. Subject: State your request completely but briefly. Give details.

TODAY I SPOKE TO THE SUPERINTENDENT WHO AFTER LOOKING AT MY KNEE (LEFT) ADVISE ME TO CONTACT YOU WITH THIS ISSUE ALONG WITH MY RIGHT EYE & CHEEK CONCERNS. HE SAID THAT YOU WOULD REVIEW THE PROBLEM. I THANK YOU IN ADVANCE FOR YOUR HELP WITH THESE ISSUES.

9. Response: (This Section for Staff Response Only)

To DC-14 CAR only ☐          To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _____ / _____ Date _____
                              Print                                    Sign

Revised July 2000

EXHIBIT-47-

| Form DC-135A *CC: File* | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** *TYRONE MARTIN V. DOC* | **Department of Corrections** |
| | **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) *SUPERINTENDANT* | 2. Date: *5-27-15* |
|---|---|
| 3. By: (Print Inmate Name and Number) *TYRONE MARTIN KC5108* *[signature] Tyrone Mart.* Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name *MURDER* |
| 6. Work Assignment | 7. Housing Assignment *RHU 24* |

8. Subject: State your request completely but briefly. Give details.

*PLEASE PRESERVE ALL MEDICAL RECORDS OF STAFF WHO WENT TO OUTSIDE HOSPITAL. KANABY, MYERS DICKSON, ECT... ALONG WITH ALL VIDEO FOOTAGE AND MEDICAL RECORDS OF MY-SELF... I SAY PLEASE AND THANK YOU IN ADVANCE FOR YOUR HELP.*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
                        Print              Sign

Revised July 2000

*EXHIBIT-48-*

565802-15

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER**<br><br>CC: FILE<br>LAWYER | **Department of Corrections**<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)<br>SUPERINTENDANT | 2. Date:<br>5-26-15 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>TYRONE MARTIN KC5108<br><br>_Tyrone Martin_<br><br>Inmate Signature | 4. Counselor's Name<br>CUTTON |
|  | 5. Unit Manager's Name<br>MUNDER |
| 6. Work Assignment | 7. Housing Assignment<br>RHU 24 |

8. Subject: State your request completely but briefly. Give details.

PLEASE PRESERVE ALL PHONE RECOR-
DINGS FROM C-A 5-5-15 2:20pm UNTIL
END OF CALL. OF UNKNOWN INMATE(S) THAT THIS
PHONE CONVERSATION RECORDED STAFF
EXCESSIVE USE OF FORCE. AND WILL
BE USE IN CIVIL ACTION.
                    THANK YOU !!

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
                         Print              Sign

Revised July 2000

EXHIBIT-49-

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

565802-15

MARTIN V. DOC

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)

SUPERINTENDENT

2. Date: 6-8-15

3. By: (Print Inmate Name and Number)

TYRONE MARTIN KC5108

_Tyrone Martin_
Inmate Signature

4. Counselor's Name

5. Unit Manager's Name

MORDER

6. Work Assignment

7. Housing Assignment

RHU 24

8. Subject: State your request completely but briefly. Give details.

I NEVER GOT A CHANCE TO PRESS
CHARGES AGAINST THE C/O'S
INVOLVED IN BEATING ME.
I WANT TO PRESS CHARGES
TO INSURE THAT JUSTICE IS SERVED

*Do Not Write in This Section for Staff Response Only*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
                         Print                        Sign

Revised July 2000

EXHIBIT -50-

Form DC-135A

CC: FiLE & SiPERvIST (DEviST)

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

565802-15

MARTIN V. DOC

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)

SECURITY

2. Date: 6-8-15

3. By: (Print Inmate Name and Number)

TYRONE MARTIN KC5108

Tyrone Martin   _Inmate Signature_

4. Counselor's Name

5. Unit Manager's Name

NOLDEN

6. Work Assignment

7. Housing Assignment

LHU 24

8. Subject: State your request completely but briefly. Give details.

I WISH TO PRESS CHARGES TO
INSURE THAT THE "LEGAL SYSTEM"
IS AWARE OF ISSUE AT HAND.
NO-ONE EVER ASK ME IF I
WANTED TO HAVE C/O ARRESTED.
DIENE RECRALD WITH IN THE TIME POLICY PROVIDE

Response: (This

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name _____ / _____ Date _____
Print                    Sign

Revised July 2000

EXHIBIT -51-

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| *CC: File*<br>**INMATE'S REQUEST TO STAFF MEMBER**<br>*T. MARTIN V. DOC 5-5-15*<br>*565802-15* | Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)<br>*SUPERINTENDANT* | 2. Date: *5-27-15* |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>*TYRONE MARTIN KC5168*<br>*Tyrone Martin*<br>Inmate Signature | 4. Counselor's Name *Lutton* |
| | 5. Unit Manager's Name *MORDER* |
| 6. Work Assignment | 7. Housing Assignment *RHU 24* |

8. Subject: State your request completely but briefly. Give details.

*DC ADM 001 I WOULD ASK THAT YOU PRESERVE ALL CA PHONE CALLS MADE AFTER DATE → 5-5-15 2:20 PM UNTIL 8:45 PM. INMATES WHO WITNESSED THE EXCESSIVE FORCE USED BY STAFF. PROVIDED THERE FAMILY & LOVE ONES WITH AN UNBIAS ACCOUNT. FUTHERMORE THOSE WITNESSES MAY HAVE NOT BEEN INTERVIEW DURING YOUR PRIVATE INVESTIGATION. 5-5-15 CA 2:20 TO 8:45 PM*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
                       Print                    Sign

Revised July 2000

*EXHIBIT -52-*

| Form DC-135A                        *CC: FILE* | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER**<br>*MARTIN V. DOC*<br>*565802-15*<br>*2015-A-300* | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)<br>*SUPERINTENDENT* | 2. Date: *5-24-15* |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>*T. MARTIN KC5108*<br>*Tyron Martin*<br>Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name<br>*MORDER* |
| 6. Work Assignment | 7. Housing Assignment<br>*RHU 24* |

8. Subject: State your request completely but briefly. Give details.

*PLEASE PRESERVE THE DRUG TEST OF EACH C/O INVOLVED. IF YOU HAVE NOT TESTED THOSE INVOLVED PLEASE DO TO INSURE THAT DRUGS DID NOT PLAY APART IN THERE ACTIONS.*

*PLEASE RESPOND WITH IN THE TIME FRAME ALLOWED BY POLICY STANDARDS. THANK YOU*

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
               Print                  Sign

Revised July 2000

*EXHIBIT -53-*

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

RE: MARTIN V. DOC  2015-A-300
565802-15

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer)  CC: File  SUPERINTENDENT | 2. Date: 5-28-15 |
|---|---|
| 3. By: (Print Inmate Name and Number)  TYRONE MARTIN KC 5108  *Tyron Martin*  Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name  MORDEN |
| 6. Work Assignment | 7. Housing Assignment  RHU 24 |

8. Subject: State your request completely but briefly. Give details.

WHEN REVIEWING THE TOTALITY OF THE CIRCUMSTANCES EVERYTHING WILL PLAY APART. THE EIGHTH AMENDMENT MAKES IT CLEAR THAT VIOLENT TOUCHES BY PRISON GUARDS GIVES RISE TO A FEDERAL CAUSE OF ACTION. THE INQUIRY IS NOT WHETHER A CERTAIN QUANTUM OF INJURY WAS SUSTAINED BUT RATHER WHETHER THE FORCE WAS APPLIED MALICIOUSLY & SADISTICALLY TO CAUSE HARM. DE MINIMIS LEVELS ALSO EXIST IN ISSUES SUCH AS THE CASE AT BAR.

AS I'VE STATED I WOULD LIKE TO MOVE FORWARD WITH SERVING MY TIME. AND WOULD BE WILLING TO SIGN OFF FOR NEXT TO NOTHING.

IF IT IS AN OPTION OF YOUR OFFICE WE CAN TALK IF IT IS NOT I UNDERSTAND YET I WAS ASSAULTED BY YOUR STAFF. AND EXCESSIVE FORCE WAS CLEARLY USED.

THANK FOR YOUR TIME. (TM)  2 OF 2

9. Response: (This section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
                        Print              Sign

Revised July 2000

EXHIBIT -54-

| | |
|---|---|
| Form DC-135A  *2015-A-360*<br>**INMATE'S REQUEST TO STAFF MEMBER**<br>RE: MARTIN V. DOC<br>565802-15 | Commonwealth of Pennsylvania<br>Department of Corrections<br>*1 OF 2*<br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

1. To: (Name and Title of Officer)  *cc: File*
   SUPERINTENDENT

2. Date: 5-28-15

3. By: (Print Inmate Name and Number) TYRONE MARTIN KC5108
   *Tyrone Martin*
   Inmate Signature

4. Counselor's Name

5. Unit Manager's Name
   MORDEN

6. Work Assignment

7. Housing Assignment
   RHU Z4

8. Subject: State your request completely but briefly. Give details.

I WOULD BE WILLING TO SIGN OFF ON THE ABOVE ISSUE. FOR LESS TO NOTHING. I AM NOT ASKING FOR MUCH AND YOUR INVESTIGATION SHOWS EXCESSIVE FORCE. KANAGY, MYERS @ DICKSON'S ACTIONS WERE VERY "MALICIOUSLY AND SADISTICALLY FOR THE VERY PURPOSE OF CAUSING HARM" WHITLEY V. ALBERS 475 US AT 320. THERE IS NO WAY THE ACTIONS OF THOSE LISTED AS WELL AS OTHERS WAS "IN A GOOD FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE". THE FORCE USED CROSSES THE LINE TO CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT AND SEVERAL SUPREME COURTS ADDRESSES CASES SUCH AS THIS. 1) THE NEED FOR THE APPLICATION OF FORCE 2) THE RELATIONSHIP BETWEEN THE NEED AND THE AMOUNT OF FORCE ACTUALLY USED 3) THE EXTENT OF INJURY INFLICTED 4) THE EXTENT OF THE THREAT TO THE SAFETY PERCEIVED BY RESPONSIBLE OFFICIALS 5) THE EFFORTS MADE TO LESSEN THE SEVERITY

9. Staff Member's Response OR Referral, Where Directed.  SEE 2 OF 2

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
                        Print              Sign

Revised July 2000

*EXHIBIT -55-*

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1920 TECHNOLOGY PARKWAY
MECHANICSBURG, PA 17050**

FOR OFFICIAL USE
578317-15
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SMITH | DATE: 7-24-15

FROM: (INMATE NAME & NUMBER) TYRONE MARTIN KC5108 | SIGNATURE OF INMATE: Tyrone Martin

WORK ASSIGNMENT: | HOUSING ASSIGNMENT: RHU 24

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

ON THE ABOVE DATE AROUND 4:30 PM (CHOW TIME) ONE C/O KANAGY TRIED TO FEED ME. PLEASE PRESERVE RHU FOOTAGE FOR ABOVE DATE AND TIME (7-24-15) THIS C/O ASUAITED ME ON 5-5-15 AND I AM IN THE RHU BECAUSE OF SITUATION. I ONLY ASK YOU TO REVIEW 7-24-15 AT 4:30 PM YET SAVE COMPLET 2 TO 10 FOOTAGE. 2-10 SHIFT HE IS CHARGING ME WITH ASSAUIT AND TRIED TO GIVE ME A TRAY RELIEF: REQUESTED VIDEO TO BE SAVE. AND ANY RELIEF A COURT MAY AWARD.

B. List actions taken and staff you have contacted, before submitting this grievance.
HENNRY (SGT), COOPER (CP), ATTORNEY, FAMILY AND GATHERED INMATE WITNESSES ASK FOR CAMERA FOOTAGE TO BE SAVED.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator | Date 7-29-15

rerejected 8/4/15

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 3/31/2014
Effective: 5/1/2014

Attachment 1-A

EXHIBIT-56-

Form DC-135A

*CC: F. IE*

## INMATE'S REQUEST TO STAFF MEMBER

*MARTIN V. PORTA ; MED DEPT*

*MY 6th REQUEST*

| | |
|---|---|
| **Commonwealth of Pennsylvania**<br>**Department of Corrections** | |
| **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in<br>preparing your request, it can be responded to more<br>promptly and intelligently. | |

1. To: (Name and Title of Officer)
*MEDICAL RECORDS (DANA)*

2. Date: *6-30-15*

3. By: (Print Inmate Name and Number)
*TYRONE MARTIN KC5108*
*Tyrone Mart*
Inmate Signature

4. Counselor's Name

5. Unit Manager's Name
*MINDER*

6. Work Assignment

7. Housing Assignment
*RHU 24*

8. Subject: State your request completely but briefly. Give details.

*I WAS TOLD TO WRITE TO YOU FOR MY MEDICAL RECORDS. IT WAS SAID THAT I WOULD NEED TO SEE YOU AGAIN BEFORE I COULD GET MY MEDICAL RECORDS. (PER: PORTA) I SENT A CASH SLIP ON TWO SEPERATE TIMES 15-CV-694 MARTIN V. ATTORNEY GENERAL ; IS MY PRO-SE CASE NUMBER. PLEASE PROVIDE ME WITH MY MEDICAL INFORMATION. (MY 6th REQUEST)*

9. Response: (This Section for Staff Response Only)

*Mr. Martin*

*Per. Ms Hallibaugh you will need to request your medical records thru the discovery process. At this time no charges have been applied to your account.*

To DC-14 CAR only ☐          To DC-14 CAR and DC-15 IRS ☐

Staff Member Name *D Entrekin RNT*
Print                    Sign

Date *7-7-15*

Revised July 2000

*EXHIBIT-57-*

*PLEASE RESPOND WITH IN THE TIME Policy Allows*

| Form DC-135A    *CC: FILE*<br><br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>MARTIN P. DOC<br>565882-15 | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>SUPERINTENDENT | 2. Date: 6-21-15 |
| 3. By: (Print Inmate Name and Number)<br>TYRONE MARTIN KC5108<br><br>*Tyrone Martin*<br>Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name<br>MORDEN |
| ~~Work Assignment~~<br>ISSUE: TERRORISTIC-THREATS | 7. Housing Assignment<br>RHU 24 |

8. Subject: State your request completely but briefly. Give details.

I DO NOT EXPECT YOU TO BELIEVE ME. YET I WILL ASK YOU TO PRESERVE THE RHU VIDEO FOOTAGE THAT SHOWS 24 CELL (MY CELL) ON 6-19-15 2ND SHIFT 2 to 10 pm. C/O MYERS WAS DUMB ENOUGH TO MAKE A VERBAL THREAT. FURTHERMORE HE DID IT ON THREE OCCASIONS I SAY PLEASE AND THANK YOU IN ADVANCE. "I THINK YOU SHOULD REVIEW THE FOOTAGE FOR YOURSELF." X WOW PLEASE RESPOND WITHIN POLICY ALLOWED TIME FRAME.

I will send cell this information c/o Security.      cc: Security

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date 6-22-15
                     Print              Sign

Revised July 2000

EXHIBIT-58-