UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE MARTIN,

    Plaintiff,

v.

SECRETARY OF CORRECTIONS, et al.,

    Defendants.

CIVIL NO. 3:16-CV-2060

(Judge Kosik)

FILED
SCRANTON
NOV 0 9 2016
Per_____
/ DEPUTY CLERK

## MEMORANDUM

**I. Background**

Plaintiff, Tyrone Martin, commenced this civil rights action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights, including the Eighth Amendment, while confined at the State Correctional Institution ("SCI") at Smithfield, Pennsylvania. He names the following fourteen (14) defendants: the Secretary of the Department of Corrections; Superintendent Kevin Kauffman; Correctional Officers Timothy Myers, Ryan Kanagy, Brent Dickson, Bradd Fazenbaker, Samuel Bickel, Kevin Barger, Susan Gaff and Matthew Morrison; Mail Room employee John Neumann; X-ray Technician Melissa Ross; William Dreibelbis, CHCA; and Correctional Care Solution, health care provider. Plaintiff has filed a motion seeking leave to proceed in forma pauperis in this matter (Doc. 2). He has

also filed a motion for the appointment of counsel (Doc. 4). After reviewing the information provided by Plaintiff, his request to proceed in forma pauperis will be granted, and the complaint will be served. His motion for counsel will be denied, but without prejudice.

## II. Discussion

### A. Service

To effect service as expeditiously as possible, the Clerk of Court is specially appointed to serve a copy of the complaint, Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), Waiver of the Service of Summons (form AO 399), and this order on each defendant. The waiver requests shall inform the defendants both of the consequences of compliance and of failure to comply with the requests. Defendants are permitted 30 days from the date the waiver requests are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers or electronically file them in the court's Electronic Case Filing ("ECF") system. If a signed waiver is not returned or electronically filed within the required time, an order shall be issued directing the Clerk's office to transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c)(1).

It is Plaintiff's responsibility to provide a complete name and address for each

defendant so that the court can effect service. At this time, service will be attempted on the defendants at the address Plaintiff has listed for them in the complaint. However, if the Clerk of Court cannot properly mail the complaint, Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of the Service of Summons to a defendant due to Plaintiff's failure to properly name a defendant or provide an accurate mailing address for the defendant, Plaintiff will be required to correct this deficiency.

In that event, it will be the Plaintiff's responsibility to provide the Clerk's Office with the completed Notice of Waiver of Summons, Waiver of Summons, and Process Receipt and Return (form USM 285) form for each such defendant. If Plaintiff does not have sufficient copies of these forms to prepare one for each defendant, he or she may obtain additional forms from the Clerk of Court. On each form, Plaintiff must give the full name and complete address of each individual defendant. If Plaintiff fails to give the Clerk's Office correct instructions for mailing to any defendant, Plaintiff's claims against that defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m).

Plaintiff is also advised that no defendant is required to respond to the complaint until he or she: (1) has waived service; or (2) has been served with a summons and the complaint pursuant to Fed. R. Civ. P. 4, if the defendant has not

3

waived service. Further, any motion for default cannot be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond to the complaint within sixty (60) days after the Notice of Lawsuit and Request to Waive Service of Summons has been mailed (if service is waived pursuant to the written notice) or twenty-one (21) days after being served the summons and complaint by the United States Marshals Service (which will be completed only for those defendants who do not waive service).

Plaintiff is also advised that he is responsible for notifying the Clerk's Office of any change of address throughout the course of this litigation. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute if the court and other parties are unable to serve pleadings, orders or otherwise communicate with Plaintiff.

### B.  Motion for counsel

Plaintiff also seeks the appointment of counsel in this case. The court will deny this motion, but without prejudice at this time. In support of the request, Plaintiff claims that counsel is needed to secure all videos, statements, medical records and investigations. (Doc. 4.)

There is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001). Congress has granted

district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1)(noting that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is "discretionary"). A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S.C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. In fact, his motion merely requests the appointment of counsel to conduct the discovery in this case. Based on the thoroughness of the complaint, it appears that Plaintiff is fully capable of conducting his own discovery in this matter. The pleadings submitted by Plaintiff so far are clearly written, detail the claims he desires to pursue, and attach numerous exhibits. The legal issues involved are not overly complicated. The docket clearly reveals that Plaintiff has the ability to litigate this action on his own. He is clearly literate and, while he may be confined in prison, he can litigate this case. It cannot be said, at least at this point, that Plaintiff will suffer substantial

prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Keener, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or pursuant to a properly filed motion. An appropriate order follows.