UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE MARTIN,<br>    Plaintiff, | : | |
| v. | : | CIVIL NO. 3:16-CV-2060 |
| SECRETARY OF CORRECTIONS,<br>et al.,<br>    Defendants. | : | (Judge Kosik) |

FILED
SCRANTON
NOV 30 2016
PER _____
DEPUTY CLERK

**MEMORANDUM**

**I.   Background**

Tyrone Martin filed this civil rights action on October 13, 2016, pursuant to 42 U.S.C. § 1983. In the complaint, he names numerous defendants including the Secretary of the Department of Corrections ("DOC"), Correct Care Solution (the medical provider) and employees of the State Correctional Institution ("SCI") at Smithfield, Pennsylvania, where the events are claimed to have taken place. On November 9, 2016, a Memorandum and Order was issued granting Plaintiff's request to proceed in forma pauperis in this matter, and specially appointing the Clerk of Court to serve the waiver of service papers on Defendants. (Docs. 6, 7.) In addition, a motion to appoint counsel filed by Plaintiff was also denied without prejudice. The Clerk of Court was also directed to issue an Administrative Order in this case. (Id.) On November 16, 2016, Plaintiff filed a document requesting to correct the spelling of one of the Defendant's last names and also seeking to add the Pennsylvania

Department of Corrections as a defendant in this matter. (Doc. 10.) On November 23, 2016, Plaintiff filed his second request for the appointment of counsel in this matter. (Doc. 13.) Both of these motions are currently pending before the court.

## II. Discussion

### A. Request to correct the spelling of Defendant Dreibelbis' name and add the Department of Corrections as a defendant (Doc. 10)

Plaintiff's request to correct the spelling of Defendant William Dreibelbis' name will be granted, and has already been corrected on the docket. Apparently the Clerk of Court misspelled the last name on the docket initially, but this has since been remedied. To the extent Plaintiff wishes to add the DOC as a defendant in this matter, his request will be denied. It is well established that the DOC is not considered to be a person for purposes of a lawsuit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In Will, the United States Supreme Court has held that neither a state nor a state agency is a person for purposes of section 1983 lawsuits. (Id.) The DOC is an administrative department of the Commonwealth. See 71 P.S. § 61. Because Plaintiff already names numerous individuals in his complaint that are personally responsible for the violation of his constitutional rights, there is no need to direct him to file an amended complaint in this action to name individual employees of the DOC. As such, any request to add the Pennsylvania DOC will be denied. However, the

2

documents attached to Plaintiff's request will be construed by the court to be supplemental exhibits to his complaint. (Doc. 10 at 2-5.)

B. <u>Second Motion to Appoint Counsel (Doc. 13)</u>

In the Memorandum and Order of November 9, 2016, the court denied Plaintiff's first request for the appointment of counsel in this matter. The standard for analyzing a motion to appoint counsel was fully set forth previously, and will not be repeated herein. (Doc. 6 at 4-6.) In the pending motion, Plaintiff claims that he can prove that expert witnesses will be necessary to address various issues. He also argues that he has been denied access to the courts, as well as denied access to various discovery documents, and that he needs counsel to gather evidence. He claims that he will be filing a motion for discovery.

In the instant case, any request for counsel for the purposes of assistance with discovery is premature at this time. Defendants have not even responded to the complaint yet. Moreover, any assertion by Plaintiff that he is being denied access to the courts is clearly undermined by the fact that he has the ability to and is filing motions with the court, as evidenced by the docket. At this juncture, Plaintiff's second request for the appointment of counsel will be denied without prejudice, and the Clerk of Court will be directed to return to Plaintiff the discovery documents he attaches to his motion in the event he seeks to use them at a later date in this action. (Doc. 13 at 3-7.) An appropriate order follows.