# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE MARTIN, | Civil No. 3:16-cv-2060 |
| Plaintiff | (Judge Mariani) |
| v. | |
| SECRETARY OF CORRECTIONS, et al., | |
| Defendants | |

## MEMORANDUM

Presently before the Court in this civil rights action is a motion (Doc. 45) for a preliminary injunction filed by Plaintiff Tyrone Martin ("Martin"), an inmate currently confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"). At all times relevant to the claims in this action, Martin was housed at the State Correctional Institution, Smithfield, Pennsylvania ("SCI- Smithfield"). (See Doc. 1). Martin failed to file a brief in support of the motion as required by Local Rule of Court 7.5. For the following reasons, the Court will deny the motion for preliminary injunction.

## I.    Standard of Review

Inmate *pro se* pleadings which seek emergency relief in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction is an "extraordinary remedy" that should issue only in limited circumstances. *Rawls v. Pa. Dep't of Corr.*, 334 F. App'x 462, 464 (3d Cir. 2009). In determining whether to

grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) the likelihood that the movant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)); *Chimenti v. Kimber*, 2009 WL 2957792, *1 (M.D. Pa. 2009). If the record does not at least support a finding of both irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. *Marxe v. Jackson*, 833 F.2d 1121 (3d Cir. 1987); *Spotts v. United States*, 2013 WL 753520, *3 (M.D. Pa. 2013), *adopted by*, 2013 WL 753799 (M.D. Pa. 2013). The moving party bears the burden of demonstrating these factors. *Chimenti*, 2009 WL 2957792, at *1 (citing *Dorfman v. Moorhous*, 1993 WL 483166, *1 (E.D. Pa. 1993)).

"Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." *McLaughlin v. Fultz*, 2008 WL 239557, *4 (M.D. Pa. 2008). Speculative injury does not constitute a showing of irreparable harm. *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980); *Azzara v. Scism*, 2012 WL 722342, *10 (M.D. Pa. 2012). The Third Circuit Court of Appeals

2

has defined irreparable injury as "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989); *Azzara*, 2012 WL 722342, at *9-10. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Instant Air Freight Co.*, 882 F.2d at 801.

## II. Discussion

In the instant motion, Martin claims that Defendants interfered with his ability to copy documents, tampered with his mail, and that Defendants' actions are "unbecoming." (Doc. 45). For relief, Martin "seeks help or appointed counsel." (*Id.*). Martin has failed to satisfy the four factors to support granting a preliminary injunction.

With regard to the first factor, it is not likely that Martin will prevail on the merits of the claims. Martin's general allegations regarding the treatment of his mail are vague and nonspecific. He provides no specific facts or proof that his mail is being read by any particular unauthorized individual. *See* (Doc. 45) (stating that Defendants are "pos[s]ibly" destroying his mail). Nor does Martin state that any of the named Defendants were personally involved in the alleged mail tampering. As to his complaints that he was not permitted to copy non-legal documents, Martin has provided documentation that the denial was pursuant to official DOC policy. Martin has provided responses to his grievances wherein prison administrators explained that DOC policy states, "[t]he library will only

3

photocopy legal materials for inmates housed in the RHU." (Doc. 46-1, p. 4). Martin has thus failed to establish a reasonable likelihood of success on the merits to constitute an award of preliminary injunctive relief.

Regarding the second factor, Martin fails to explain how the alleged mail tampering and inability to photocopy non-legal documents will cause his case irreparable harm. Martin provides no direct relationship between the alleged individuals tampering with his mail, the inability to photocopy, and the harm to his case. Rather, he sets forth conclusory statements and speculation. Thus, the Court finds that Martin has not shown an immediate irreparable harm justifying a preliminary injunction.

The Court next considers the third and fourth factors. Granting injunctive relief in the instant action, which would effectively have the federal court making *ad hoc* and individual decisions concerning a single prisoner, could harm both the Defendants' and the public's interest. In the prison context, Defendants' interests and the public's interest in penological order could be adversely effected if the Court began dictating that one particular inmate could photocopy certain documents. Moreover, the Court declines to interfere with photocopying policy and mail opening process that occurs in prison. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and . . . whether granting the preliminary relief will be in the public interest," *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994), weighs against Martin in

this case.

## III. Conclusion

Based on the foregoing, Martin's motion for a preliminary injunction will be denied. A separate Order shall issue.

Date: August 30, 2017

Robert D. Mariani
United States District Judge