# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TYRONE MARTIN, | : | Civil No. 3:16-cv-2060 |
| --- | --- | --- |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| SECRETARY OF CORRECTIONS, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Tyrone Martin, ("Martin"), an inmate who, at all relevant times, was housed at the State Correctional Institution at Smithfield, Pennsylvania ("SCI-Smithfield"), initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are the Secretary of the Department of Corrections ("DOC"), Correct Care Solution, Kevin Barger, Samuel Bickel, Brent Dickson, William Dreibelbis, Bradd Fazenbaker, Susan Gaff, Ryan Kanagy, Kevin Kauffman, Matthew Morrison, Timothy Myers, John Neumann, and Melissa Ross. (Id.). Presently pending before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) by Defendant Ross. (Doc. 37). For the reasons set forth below, the Court will grant the motion to dismiss.

I. **Standard of Review**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their

2

veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II. Allegations of the Complaint[1]

Martin alleges that he was attacked by several correctional officers at SCI-Smithfield on May 5, 2015. (Doc. 1). The complaint asserts that Correct Care Solutions is an outside company that provides health care services to inmates and subcontracts work to other

---

[1] The Court only includes the allegations relevant to Defendant Ross.

3

medical providers. (Doc. 1, p. 3, ¶ 14; Doc. 1, pp. 5-6). As to Defendant Ross, Martin alleges the following:

> Melissa Ross is the x-ray technician who acted maliciously as she tried to cover up plaintiffs injuries caused by defendants . . . Although deliberate indifference is clear this defendants action remain just as serious if not worst that those who assaulted plaintiff. And of 5-7-15 defendants falsified documents creating a paper trail (exhibit 22) also see (566563-15) (Ex.3) and other medical records request slips attached. (sic)

(Doc. 1, p. 5, ¶ 12).

Martin further alleges that:

> Defendants 1, 2, 12 (Defendant Ross) and 13 along with Correct Care Solution worked collectively with their attempt to mask (hide) plaintiff injuries suffered at the hands of defendants . . . Plaintiff however provides incontrovertible evidence as proof to support claims. (See Exhibits 22, 23 and 25). (sic)

(Doc. 1, pp. 9-10).

## III. Discussion

### A. Federal Law Claims

#### 1. Defendant Ross will be Considered a State Actor

Defendant Ross seeks dismissal of all claims against her because she is a private individual, and thus she is not a state actor for purposes of 42 U.S.C. § 1983 liability.[2] (Doc. 38). Defendant Ross maintains that she is not employed by any state entity, as she is not

---

[2] Although Martin filed a brief in opposition to Defendant Ross' motion to dismiss, he fails to respond to Ross' argument that she cannot be held liable under 42 U.S.C. § 1983 because she is not a state actor. (*See* Doc. 44).

4

an employee of the prison or Correct Care Solutions. (Doc. 38, p. 1). Rather, she is employed by an outside mobile X-ray company that has a contract with Correct Care Solutions to provide X-ray services at the prison. (*Id.* at p. 2). The Court will deny the motion to dismiss Defendant Ross on state action grounds.

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A private party may be regarded as a "a federal actor. . . under one of three interrelated theories of government action: (i) the 'public function' test, (ii) the 'close nexus' test and (iii) the 'symbiotic relationship' test." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 801

(3d Cir. 2001). Under any test, "[t]he inquiry is fact-specific." *Groman v. Twp. of Manalapan,*. 47 F.3d 628, 638 (3d Cir.1995); *see also Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231, 234 (3d Cir. 2002). In making this very "fact-specific" state action determination "the focus of our inquiry is not on whether the state exercises control over a putative state actor as a general matter, but whether the state has exercised control over the particular conduct that gave rise to the plaintiff's alleged constitutional deprivation." *Kach v. Hose*, 589 F.3d 626, 649 (3d Cir. 2009).

Caselaw has helped to determine when private health care providers become state actors for purposes of § 1983. It is clear that private physicians who are contracted to provide health care services inside prison walls will be considered "state actors." In *West v. Adkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) the Supreme Court expressly extended § 1983 liability to private physicians who contract to provide medical services inside prisons. The *West* Court rejected a claim that this contractual relationship was insufficient to make the private doctors state actors, and held that:

> The fact that the State employed [the doctor] pursuant to a contractual arrangement that did not generate the same benefits or obligations applicable to other "state employees" does not alter the analysis. It is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State. Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship among the State, the physician, and the prisoner. Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to

6

> vindicate their Eighth Amendment rights. The State bore an affirmative
> obligation to provide adequate medical care to [the prisoner]; the State
> delegated that function to [a doctor]; and respondent [doctor] voluntarily
> assumed that obligation by contract.

*West*, 487 U.S. at 55-56.

Several courts have extended the *West* rationale beyond the confines of healthcare within prison walls to outside medical treatment of inmates by private physicians. Additionally, many courts have held that the issue of whether a private physician's actions amount to state action for purposes of 42 U.S.C. § 1983 liability may not be resolved on a motion to dismiss, but rather requires development of a factual record. *See, e.g., Rodriguez v. Plymouth Ambulance*, 577 F.3d 816 (7th Cir. 2009) (reversing screening dismissal of complaint on state action grounds and calling for factual development); *Tatsch-Corbin v. Feathers*, 561 F.Supp.2d 538 (W.D. Pa. 2008) (denying motion to dismiss private physician on state action grounds); *see also Kach*, 589 F.3d at 646 (noting that the state action inquiry is "factspecific").

Although Ross was employed by a private healthcare provider, she was providing services at a state prison within prison confines, and thus was acting under color of state law for the purposes of a § 1983 claim. *West*, 487 U.S. at 57. "A physician under contract . . . to provide medical services to prison inmates, but not employed directly by the state, acts under the color of state law when treating an inmate." *Conner v. Donnelly*, 42 F.3d 220, 224 (4th Cir. 1994), *citing West*, 487 U.S. at 54-57. "A direct employment relationship with

7

the state is not required to find that a physician who treated a prison inmate acted under color of state law." *Conner*, 42 F.3d at 224. Medical personnel "can treat a prisoner only with the state's authorization," as inmates are not entitled to secure their own medical care providers. *Conner*, 42 F.3d at 225. "It is [one's] . . . function with the state system, not the precise terms of . . . employment, that determines whether [one's] actions can be fairly attributed to the State." *West*, 487 U.S. at 55-56. Defendant Ross provided medical services, in the form of X-rays, to inmates at a state prison, regardless of the contractual nuances through which she came to work at the prison. Therefore, Defendant Ross can be deemed a state actor for purposes of 42 U.S.C. § 1983 and the motion to dismiss Defendant Ross on state action grounds will be denied.

### 2. *Eighth Amendment Claim*

The Court must next determine whether the factual allegations against Defendant Ross are sufficient to state a prima facie deliberate indifference claim. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). To establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical

8

need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Estelle*, 429 U.S. at 106; *Spruill v. Gillis*, 372 F.3d 218, 237 (3d Cir. 2004); *Monmouth Cty.*, 834 F.2d at 346.

Martin's allegations against Defendant Ross are insufficient to state an Eighth Amendment inadequate medical care claim. The only allegations against Defendant Ross pertain to her role as an X-ray technician, and a claim that she "tried to cover up" Martin's purported injuries, caused by other individuals, by only taking X-rays of certain parts of his skull. (Doc. 1, p. 5, ¶ 12). Martin appears to be dissatisfied with the number of X-rays performed and the angles of the X-ray images. (*See* Doc. 1). Although Martin may not be wholly satisfied with the X-rays performed at SCI-Smithfield, Defendant Ross' actions do not amount to deliberate indifference to a serious medical need. The Supreme Court found that

"the question of whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. The Court stated that "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . " *Id.* The allegations in Martin's complaint amount to nothing more than his subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. *See Carpenter v. Kloptoski*, No. 08-CV-2233, 2012 WL 983565, at *6 (M.D. Pa. Mar. 22, 2012) (citing *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990)) (observing that "a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference"). Claims of medical malpractice and disagreements as to the proper course of medical treatment simply do not suffice to satisfy the deliberate indifference standard. *See Monmouth Cty.*, 834 F.2d at 346. Based on the foregoing, the complaint fails to articulate a plausible Eighth Amendment claim against Defendant Ross.

### B. State Law Claims

Martins' state law claims will also be dismissed. A district court may decline to exercise supplemental jurisdiction over a state law claim or claims if the district court dismisses those claims over which it has original jurisdiction. Since the claims that form the basis of this Court's jurisdiction under 28 U.S.C. § 1331 will be dismissed, the Court declines to exercise supplemental jurisdiction.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing a complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court concludes that any amendment with respect to Defendant Ross would be futile.

## V. Conclusion

Based on the foregoing, Defendant Ross' motion (Doc. 37) to dismiss will be granted. A separate Order shall issue.

Dated: September 5, 2017

Robert D. Mariani
United States District Judge

11