# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE MARTIN,                          :        Civil No. 3:16-cv-2060
                                        :
        Plaintiff                      :        (Judge Mariani)
                                        :
        v.                             :
                                        :
SECRETARY OF CORRECTIONS, *et al.*, :
                                        :
        Defendants                     :

## MEMORANDUM

Plaintiff Tyrone Martin, ("Martin"), an inmate who, at all relevant times, was housed

at the State Correctional Institution at Smithfield, Pennsylvania ("SCI-Smithfield"), initiated

the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as

Defendants are Correct Care Solutions, LLC ("CCS"), Kevin Barger, Samuel Bickel, Brent

Dickson, William Dreibelbis, Bradd Fazenbaker, Susan Gaff, Ryan Kanagy, Kevin

Kauffman, Matthew Morrison, Timothy Myers, John Neumann, Melissa Ross[1], and the

Secretary of the Department of Corrections. (*Id.*). Presently pending before the Court is a

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant

Correct Care Solutions, LLC. (Doc. 18). For the reasons set forth below, the Court will

grant the motion to dismiss.

## I.    Standard of Review

---

[1]    The Court previously terminated Melissa Ross as a party to this action. (*See* Docs. 95, 96).

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a

2

plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II.     Allegations of the Complaint[2]

---

[2]     The Court primarily includes the allegations relevant to Defendant CCS.

Martin alleges that he was attacked by several correctional officers at SCI-Smithfield on May 5, 2015. (Doc. 1). Martin alleges that the officers punched and kicked him, and verbally assaulted him. (Doc. 1, pp. 3-5, ¶¶ 3-13). He alleges that various correctional officers failed to stop the assault, correctional officers carried him off of C-Block head first, and hit his head on the steel door frames. (*Id.*). Martin asserts that the correctional officers thereafter charged him with criminal assault as an attempt to shift blame. (*Id.*). He further alleges that correctional officers repeatedly opened his mail and "ma[y]be" copied it in violation of DC-ADM 803. (*Id.*).

The complaint asserts that Correct Care Solutions is an outside company that provides health care services to inmates and subcontracts work to other medical providers. (Doc. 1, p. 3, ¶ 14; Doc. 1, pp. 5-6). Martin alleges that CCS is responsible for the actions of the other Defendants, failed to investigate the alleged assault, and failed to take proper action to prevent deliberate indifference. (*Id.*).

## III.  Discussion

Defendant seeks dismissal of all claims against CCS based on Martin's failure to plead a policy, practice or custom of CCS authorized by a final policymaker of CCS. (Doc. 25). According to Martin, CCS is a private corporation that has been contracted to provide medical care to inmates at SCI-Smithfield. (Doc. 1). It is well-settled that "although a private corporation offering medical services to inmates cannot be held liable for an alleged

§ 1983 violation under a theory of *respondeat superior*, it can be held liable for a policy or custom that demonstrates deliberate indifference." *Francis v. Carroll*, 659 F. Supp. 2d 619, 625-26 (D. Del. 2009) (internal quotation marks omitted). *See Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658 (1978) (subjecting municipalities to liability for policies or customs that cause constitutional deprivations); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (applying *Monell* to a private company providing medical services to inmates); *Adonai-Adoni v. King*, 2009 WL 890683, at *2 (E.D. Pa. 2009) (noting that a private health care provider can only be liable under § 1983 if claim rests upon some policy, practice or custom); *see also Carpenter v. Kloptoski*, 2010 WL 891825, *8 (M.D. Pa. 2010) (holding that a § 1983 claim against a private medical service solely on the basis that it was responsible for providing health care is subject to dismissal). Thus, to prevail on a claim against CCS, Martin must establish the existence of a relevant policy or custom, and that the policy or custom at issue caused the constitutional violation he alleges. *See Natale*, 318 F.3d at 583-84.

Not all actions rise to the level of a custom or policy. *See Lee v. Abellos*, 2014 WL 7271363, at *9 (E.D. Pa. Dec. 19, 2014). A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." *Id.* (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996) (internal quotation marks omitted)). A custom is an act "that has not been formally

approved by an appropriate decisionmaker," but is "so widespread as to have the force of law." *Id.* (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997)).

An act of an individual government employee may be deemed the result of a policy or custom of the government entity in the following three situations: (1) where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy"; (2) where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself"; and, (3) where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." *Natale*, 318 F.3d at 584 (footnote, citations, and internal quotation marks omitted).

The only allegations against CCS are that "this Defendant remains responsible for the action of [the other defendants] and failed to investigate and take proper actions to prevent 'deliberate indifference.'" (Doc. 1, p. 6). Martin further sets forth a conclusory allegation that "CCS remains in charge of training all medical employees who have [a] practice [of] covering up injuries." (Doc. 22, p. 1). Viewing the facts in the light most

6

favorable to Martin, he has failed to "identify the challenged policy, attribute it to the [contracted medical services provider] itself, and show a causal link between execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984); *Natale*, 318 F.3d at 583-84. Moreover, Martin's claims against CCS premised upon *respondeat superior*, and his attempt to sue CCS simply as the entity responsible for providing health care to prison inmates, are insufficient to establish a § 1983 claim. Therefore, the claims against Defendant CCS will be dismissed.

## IV.    Leave to Amend

When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing a complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court will grant Martin the opportunity to amend his claims against Defendant Correct Care Solutions in an attempt to cure the deficiencies identified herein.

7

## V.     Conclusion

Based on the foregoing, the motion (Doc. 18) to dismiss by Defendant Correct Care

Solutions will be granted. A separate Order shall issue.

Dated: September ___14___, 2017

Robert D. Mariani
United States District Judge