IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE MARTIN, | Civil No. 3:16-cv-2060 |
| Plaintiff | (Judge Mariani) |
| v. | |
| SECRETARY OF CORRECTIONS, et al., | |
| Defendants | |

## MEMORANDUM

Plaintiff, Tyrone Martin, an inmate who, at all relevant times, was housed at the Smithfield State Correctional Institution, in Huntingdon, Pennsylvania ("SCI-Smithfield"), initiated the instant action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Superintendent Kauffman; Corrections Officers Myers, Kanagy, Dickson, Fazenbaker, Bickel, Barger, Gaff, and Morrison; Mailroom Supervisor Neumann; Corrections Health Care Administrator Dreibelbis; the Secretary of the Department of Corrections; X-ray Technician Ross[1]; and, Correct Care Solutions. (Id.). Plaintiff alleges that he received inadequate medical care while incarcerated at SCI-Smithfield. (Id.).

Presently pending before the Court is Martin's motion (Doc. 71) for preliminary injunction. For the following reasons, the Court will deny the motion for preliminary

---

[1] The Court previously terminated Melissa Ross as a party to this action. (See Docs. 95, 96).

injunction.[2]

I. **Standard of Review**

Inmate *pro se* pleadings which seek emergency relief in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction is an "extraordinary remedy" that should issue only in limited circumstances. *Rawls v. Pa. Dep't of Corr.*, 334 F. App'x 462, 464 (3d Cir. 2009).

In determining whether to grant a motion seeking preliminary injunctive relief, the court considers the following four factors: (1) the likelihood that the movant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)). The Third Circuit recently clarified this standard. *See Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017). As a threshold matter, the movant must establish the two "most critical" factors: likelihood of success on the merits and irreparable harm. *Id.* at 179. Under the first

---

[2] In response to Martin's motion for preliminary injunction, Defendant Correct Care Solutions argues that it is a private corporation contracted by the Pennsylvania Department of Corrections ("DOC") to provide medical staffing, and that CCS and its employees never handle inmate mail and have no authority over those who handle mail. (Doc. 75). The Court agrees, and finds that the motion for preliminary injunction does not contain any allegations regarding Correct Care Solutions. Consequently, the motion will be dismissed as to Defendant Correct Care Solutions.

factor, the movant must show that "it can win on the merits," which requires a showing that is "significantly better than negligible but not necessarily more likely than not." *Id.* Under the second factor, the movant must establish that it is "more likely than not" to suffer irreparable harm absent the requested relief. *Id.* Only if these "gateway factors" are satisfied may the court consider the third and fourth factors and "determine[] in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 176, 179.

## II. <u>Discussion</u>

In the instant motion, Martin claims that Defendants opened his legal mail in violation of DC-ADM 803. (Doc. 71). For relief, Martin requests an injunction ordering the Defendants to stop opening and copying his legal mail. (Doc. 71-1, at 1). Additionally, Martin seeks compensatory and punitive damages, and costs. (Doc. 71-1, at 2). The Court finds that Martin cannot meet the heavy burden of establishing that injunctive relief is warranted.

### A. Likelihood of Success on the Merits

Martin has failed to show a reasonable likelihood of success on the merits of his claims. Several courts have denied inmate requests for preliminary injunctions directing their jailers to allow them greater access to items that they consider legal materials. *See, e.g., Kerschner v. Mazurkewicz*, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of

prisoner motion for preliminary injunction seeking greater access to legal materials); *Edmonds v. Sobina*, 296 F. App'x 214, 216 n. 3 (3d Cir. 2008); *Clay v. Sobina*, 2007 WL 950384 (W.D. Pa. March 26, 2007).

Martin claims that his incoming mail, which he regarded as legal mail, was opened before it was delivered to him. However, an inmate does not have an automatic right to receive his mail unopened. Indeed, the Third Circuit Court of Appeals has expressly upheld the Pennsylvania Department of Corrections mail handling policy, which permits the opening of some inmate incoming mail, even if the inmate characterizes the mail as legal in nature. *See, e.g., Fontroy v. Beard*, 559 F.3d 173, 174 (3d Cir. 2009); *Nasir v. Morgan*, 350 F.3d 366, 368 (3d Cir. 2003). Therefore, any allegation that some of Martin's mail was opened, without more, does not establish a likelihood of success on the merits.

Furthermore, Martin has submitted a letter from Attorneys Alan S. Gold and Alexander R. Ferrante stating that they do not know why his mail is being opened. (Doc. 71, at 5). Attorney Gold, from the law firm of Gold & Ferrante, P.C., is representing Correct Care Solutions in this action. (Doc. 15). Attorneys Gold and Ferrante are not Martin's attorneys. Therefore, any mail sent to Martin by them is not privileged correspondence and does not have to be opened in Martin's presence or identified with a control number.

The DOC defines "Incoming Privileged Correspondence" as "[m]ail from an inmate's attorney that is either hand-delivered to the facility or identified with a control number

issued to the sender by the Department's Office of Chief Counsel or mail from a court." (Doc. 74-1, at 13, Glossary of Terms). A "Control Number" is defined as "[a] number obtained through the Department's Office of Chief Counsel authorizing an attorney or court to use the Department's system designed to ensure facility security as well as essential, confidential attorney-client communications." (Doc. 74-1, at 10, Glossary of Terms). Because Attorneys Gold and Ferrante are not Martin's attorneys, their communications to him are not attorney-client communications. Therefore, any mail sent to Martin by Attorneys Gold and Ferrante is not incoming privileged correspondence and does not have to be marked as legal mail with a control number.

Additionally, Martin has failed to demonstrate a likelihood of success on the merits of any access to the courts claim. In order to prove that he was denied access to the courts, an inmate must provide proof of an actual, concrete injury, in the form of direct prejudice to the plaintiff in the pursuit of some legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *Oliver v. Fauver*, 118 F.3d 175 (3d Cir.1997). Martin simply has not shown any actual, concrete injury to him in the litigation of a particular case, the essential prerequisite to this constitutional claim. Thus, Martin has not demonstrated a likelihood of success on this claim.

B.  **Irreparable Harm**

Irreparable injury is harm of such an irreversible character that prospective judgment

would be "inadequate" to make the moving party whole. See *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). An injunction will not issue "simply to eliminate a possibility of a remote future injury . . ." *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994) (citations omitted). Rather, the moving party must establish that the harm is imminent and probable. *Anderson*, 125 F.3d at 164.

Martin has failed to establish how the opening of his mail outside his presence will cause irreparable harm. Martin provides no direct relationship between the alleged individuals opening his mail and the harm to his case. Rather, he sets forth conclusory statements and speculation. Thus, the Court finds that Martin has failed to show that he will more likely than not suffer irreparable harm absent the requested relief.[3]

### III. Conclusion

Based on the foregoing, Martin's motion for preliminary injunction will be denied. A separate Order shall issue.

Date: February 15, 2018

Robert D. Mariani
United States District Judge

---

[3] Because Martin has not satisfied either of the gateway factors, the Court need not address either of the two remaining factors – the potential for harm to others if relief is granted and whether the public interest favors injunctive relief. *Reilly*, 858 F.3d at 176, 179.