# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE MARTIN, | Civil No. 3:16-cv-2060 |
| Plaintiff | (Judge Mariani) |
| v. | |
| SECRETARY OF CORRECTIONS, et al., | |
| Defendants | |

## MEMORANDUM

**I.   Background**

Plaintiff Tyrone Martin ("Martin"), an inmate who, at all relevant times, was housed at the State Correctional Institution at Smithfield, Pennsylvania ("SCI-Smithfield"), initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the complaint, Martin alleges that he was attacked by several correctional officers at SCI-Smithfield. (*Id.*). Previously by Memorandum and Order dated March 5, 2018, the Court granted in part and denied in part a motion for summary judgment filed by the Corrections Defendants. (Docs. 131, 132).

Presently before the Court are Martin's motions (Docs. 134, 135) for partial reconsideration of this Court's March 5, 2018 Memorandum and Order. Martin requests that the Court reconsider its decision dismissing the conspiracy claim. For the reasons set forth below, the Court will deny the motions for reconsideration.

## II. Standard of Review

Motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) serve primarily to correct analytical errors in a prior decision of the court. *See* FED. R. CIV. P. 59(e); *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003). Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of . . . [n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat. Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994) (citation omitted). Reconsideration of a judgment is an extraordinary remedy, and the Court grants such motions sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

## III. Discussion

In the instant motions for reconsideration, Martin requests that the Court reconsider its decision dismissing the conspiracy claim. A review of the Court's March 5, 2018

2

Memorandum dismissing the conspiracy claim reveals that the following was concluded:

> In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392, 400 (3d Cir. 2003). "Bare conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Flanagan v. Shively*, 783 F.Supp. 922, 928 (M.D. Pa. 1992). The plaintiff's allegations of a conspiracy "must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives." *Id.* A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991).
>
> In a conclusory fashion, Martin alleges that the Secretary of Corrections, Kauffman, Dreibelbis, Ross, and Correct Care Solutions "worked collectively" to "[]hide[] Plaintiff['s] injuries." (Doc. 1, p. 9). Martin has concluded that these Defendants conspired to hide his injuries, yet he has failed to allege any facts or produce any evidence showing an agreement or plan formulated and executed by these Defendants to achieve this conspiracy. (See Doc. 1). Martin cannot rely on unsupported claims of conspiracy. Without a factual showing which gives some substance to this conspiracy claim, Martin's conspiracy claim amounts to nothing more than mere conjecture and bare speculation. The law is clear that bare allegations of wrongdoing by a defendant, without any substantiating proof of an unlawful agreement, are insufficient to sustain a conspiracy claim. *See Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (holding that conspiracy claims which are based upon a *pro se* plaintiff's subjective suspicions and unsupported speculation are properly dismissed under § 1915(d)).
>
> Martin submitted three documents which he contends support his conspiracy claim. (Doc. 1, pp. 53-67). First, he references a Release from Responsibility for Medical Treatment showing that Martin refused to have his

3

injuries x-rayed on May 7, 2017. (*Id.* at p. 53). Second, Martin submitted a portion of Grievance Number 566563, filed on May 12, 2015, wherein he requested full facial x-rays, and Inmate Requests to Staff Member relating to facial x-rays. (*Id.* at pp. 54-64). On June 17, 2015, Facility Manager Kauffman responded to the grievance and noted that Martin received a full skull x-ray and that Martin had not complained of or demonstrated any injuries to the right side of his face during his medical appointment. (*Id.* at p. 59). Facility Manager Kauffman noted that medical staff repeatedly explained to Martin that the full skull x-ray encompassed the right side, which revealed no fractures. (*Id.*). Third, Martin submitted the Initial Review Response to Grievance Number 573571, wherein he complained about the actions of an unnamed nurse who is not a party to this action. (*Id.* at pp. 66- 67). These documents fail to reasonably suggest the presence of an agreement or concerted activity between the Secretary of Corrections, Kauffman, and Dreibelbis.

The Court finds that Martin failed to plead facts which would reveal the existence of an agreement designed to deny his constitutional rights. *See Hodge v. United States*, 2009 WL 2843332, *11 (M.D. Pa. 2009) (dismissing plaintiff's "broad" conspiracy claim because "he does not aver facts sufficient to establish an agreement between the individual defendants to deprive plaintiff of his rights or from which such an agreement could reasonably be inferred"). Consequently, the Corrections Defendants' motion will be granted on this ground.

(Doc. 131, pp. 12-15) (footnote omitted).

Martin's motions for reconsideration fail to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. Martin argues that he "believed the Court would understand his argument as to Kevin Kauffman and the Secretary of Corrections. Those Defendants were well aware of what was to come (suit) and there [sic] attempts to cover up the excessive use of force started at the top and quickly spread out."

4

(Doc. 135, p. 1). Martin has again concluded that these Defendants entered into a conspiracy, however he has failed to allege any facts or produce any new evidence showing an agreement or plan formulated and executed by these Defendants to achieve any conspiracy. Martin submitted email communications indicating that video footage of the alleged incident was preserved. (Doc. 135, pp. 9-13). These documents do not reveal the presence of an agreement or concerted activity between Kauffman and the Secretary of Corrections. Martin's request for reconsideration is nothing more than an attempt to relitigate matters already considered and disposed of by this Court. Martin's motions do not offer any new information or facts which would change the result of this Court's Order. Furthermore, Martin does not establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Thus, the Court finds that its March 5, 2018 decision is not troubled by manifest errors of law or fact and Martin has not presented anything new, which if previously presented, might have affected the Court's decision. Consequently, the motions for reconsideration will be denied.

A separate Order shall issue.

Date: January 18, 2019

Robert D. Mariani
United States District Judge