IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE MARTIN,                              :        Civil No. 3:16-cv-2060
                                            :
                 Plaintiff                  :        (Judge Mariani)
                                            :
        v.                                  :
                                            :
SECRETARY OF CORRECTIONS, et al., :
                                            :
                 Defendants                 :

## MEMORANDUM

Plaintiff Tyrone Martin ("Martin"), an inmate who was housed at all relevant times at

the State Correctional Institution, Smithfield, Pennsylvania, initiated this action pursuant to

42 U.S.C. § 1983.  (Doc. 1).  Presently pending before the Court is Martin's motion (Doc.

244) for reconsideration of this Court's March 4, 2021 Memorandum and Order (Docs. 241,

242), granting Defendants' motion for summary judgment.  For the reasons set forth below,

the Court will deny Martin's motion.

## I.   Legal Standard

A motion for reconsideration is a device of limited utility. Its purpose is to correct

manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v.*

*Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration

must demonstrate at least one of the following grounds: (1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court

entered judgment; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)

(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

      A motion for reconsideration is appropriate in instances where the court has "patently

misunderstood a party, or has made a decision outside the adversarial issues presented to

the Court by the parties, or has made an error not of reasoning but of apprehension."

*Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in*

*part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above*

*the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  "A motion

for reconsideration is not to be used as a means to reargue matters already argued and

disposed of . . . [n]or is it to be used to put forth additional arguments which could have

been made but which the party neglected to make before judgment."  *Waye v. First Citizen's*

*Nat. Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994) (citation omitted).  Reconsideration of a

judgment is an extraordinary remedy, and the court grants such motions sparingly.  *D'Angio*

*v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

**II.**    ***Discussion***

      Martin sets forth the following arguments in support of reconsideration: (1) refusing

an order warrants a DC141 misconduct, and a show of force was not necessary; (2)

Defendant Myers is no longer a correctional officer due to his "anger/communication skills"

and has a smaller inmate group; (3) none of the Defendants were transported to a hospital

after the altercation, and any documents indicating that the Defendants were treated at a

hospital were falsified documents; (4) Defendant Dickson did not injure his hand during the altercation; (5) Martin did not kick Defendant Fazenbaker; (6) Defendant Bickel stabbed Martin with an unidentified object; and, (7) the four assault charges against Martin were dropped to four harassment charges, and he was found guilty of two of the harassment charges.  (Docs. 244, 247).

In the March 4, 2021 Memorandum and Order, the Court found, *inter alia*, that with respect to facts surrounding the May 5, 2015 incident, the evidence failed to support Martin's claim of excessive use of force against Defendants Myers, Kanagy, and Dickson. The Court found that it was undisputed that Martin disobeyed direct orders and acted aggressively, and, in response to Martin's behavior, Defendants took Martin to the ground to gain control of him.  It was also undisputed that a fight ensued, resulting in injuries to Martin and the correctional officers, and that staff placed Martin in restraints and escorted him off the housing block to avoid any further disruption to the safety of staff or the security of the cell block.  Martin then received immediate medical attention.  The Court thus found that Defendants applied force in a good-faith effort to maintain or restore discipline and not maliciously and sadistically for the very purpose of causing Martin harm, who was noncompliant and aggressive.  The Court then granted judgment in favor of Defendants Myers, Kanagy, and Dickson with respect to the excessive force claim.

The Court next found that Defendants Myers, Fazenbaker, Bickel, and Morrison did not act maliciously or sadistically to cause harm to Martin.  The officers needed to remove

Martin from the housing block and transport him to the medical department.  During this transport, the officers realized Martin was continuing to struggle.  The video evidence, along with the other evidence of record, revealed that they placed him on the ground and waited for a restraint chair.  The Court observed that the handheld video footage and closed-circuit video footage showed that the force used in taking Martin to the ground and placing him in a restraint chair was justified and adequately tempered in order to retain control over him.  As such, the Court granted summary judgment in favor of Defendants Myers, Fazenbaker, Bickel, and Morrison.

Martin fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, but, instead, simply disagrees with the Court's decision and reargues matters already disposed of by the Court.  The Court finds that its previous Memorandum and Order is not troubled by manifest errors of law or fact and Martin has not presented any new evidence, which if previously presented, might have affected the decision.

## III.   Conclusion

The Court concludes that Martin has failed to set forth any facts warranting reconsideration of its March 4, 2021 Memorandum and Order.  The Court will deny Martin's motion (Doc. 244) for reconsideration.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April ____, 2021