# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE MARTIN, | Civil No. 3:16-cv-2060 |
| Plaintiff | (Judge Mariani) |
| v. | |
| SECRETARY OF CORRECTIONS, et al., | |
| Defendants | |

## MEMORANDUM

### I. Background

Plaintiff Tyrone Martin ("Martin"), an inmate who was housed at all relevant times at the State Correctional Institution, Smithfield, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The Court has entered a Scheduling Order setting this case for jury selection and trial on April 24, 2023. (Doc. 280). Before the Court are Martin's requests for subpoenas. (Docs. 271, 272).

### II. Discussion

Martin seeks subpoenas for eleven potential witnesses to appear at trial and provide testimony. (Docs. 271, 272). He names the following potential witnesses: Dr. Zappa, Lt. Berry, Melissa Payne, Paula Brindle, Bobby K. Williamson (DQ 9200), Lt. G. Allison, Kevin Kauffman, Lt. R. Abrashoff, Robert Wade, Rich Kustenbauder, and Marianne Sawicki. (Id.). The requests are very general. They list the names of the eleven potential witnesses but offer no other information to explain where these witnesses might be located, what they are

expected to say if they are called to testify at trial, or how their testimony may be relevant to the claims in this case.

Also absent from Martin's requests is an acknowledgment that he is required under federal law to bear the costs associated with the subpoenas, including the witness fees prescribed by 18 U.S.C. § 1821. Martin, who is proceeding *in forma pauperis*, does not indicate whether he has the financial resources to pay the required witness fees. The Court is committed to providing all parties a fair trial and a full opportunity to present their cases, but upon consideration of this specific request, Martin's request for subpoenas will be denied at this time since he has not demonstrated that he has the ability to pay for the expenses of non-party, non-incarcerated witnesses who he expects to testify at trial. Federal law provides that non-incarcerated witnesses are entitled to, *inter alia*, per diem fees and other expenses. *See* 28 U.S.C. § 1821; *see also* 28 U.S.C. § 1821(f) (providing that witnesses who are incarcerated may not receive fees or allowances under the statute). Generally, therefore, plaintiffs—including those proceeding *in forma pauperis*—are required to pay the fees and costs for non-incarcerated witnesses who are subpoenaed to testify at deposition or trial. *See Jacobs v. Heck*, 364 F. App'x 744, 748 (3d Cir. 2010) (nonprecedential) (court did not err in holding that inmate must pay the fees and costs for any prison official he wished to subpoena for trial); *Hill v. Lappin*, No. 3:11-CV-1609, 2020 WL 708927, at *3 (M.D. Pa. Feb. 12, 2020) (denying request for subpoenas because indigent prisoner had "not demonstrated that he has the means to pay all costs associated

with a witness's appearance"); *see also Canady v. Kreider*, 892 F. Supp. 668, 670 (M.D. Pa. 1995) (finding no statutory provision authorizing a federal court to waive or finance the payment of witness fees required by 28 U.S.C. § 1821(a) and holding that "a litigant proceeding *in forma pauperis* is required to tender witness fees as provided in § 1821 to effect service of subpoenas under Rule 45(b)(1)"). Accordingly, courts will typically require plaintiffs, such as Martin, to demonstrate that they have the ability to pay these fees and expenses prior to authorizing the issuance of a subpoena that commands a witness to appear. While Martin seeks to call as a witness Bobby K. Williamson, an incarcerated, fellow inmate, he has provided no information as to how his testimony would be relevant to the claims in this case.

Martin's requests for subpoenas will be denied without prejudice. The Court will revisit this ruling should Martin make a sufficient showing of the financial ability to pay the witness fees or provide a sufficient proffer of the relevance of these witnesses' testimony to the remaining issues in this case. The Court notes that some of the witnesses sought by Martin are prison staff and the Defendants intend to call one of Martin's requested witnesses, Gary Allison, at trial. (*See* Doc. 278). The Court requests that defense counsel determine whether any of the additional individuals requested by Martin would potentially be voluntarily made available to testify at trial.

## III. Conclusion

In accordance with the above discussion, Martin's requests (Docs. 271, 272) for subpoenas will be denied without prejudice. A separate Order shall issue.

*Robert D. Mariani*
United States District Judge

Dated: December 19, 2022