IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE MARTIN, | : | Civil No. 3:16-cv-2060 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| SECRETARY OF CORRECTIONS, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I.  Background

Plaintiff Tyrone Martin ("Martin"), an inmate who was housed at all relevant times at the State Correctional Institution, Smithfield, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). This action is scheduled to be tried before a jury on April 24, 2023. (Doc. 280). Before the Court are Martin's second requests for issuance of subpoenas. (Docs. 286, 287). For the reasons set forth below, the requests will be denied.

### II.  Discussion

Martin seeks subpoenas for nine potential witnesses to appear at trial and provide testimony. (Docs. 286, 287). He names the following potential witnesses: Marianne Sawicki, Robert Wade, Kevin Kauffman, Richard Kustenbauder, Gary Allison, Melissa Payne, Paula Brindle, inmate Bobby K. Williamson (DQ 9200), and inmate Justin Carter (HE 1640).

The Federal Rules of Civil Procedure provide that a subpoena commanding a person to attend a trial may only be issued "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transactions business in person" if the person is a party or party's officer or "is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1)(A)-(B). Martin asserts that Marianne Sawicki, Robert Wade, Kevin Kauffman, Richard Kustenbauder, Gary Allison, Melissa Payne, and Paula Brindle are located in Huntingdon, Pennsylvania, more than 100 miles from this Court. Even if the Court were to grant Martin's request to issue subpoenas to have these individuals appear as witnesses at trial, Martin has not demonstrated that he has the means to pay all costs associated with their appearance.[1] See FED. R. CIV. P. 45(b)(1); see also 28 U.S.C. § 1821(b), (c)(1); Jacobs v. Heck, 364 F. App'x 744, 748 (3d Cir. 2010) (nonprecedential) (court did not err in holding that inmate must pay the fees and costs for any prison official he wished to subpoena for trial); Hill v. Lappin, No. 3:11-CV-1609, 2020 WL 708927, at *3 (M.D. Pa. Feb. 12, 2020) (denying request for subpoenas because indigent prisoner had "not demonstrated that he has the means to pay all costs associated with a witness's appearance"). Accordingly, the Court will deny Martin's requests for subpoenas. Moreover, Martin acknowledges that Defendants will already be presenting three of his potential

---

[1] Although Martin states that he has approximately $200.00 in his inmate account, he has not provided the Court with a certified prisoner trust fund account statement to verify the balance in his prison account.

witnesses at trial—Gary Allison, Melissa Payne, and Paula Brindle. (*See* Doc. 274, pp. 6-7). Therefore, there is no need to issue subpoenas compelling their attendance at trial.

Martin also seeks to call as witnesses Bobby K. Williamson and Justin Carter, incarcerated inmates. Because Martin's submissions explain the anticipated testimony of witnesses Williamson and Carter, and because that testimony is likely to have relevance to the claims, the Court will direct the Courtroom Deputy to make arrangements for their participation, via video.

## III. Conclusion

In accordance with the above discussion, Martin's requests (Docs. 286, 287) for subpoenas will be denied. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April 5, 2023